UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA BELLE and
KAREN MUNTU,

Plaintiffs,

v.

COUNTY OF WAYNE, *et al.*,

Defendants.
_________________________________/

Case No. 2:26-cv-11509

District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR AN ORDER DIRECTING SERVICE OF PROCESS BY THE USMS UPON DEFENDANTS MONIQUE SHARPE AND ADAM SABREE (ECF No. 28)**

Plaintiffs, who are proceeding *in pro per*, name 13 Defendants (*id.*, ¶¶ 13-25), of which only four have appeared. As to the nine yet-to-appear Defendants, the Court's September 3, 2026 order permits Plaintiffs up to and including Monday, October 19, 2026 by which to complete service. (ECF No. 24.) (*See also* Fed. R. Civ. P. 6(a)(1)(C).)

Judge Goldsmith has referred this case to me for all pretrial matters. (ECF No. 25.) Currently before the Court is Plaintiffs' September 17, 2026 motion for an order directing service of process by the U.S. Marshals Service (USMS) upon 36th District Court Judges Monique Sharpe and Adam Sabree. (ECF No. 28.) Plaintiffs contend that they "have been unable to secure reliable private process

service on these two defendants because the private process servers Plaintiff has contacted have expressed reluctance to personally serve sitting judicial officers, citing concern about professional retaliation against them or their business within the local court system where they regularly work." (ECF No. 28, PageID.365 ¶ 3.) Plaintiffs also contend that "[t]his reluctance has left [them] without a practical private means of completing service on these two defendants as the October 18, 2026 deadline approaches." (*Id.*)

The Federal Rules of Civil Procedure provide, in pertinent part: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3). Although Plaintiffs sought to proceed *in forma pauperis* (*see* ECF Nos. 2, 5, 6), the Court denied these requests (ECF No. 14), and the filing fee was received on July 30, 2026. As one court has explained:

> The Court is not required to order the [USMS] to serve the defendants in this action because plaintiff is not proceeding *in forma pauperis*. In exercising its discretionary authority under Fed. R. Civ. P. 4(c)(3), the Court should consider whether there is a sufficient reason to burden the [USMS] with serving summons for plaintiff, a private litigant who has paid the filing fee to institute this lawsuit.

*Syswerda v. Mnuchin*, No. 1:20-CV-471, 2020 WL 12746030, at *1 (W.D. Mich. June 5, 2020). *See also King v. Jex*, No. 4:25-CV-10277, 2025 WL 4739809, at *1

(E.D. Mich. Feb. 4, 2025) (Altman, M.J.) (quoting *Syswerda* and denying without prejudice plaintiff's motion for service by the USMS); *Rosas v. Michigan Dep't of Health & Hum. Servs.*, No. 1:24-CV-11400, 2024 WL 3997046, at *1 (E.D. Mich. Aug. 29, 2024) (Morris, M.J.) (quoting *Syswerda* and granting plaintiff's motion for service by the USMS).

Upon consideration, Plaintiffs' motion (ECF No. 28) is **DENIED WITHOUT PREJUDICE**. Even though Plaintiffs have offered "to submit the required Forms USM-285 and pay the applicable statutory fees under 28 U.S.C. § 1921 and 28 C.F.R. § 0.114 to effectuate such service[,]" (ECF No. 28, ¶ 8), Plaintiffs also acknowledge that their prior attempt to serve Judge Sharpe "was not sent restricted delivery," (*id.*, ¶ 4). (*See also* ECF No. 20; https://tools.usps.com/tracking/9589071052703677632540.) Indeed, the Michigan Court Rule governing service of process provides: "Process may be served on a resident or nonresident individual by (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery *restricted to the addressee*[,]" in which case "[s]ervice is made when the defendant acknowledges receipt of the mail." M.C.R. 2.105(A) (emphasis added). Moreover, Plaintiffs represent that Judge A. Sabree "has not yet been served . . . ." (ECF No. 28, ¶ 5.)

Should Plaintiffs' find unsuccessful their efforts to serve Judges Sharpe and A. Sabree via delivery restricted to the addressee, then Plaintiffs may renew their requests for USMS assistance and/or "a brief additional extension of time to complete service on these two defendants . . . ." (ECF No. 28, ¶¶ 8, 9.)

**IT IS SO ORDERED.**[1]



Dated: October 6, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).