UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA BELLE, and KAREN MUNTU,

Plaintiffs,

V

WAYNE COUNTY, a municipal entity; CITY OF DETROIT, a municipal entity; CATHY M. GARRETT, in her individual and official capacity as Wayne County Clerk; ERIC SABREE, in his individual and official capacity as Wayne County Treasurer; ADAM SABREE, in his individual capacity as Judge, 36th District Court; KEITH WILLIAMS, in his individual capacity; TROTT LAW, P.C., a Michigan professional corporation; U.S. DEPARTMENT OF VETERANS AFFAIRS; EVERGREEN HEALTH & LIVING CENTER, a nursing facility in Southfield, Michigan; CHERYL MOORE, M.D., in her individual capacity; RAMIN RAFIE, M.D., in his individual capacity; and MONIQUE SHARPE, in her individual capacity as Judge, 36th District Court; and JANICE WINFREY, in her individual and official capacity as Detroit City Clerk,

Defendants.

Case No. 2:26-cv-11509
Hon. Mark A. Goldsmith

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6).**

***ORAL ARGUMENT REQUESTED***

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

ANITA BELLE and KAREN MUNTU
In pro per
18437 Pennington Dr.
Detroit, MI 48221
(718) 916-6194
kbmuntu@yahoo.com

GABE SYBESMA (P66632)
STEVE N. CHEOLAS (P32178)
Kitch Attorneys and Counselors, PC
Attorneys for Def. Evergreen
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900
gabe.sybesma@kitch.com

**DEFENDANT EVERGREEN'S MOTION TO DISMISS IN LIEU OF AN ANSWER PURSUANT TO FED. R. CIV. P. 12(b)(6)., BRIEF IN SUPPORT, EXHIBITS, AND CERTIFICATE OF SERVICE**

NOW COMES the Defendant, EVERGREEN HEALTH AND REHABILITATION CENTER, LLC, by and through its attorneys, KITCH ATTORNEYS AND COUNSELORS, PC, and for its Motion To Dismiss In Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

1. This is an action in which Plaintiffs, Anita Belle and Karen Muntu, allege that after each of their parents died, material facts relating to the cause and circumstances of death were omitted, obscured, or withheld in ways that foreclosed accountability and weakened Plaintiffs' ability to preserve the family estate.

## I. UNAUTHORIZED PRACTICE OF LAW

2. Plaintiffs have filed this action in their individual capacities on behalf of their parents, Hugh Belle and Thelma Belle.

3. Plaintiffs are not barred to practice law in the State of Michigan in any capacity, let alone in Federal Court in the Eastern District of Michigan.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485

(313) 965-7900

4. Plaintiffs are in violation of Mich. Comp. Laws § 600.916 as they are unauthorized to practice law.

**II. COUNTS I, III, AND VII – STATE ACTOR**

5. Plaintiffs have alleged that Defendant, Evergreen has violated 42 U.S.C § 1985(3) (conspiracy to deprive civil rights), 42 U.S.C § 1983 (fourteenth amendment due process), and 42 U.S.C § 1985(3) (civil conspiracy).

6. Plaintiffs have failed to make a showing on any of the three federal claims. Further, Evergreen is not a state actor subject to scrutiny under the federal claims.

**III. COUNT IV – DECLARATORY JUDGMENT**

7. Despite Plaintiffs arbitrary notation that Count IV applies to all defendants, Defendant, Evergreen – a nursing facility – had no involvement in any real property owned by Plaintiffs' parents.

8. Plaintiffs failed to allege Evergreen's involvement in issues related to real property.

**IV. COUNT VI – MEIDICAL MALPRACTICE**

9. Plaintiffs also insufficiently alleged "wrongful death, medical negligence, and material omission of immediate cause of death" pursuant to Mich. Comp. Laws § 600.2922.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

10. Plaintiffs did not serve a Notice of Intent consistent with Mich. Comp. Laws § 600.2912b, nor did they file an Affidavit of Merit pursuant to Mich. Comp. Laws § 600.2912d.

11. Plaintiffs' state law claim of medical malpractice must be dismissed because Plaintiffs have failed to comply with tort reform requirements.

12. This Court should grant Defendant Evergreen's Motion To Dismiss In Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6) as Evergreen is not a state actor, is not related to the declaratory judgment claims, and because Plaintiffs have failed to comply with tort reform requirements and are engaging in the unauthorized practice of law.

13. On October 8, 2026, pursuant to Local Court Rule 7.1, counsel for Defendant Evergreen sought concurrence from Plaintiffs to dismiss any and all claims alleged in the complaint against this Defendant. Defendant has not received a response from Plaintiffs.

WHEREFORE, Defendant EVERGREEN HEALTH AND REHABILITATION CENTER, LLC, respectfully requests that this Honorable Court grant Defendant's Motion To Dismiss In Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6).

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485
(313) 965-7900

Respectfully Submitted,

*/s/ Steve Cheolas*

_______________________________

GABE SYBESMA (P66632)
STEVE N. CHEOLAS (P32178)
Kitch Attorneys and Counselors, PC
Attorneys for Def. Evergreen
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900
gabe.sybesma@kitch.com

Dated: October 8, 2026

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900



DET02:4774715.v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA BELLE, and KAREN MUNTU,

Plaintiffs,

V

WAYNE COUNTY, a municipal entity; CITY OF DETROIT, a municipal entity; CATHY M. GARRETT, in her individual and official capacity as Wayne County Clerk; ERIC SABREE, in his individual and official capacity as Wayne County Treasurer; ADAM SABREE, in his individual capacity as Judge, 36th District Court; KEITH WILLIAMS, in his individual capacity; TROTT LAW, P.C., a Michigan professional corporation; U.S. DEPARTMENT OF VETERANS AFFAIRS; EVERGREEN HEALTH & LIVING CENTER, a nursing facility in Southfield, Michigan; CHERYL MOORE, M.D., in her individual capacity; RAMIN RAFIE, M.D., in his individual capacity; and MONIQUE SHARPE, in her individual capacity as Judge, 36th District Court; and JANICE WINFREY, in her individual and official capacity as Detroit City Clerk,

Defendants.

Case No. 2:26-cv-11509
Hon. Mark A. Goldsmith

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6).**

***ORAL ARGUMENT REQUESTED***

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

ANITA BELLE and KAREN MUNTU
In pro per
18437 Pennington Dr.
Detroit, MI 48221
(718) 916-6194
kbmuntu@yahoo.com

GABE SYBESMA (P66632)
STEVE N. CHEOLAS (P32178)
Kitch Attorneys and Counselors, PC
Attorneys for Def. Evergreen
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900
gabe.sybesma@kitch.com

**BRIEF IN SUPPORT OF MOTION TO DISMISS IN LIEU OF AN ANSWER PURSUANT TO FED. R. CIV. P. 12(B)(6)BY DEFENDANT EVERGREEN HEALTH AND REHABILITATION CENTER, LLC**

## TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUE PRESENTED .................................. 6

MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT............. 7

STATEMENT OF FACTS ........................................................................... 7

Underlying Facts As Alleged By Plaintiff .................................................... 8

STANDARD OF REVIEW .......................................................................... 9

ARGUMENT .............................................................................................. 10

A. Unauthorized Practice of Law: Entire Action Should Be Dismissed .... 10

B. Counts I, III, AND VII: 42 U.S.C § 1985(3) (conspiracy to deprive civil rights) and, 42 U.S.C § 1983 (fourteenth amendment due process) Should Be Dismissed............................................................................................ 12

C. Count IV: Declaratory Judgement (28 U.S.C 2201) Should Be Dismissed ............................................................................................................ 15

D. Count VI: Medical Negligence/Malpractice Should Be Dismissed ...... 17

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485
(313) 965-7900

CONCLUSION AND RELIEF SOUGHT ........................................................ 19

## CONCISE STATEMENT OF ISSUE PRESENTED

**I. DISMISSAL IS PROPER AS TO ALL OF PLAINTIFFS' CLAIMS WHERE PLAINTIFFS FAILED TO COME FORWARD WITH EVIDENCE TO ESTABLISH A GENUINE ISSUE OF MATERIAL FACT AS TO ANY OF PLAINTIFFS' CLAIMS.**

## MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

**CASES**

*Shenkman v Bragman*, 261 Mich App 412 (2004)

*West v. Atkins*, 487 U.S. 42, 48 (1988)

*Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001)

*Guertin v. Michigan*, 912 F.3d 907, 918 (6th Cir. 2019)

*Flagg Bros, Inc v Brooks, 436 US 149; 98 S Ct 1729; 56 L Ed 2d 185 (1978)*

*Western World Ins Co v Hoey*, 773 F3d 755 (CA 6, 2014)

*Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004)

*Ligons v Crittenton Hosp*, 490 Mich 61; 803 NW2d 271 (2011)

*Wischmeyer v Schanz*, 449 Mich 469; 536 NW2d 760 (1995)

**STATUTES AND COURT RULES**

Mich. Comp. Laws § 600.916

42 U.S.C. §1983

28 U.S.C. § 2201

Mich. Comp. Laws § 600.2912b

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

Mich. Comp. Laws § 600.2912d

## STATEMENT OF FACTS

Plaintiffs allege this is a civil rights action arising from a "coordinated pattern of governmental, institutional, and medical acts and omissions that deprived Plaintiffs of their family home, their inheritance, their legal remedies, and their constitutional rights". **(complaint, Exhibit A)**.

### Underlying Facts As Alleged By Plaintiffs

According to the Complaint, Plaintiffs allege that their father, Hugh Belle, fell while at the Wayne County Treasurer's office and required a hip surgery on November 4, 2019 and died on December 10, 2019 from complications that arose after the fall. The cause of death was listed as prostate cancer. Plaintiffs allege that the certifying physician omitted the fall as a cause of death essentially obstructing the visibility of a wrongful death claim against Wayne County.

Plaintiffs then allege that their mother, Thelma Belle, was admitted to Evergreen Health and Rehabilitation Center on June 1, 2021 after an admission at Beaumont Hospital for treatment for COVID-19, a stroke, and cardiovascular issues. Thelma suffered a heart attack the following day and passed away.

In sum, Plaintiffs have alleged the following:

1. Conspiracy to deprive Plaintiffs – as African American women – of their civil rights with respect to omission of material causes of death on Hugh Belle's

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

death certificate, denying and obstructing access to public records, and conducting a foreclosure against persons with no legal title, failing to notify the actual title holders, assigning the eviction matter to a conflicted judge, accepting an unauthorized judicial reassignment, and conducting an unrecorded judicial proceeding while a disqualification motion was pending;

2. Deprivation of property without due process regarding the real property located at 18437 Pennington Dr, Detroit, MI 48221; and

3. Wrongful death alleging that Evergreen failed to timely secure a medical history.

Plaintiffs are seeking relief as improper in pro per plaintiffs for federal claims against a non-state actor, Defendant Evergreen.

**STANDARD OF REVIEW**

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v Iqbal*, 556 US 662; 129 S Ct 1937; 173 L Ed 2d 868 (2009); *Bell Atlantic Corp v Twombly*, 550 US 544; 127 S Ct 1955; 167 L Ed 2d 929 (2007).

Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
One Woodward Avenue,
Suite 2400
Detroit, Michigan
48226-5485
(313) 965-7900

theories." *Caltex Plastics, Inc v Lockheed Martin Corp*, 824 F3d 1156 (CA 9, 2016); *Evox Productions, LLC v LKQ Corp*, ___F Supp 3d___; 2025 U.S. Dist. LEXIS 184746, at *3 (CD Cal, Sep. 19, 2025).

A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Indep Trust Corp v Stewart Info Servs Corp*, 665 F3d 930, 935 (CA 7, 2012). The assumption of truth does not apply to legal conclusions, "naked assertions" devoid of factual enhancement, or a formulaic recitation of the elements of a cause of action. *Francis v Giacomelli*, 588 F3d 186, 193 (CA 4, 2009). If the well-pleaded facts permit the court to infer only the mere possibility of misconduct, the complaint has failed to show entitlement to relief under Rule 8. *Id*.

## ARGUMENT

### A. THIS COURT SHOULD DISMISS PLAINTIFFS' CAUSE OF ACTION WHERE PLAINTIFF MAY NOT ENGAGE IN UNAUTHORIZED PRACTICE OF LAW.

It is well established that a person may not legally represent another person in legal proceedings unless licensed to practice law. Mich. Comp. Laws § 600.916(1) provides as follows:

> (1) A person shall not practice law or engage in the law business, shall not in any manner whatsoever lead others to believe that he or she is authorized to practice law or to engage in the law business, and shall not in any manner whatsoever represent or designate himself or herself as an attorney and counselor, attorney at law, or lawyer, unless the person is regularly licensed and authorized to practice law in this state.

Kitch Drutchas Wagner Valitutti & Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE, SUITE 2400
DETROIT, MICHIGAN 48226-5485
(313) 965-7900

> A person who violates this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law. This section does not apply to a person who is duly licensed and authorized to practice law in another state while temporarily in this state and engaged in a particular matter.

An exception to this rule is that an individual can represent him/herself in a cause of action as a *pro per* litigant. See Article 1, § 13 of the Michigan Constitution (allowing a party to proceed *in propria persona* without an attorney).

In *Shenkman v Bragman*, 261 Mich App 412 (2004), the plaintiff filed a wrongful death action against the defendant-physician as the personal representative of his grandfather's estate. The plaintiff did so without retaining counsel. The lower court dismissed the action without prejudice, concluding that the plaintiff personal representative was engaged in the unauthorized practice of law. The Court of Appeals affirmed. The Court of Appeals held that because the wrongful death act provides that a wrongful death action must "be brought by, and in the name of, the personal representative of the estate of the deceased person," a personal representative "is a separate entity from the estate served and that the estate, not the personal representative, remains 'the real party in interest . . . for whose benefit the action is brought.'" *Id.* at 416. The Court held that because the estate is the "real party in interest," the personal representative is "not the true plaintiff," and therefore is "not representing himself in this litigation," but rather engaged in the unauthorized practice of law, as follows:

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

> And this presents the fatal flaw in appellant's argument. That argument is premised on his constitutional right as a nonlawyer to represent himself "in his own proper person . . . ." Const 1963, art 1, § 13. We acknowledge that right. However, under the statute as we analyze it, appellant is not the true plaintiff here; the estate is. Appellant is not, in other words, representing himself in this litigation. Instead, he is representing a client, the estate. Thus, he is engaged in the unauthorized practice of law. MCL 600.916. The trial court did not err in so concluding. *[Id*. at 416 (emphasis added).]

Here, Plaintiffs have filed in their individual capacities for issues relating to their parents. They have not filed in pro per as personal representatives. Therefore, their appearances must be considered unauthorized practice of law and their action should be dismissed.

**B. THIS COURT SHOULD DISMISS PLAINTIFFS' CLAIMS REGARDING CONSPIRACY AND DUE PROCESS AS EVERGREEN IS NOT A STATE ACTOR.**

It appears that Plaintiffs are claiming a violation of the Fourteenth Amendment through 42 U.S.C. §1983. To prove a claim under 42 U.S.C. §1983, a plaintiff must establish two essential elements: (1) deprivation of a right secured by the Constitution or laws of the United States, (2) caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). If a plaintiff fails to make a showing on either essential element of a § 1983 claim, it must fail. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

**1. Plaintiff has not established a violation of a secured right.**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

The Fourteenth Amendment provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1.

Substantive due process protects against "arbitrary and capricious government action that 'shocks the conscience and violates the decencies of civilized conduct.'" *Guertin v. Michigan*, 912 F.3d 907, 918 (6th Cir. 2019) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)).

With respect to Plaintiffs' Fourteenth Amendment claim, Plaintiffs allege that "Defendants, acting under color of state law, deprived Plaintiffs of this protected property interest without notice, without a meaningful opportunity to be heard, and without due process of law." **(Exhibit A, Page 18)**. First, Plaintiffs have not demonstrated nor have they provided any evidence Defendant Evergreen deprived Plaintiffs of their property interest. Defendant Evergreen again asserts that it is a nursing facility, not a state actor subject to the provisions of the Fourteenth Amendment. Accordingly, Defendant's Motion To Dismiss In Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

Additionally, it is unclear from the complaint what Plaintiffs' legal theory is for the alleged deprivations of liberty and property interests. Because Plaintiffs cannot establish a deprivation of a liberty interest, dismissal is proper.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

**2. Evergreen is not a state actor nor was Evergreen acting under the color of state law.**

The Fourteenth Amendment, protects citizens from infringement of their rights only by the government, <u>not by private parties</u>. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978) (recognizing that "most rights secured by the Constitution are protected only against infringement by governments") (citing *Jackson v. Metro. Edison Co*., 419 U.S. 345, 349, 95 S. Ct. 449 (1974)). See also *Lipman v. Budish*, 974 F.3d 726, 740 (6th Cir., 2020) ("[T]he Constitution concerns the actions of government, not private citizens.") (emphasis added); *Krukemyer v. Forcum*, 475 Fed. Appx. 563, 566, 2012 WL 1139007, *2 (6th Cir. 2012) ("[T]here is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant.").

The "under color of state law" element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). In order for a private party's conduct to constitute action under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc*., 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metropolitan Edison Co*., 419 U.S. 345, 351 (1974)).

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

Here, Plaintiffs have not even alleged that Evergreen is a state actor and/or acting under the color of state law, nor is there any evidence in the record to support such a proposition. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (The "mere fact that a hospital is licensed by the State is insufficient to transform it into a state actor . . . ."); *DeBauche v. Trani*, 191 F.3d 499, 506 (1999) (where the plaintiff "failed to allege facts that would have permitted the court to conclude that these defendants were state actors," dismissal was proper); *Fountain v. St. Mary's Hosp. Saginaw*, CASE No. 2:21-CV-12053, 2021 U.S. Dist. LEXIS 192566, 2021 WL 4522297 (E.D. Mich, Oct. 4, 2021) ("[T]hus fails to allege facts showing that St. Mary's Hospital in Saginaw is a state actor subject to suit under § 1983."). Therefore, where Plaintiffs failed to allege and come forward with evidence showing that Evergreen was a state actor, this Court should dismiss plaintiff's Fourteenth Amendment claim.

Plaintiffs' claim for a violation of the Fourteenth Amendment should be dismissed where Plaintiffs have not established a deprivation of a secured right, nor is Evergreen a state actor. Accordingly, Defendant's Motion To Dismiss In Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

**C. THIS COURT SHOULD DISMISS PLAINTIFFS' CLAIMS REGARDING DECLARATORY JUDGMENT AS THE CLAIMS ARE UNRELATED TO EVERGREEN.**

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

Plaintiffs have attempted to assert a claim with respect to declaratory judgment against "all defendants" regarding a sheriff's sale of their parents property. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201; *Western World Ins Co v Hoey*, 773 F3d 755, 758 (CA 6, 2014). Further, the Act confers discretion on the court rather than an absolute right upon the litigant. *Id*. The courts have unique and substantial discretion in deciding whether to declare the rights of litigants. *Id*. Pursuant to the Act, the discretion calls for "judicial discretion, hardened by experience into rule." *Id*. at 759.

The controlling standard for determining whether a federal district court in Michigan should exercise its discretionary jurisdiction over a declaratory judgment action is governed by the five "Grand Trunk factors". *Id*. The factors are as follows:

1. Whether the declaratory action would settle the controversy;
2. Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
3. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"
4. Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction; [which is determined by asking]

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

a. whether the underlying factual issues are important to an informed resolution of the case;

b. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

c. whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action; and

5. Whether there is an alternative remedy which is better or more effective.

Here, the Grand Trunk factors do not apply as Evergreen is a nursing facility. Evergreen's involvement is entirely unrelated to any real property or sale of real property. Plaintiffs have failed to connect their request for declaratory judgment to Defendant Evergreen. Accordingly, Defendant's Motion To Dismiss In Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

**D. MEDICAL NEGLIGENCE/MALPRACTICE SHOULD BE DISMISSED AS PLAINTIFFS FAILED TO COMPLY WITH TORT REFORM REQUIREMENTS.**

Plaintiffs' state law claim of medical malpractice must be dismissed because Plaintiffs have failed to comply with tort reform requirements, including the sending of a pre-suit notice of intent pursuant to Mich. Comp. Laws § 600.2912b and the filing of an affidavit of merit pursuant to Mich. Comp. Laws § 600.2912d. See *Waltz v. Wyse*, 469 Mich. 642, 659; 677 NW2d 813 (2004) (holding that, pursuant to the Legislature's tort reform measures, a plaintiff alleging medical malpractice is required to provide notice of intent to commence an action to the defendant before

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

filing a complaint pursuant to Mich. Comp. Laws § 600.2912b); *Ligons v. Crittenton Hosp.*, 490 Mich. 61, 70-71; 803 N.W.2d 271 (2011) (holding that the affidavit of merit statute, Mich. Comp. Laws § 600.2912d, was enacted as an element of broad tort reforms established by the Legislature to place "enhanced responsibilities" on medical malpractice plaintiffs).

Here, Plaintiffs failed to send a notice of intent as to their claims prior to the filing of the complaint as required by Mich. Comp. Laws § 600.2912b. Section 2912b(1) requires that "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced."

Additionally, Plaintiffs failed to file an affidavit of merit along with the complaint as required by Mich. Comp. Laws § 600.2912d. Section 2912d(1) requires a plaintiff alleging a medical malpractice action to file an affidavit of merit signed by a health professional who the plaintiff reasonably believes meets the requirements of an expert witness under Mich. Comp. Laws § 600.2169.

In any event, medical malpractice claims require expert testimony to create a genuine issue of fact for trial. "In a medical malpractice case, the plaintiff bears the burden of proving: (1) the applicable standard of care, (2) breach of that standard by defendant, (3) injury, and (4) proximate causation between the alleged breach and

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485
(313) 965-7900

the injury. Failure to prove any one of these elements is fatal." *Wischmeyer v Schanz*, 449 Mich 469, 484; 536 NW2d 760 (1995). See also *Craig v Oakwood Hospital*, 471 Mich 67, 86; 684 NW2d 296 (2004). Expert testimony is required to establish the applicable standard of care and to demonstrate that the defendant somehow breached that standard. *Wischmeyer,* 484; *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 494; 668 NW2d 402 (2003). Expert testimony is also essential to establish "but for" causation in medical malpractice actions. *Pennington v Longabaugh*, 271 Mich App 101, 104 (2006) ("Expert testimony is essential to establish a causal link between the alleged negligence and the alleged injury"); *Teal v Prasad*, 283 Mich App 384, 394 (2009) (holding that "expert testimony is required to establish causation in an action for medical malpractice" and that there "must be facts in evidence to support the opinion testimony of an expert") (internal citations omitted).

Here, Plaintiffs have failed to obtain a qualified expert witness to testify at trial as to the applicable standard of care, breach thereof, or causation. Accordingly, Defendant's Motion To Dismiss In Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

## CONCLUSION AND RELIEF SOUGHT

WHEREFORE, Defendant EVERGREEN HEALTH AND REHABILITATION CENTER, LLC, respectfully requests that this Honorable

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

Court grant Defendant's Motion To Dismiss In Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

*/s/ Steve N. Cheolas*

______________________________

GABE SYBESMA (P66632)
STEVE N. CHEOLAS (P32178)
Kitch Attorneys and Counselors, PC
Attorneys for Def. Evergreen
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900
gabe.sybesma@kitch.com

Dated: October 8, 2026

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 8, 2026 a copy of the foregoing papers were served on all parties who are registered ECF filers in this matter via the Court's CM/ECF electronic mail (email) system.

*/s/ Steve N. Cheolas*

GABE SYBESMA (P66632)
STEVE N. CHEOLAS (P32178)
Kitch Attorneys and Counselors, PC
Attorneys for Def. Evergreen
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900
gabe.sybesma@kitch.com

*Attorneys for Evergreen Health and Rehabilitation Center, LLC*