UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA BELLE, and KAREN MUNTU,

Plaintiffs,

V

WAYNE COUNTY, a municipal entity; CITY OF DETROIT, a municipal entity; CATHY M. GARRETT, in her individual and official capacity as Wayne County Clerk; ERIC SABREE, in his individual and official capacity as Wayne County Treasurer; ADAM SABREE, in his individual capacity as Judge, 36th District Court; KEITH WILLIAMS, in his individual capacity; TROTT LAW, P.C., a Michigan professional corporation; U.S. DEPARTMENT OF VETERANS AFFAIRS; EVERGREEN HEALTH & LIVING CENTER, a nursing facility in Southfield, Michigan; CHERYL MOORE, M.D., in her individual capacity; RAMIN RAFIE, M.D., in his individual capacity; and MONIQUE SHARPE, in her individual capacity as Judge, 36th District Court; and JANICE WINFREY, in her individual and official capacity as Detroit City Clerk,

Defendants.

Case No. 2:26-cv-11509
Hon. Mark A. Goldsmith

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6).**

***ORAL ARGUMENT REQUESTED***

---

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

ANITA BELLE and KAREN MUNTU
In pro per
18437 Pennington Dr.
Detroit, MI 48221
(718) 916-6194
kbmuntu@yahoo.com

GABE SYBESMA (P66632)
STEVE N. CHEOLAS (P32178)
Kitch Attorneys and Counselors, PC
Attorneys for Def. Evergreen
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7900
gabe.sybesma@kitch.com

**DEFENDANT EVERGREEN'S MOTION TO DISMISS IN LIEU OF AN ANSWER PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**EXHIBIT A**

Plaintiffs' Complaint

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
ONE WOODWARD AVENUE,
SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

| | | |
|---|---|---|
| Belle et al<br>*Plaintiff,*<br>v.<br>Wayne, County of et al<br>*Defendant.* | ) | Civil Action No. 2:26-cv-11509<br><br>Hon. Mark A. Goldsmith |

## SUMMONS IN A CIVIL ACTION

To: Evergreen Health & Living Center
c/o Evergreen Health and Rehabilitation Center, LLC
Raj Patel, registered agent
25500 Meadowbrook Rd., Ste 230, Novi, MI 48375

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Anita Belle
~~18437 Pennington Dr.~~
~~Detroit, MI 48238~~
c/o Savannah Williams
8485 Auburn St.
Detroit, MI 48228

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*KINIKIA D. ESSIX, CLERK OF COURT*

By: s/ L Hamka
*Signature of Clerk or Deputy Clerk*

Date of Issuance: July 30, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANITA BELLE, and
KAREN MUNTU,

Case Number: 2:26-cv-11509
Honorable: Mark A. Goldsmith

Plaintiffs,

v.

FILED
JUL 16 2026
CLERK'S OFFICE
DETROIT

WAYNE COUNTY, a municipal entity;
CITY OF DETROIT, a municipal entity;
CATHY M. GARRETT, in her individual and official capacity as Wayne County Clerk;
ERIC SABREE, in his individual and official capacity as Wayne County Treasurer;
ADAM SABREE, in his individual capacity as Judge, 36th District Court;
KEITH WILLIAMS, in his individual capacity;
TROTT LAW, P.C., a Michigan professional corporation;
U.S. DEPARTMENT OF VETERANS AFFAIRS;
EVERGREEN HEALTH & LIVING CENTER, a nursing facility in Southfield, Michigan;
CHERYL MOORE, M.D., in her individual capacity;
RAMIN RAFIE, M.D., in his individual capacity; and
MONIQUE SHARPE, in her individual capacity as Judge, 36th District Court; and
JANICE WINFREY, in her individual and official capacity as Detroit City Clerk,

Defendants.

---

# VERIFIED AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, WRONGFUL DEATH, CONSPIRACY, DECLARATORY RELIEF, AND EMERGENCY INJUNCTIVE RELIEF JURY TRIAL DEMANDED

## INTRODUCTION

1. This is a civil rights action arising from a coordinated pattern of governmental, institutional, and medical acts and omissions that deprived Plaintiffs of their family home, their inheritance, their legal remedies, and their constitutional rights.

2. Plaintiffs are the daughters of the late HUGH BELLE and the late THELMA BELLE. Plaintiffs allege that after each parent died, material facts relating to the cause and circumstances of death were omitted, obscured, or withheld in ways that foreclosed accountability and weakened Plaintiffs' ability to preserve the family estate.

3. Plaintiffs further allege that Defendants, acting under color of state law and in concert with one another, falsified or omitted material information in official records, obstructed access to public records, manipulated judicial proceedings, and pursued a facially void foreclosure and sheriff's sale against persons who held no legal title to the property at issue.

4. The foreclosure at the center of this action is void ab initio. Title to the subject property vested automatically in Plaintiffs upon the death of THELMA BELLE by operation of a duly recorded Enhanced Life Estate Deed, commonly known as a Lady Bird Deed. The property was never an asset of an estate subject to foreclosure against deceased titleholders.

5. The concealment of liability surrounding the deaths of both parents materially impaired Plaintiffs' ability to pursue recovery, stabilize the family estate, and defend their vested property

rights. Those concealed injuries and the later property deprivation form one continuous chain of harm.

6. Plaintiffs allege that the conspiracy which prevented opening an estate or obtaining an accurate death certificate equitably tolls the statute of limitations pursuant to MCL 600.5855, Equitable Tolling and Fraudulent Concealment, including as applied to the survivors of a decorated veteran whose death records were materially falsified.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4) because this action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3).

8. This Court has jurisdiction over claims against the U.S. Department of Veterans Affairs pursuant to 28 U.S.C. § 1346 and applicable provisions of the Administrative Procedure Act, 5 U.S.C. § 702, as Plaintiffs seek non-monetary relief for agency action that is arbitrary, capricious, and an abuse of discretion.

9. This Court has supplemental jurisdiction over related state-law claims, including wrongful death, medical negligence, civil conspiracy, and Michigan Freedom of Information Act claims, pursuant to 28 U.S.C. § 1367, because those claims arise from the same nucleus of operative fact concerning concealment, deprivation, and loss of property.

10. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because the property is located in this district, several Defendants reside or operate in this district, and a substantial part of the acts and omissions giving rise to these claims occurred in this district.

## PARTIES

11. Plaintiff ANITA BELLE is an adult resident of Wayne County, Michigan. She is the daughter of HUGH BELLE and THELMA BELLE, a vested remainderman of the subject property, and President of the Reparations Labor Union.

12. Plaintiff KAREN MUNTU is an adult resident of Wayne County, Michigan. She is the daughter of HUGH BELLE and THELMA BELLE and a vested remainderman of the subject property.

13. Defendant Wayne County is a municipal corporation organized under the laws of the State of Michigan and is a person subject to suit under 42 U.S.C. § 1983.

14. Defendant City of Detroit is a municipal corporation organized under the laws of the State of Michigan and is a person subject to suit under 42 U.S.C. § 1983.

15. Defendant Cathy M. Garrett is, and at all relevant times was, the duly elected Wayne County Clerk. She is sued in both her individual and official capacities. Her office is responsible for the issuance and maintenance of death certificates in Wayne County and serves as Clerk of Wayne County Courts. She additionally serves, by operation of Michigan law, as the clerk and secretary of the Wayne County Board of Canvassers, the body responsible for the ministerial, nondiscretionary duty of canvassing and certifying election results within Wayne County, including elections conducted within the City of Detroit.

16. Defendant Eric Sabree is, and at all relevant times was, the duly elected Wayne County Treasurer. He is sued in both his individual and official capacities. The underlying injury to Plaintiffs' father occurred at his office.

17. Defendant Adam Sabree is a Judge of the 36th District Court of Michigan and the son of Defendant Eric Sabree. He is sued in his individual capacity. He presided over eviction

proceedings in Case No. 25355709-LT while his father's office remained materially implicated in the underlying events giving rise to this action.

18. Defendant Monique Sharpe is a Judge of the 36th District Court of Michigan who accepted assignment of the underlying eviction matter, Case No. 25355709-LT, following the purported disqualification of Defendant Adam Sabree. She is sued in her individual capacity. Plaintiffs allege that Defendant Sharpe's acceptance of that reassignment, absent any court order authorizing either the disqualification of Defendant Adam Sabree or her own assignment to the matter, violated Chief Judge McConico's Local Administrative Order governing the disqualification and reassignment of judges within the 36th District Court.

19. Defendant Janice Winfrey is, and at all relevant times was, the duly elected Detroit City Clerk responsible for the administration of elections within the City of Detroit, including the conduct of polling places, absentee balloting, and precinct-level tabulation for the 2013 and 2016 elections described herein. She is sued in her individual and official capacities. Her office also received Plaintiff ANITA BELLE's certified-mail service of the FOIA appeal described below and her office administers the voter registration rolls that include the subject property.

20. Defendant Keith Williams is an adult individual and the husband of Defendant Cathy M. Garrett. He is a political figure with a direct interest in the Detroit Reparations Task Force, against whose leadership Plaintiff ANITA BELLE publicly and vocally advocated.

21. Defendant Trott Law, P.C. is a professional corporation organized under Michigan law and acted as foreclosure counsel for parties seeking to foreclose upon the subject property.

22. Defendant U.S. Department of Veterans Affairs is a federal executive agency that has asserted a claim or interest in the subject property and is sued pursuant to applicable federal law.

23. Defendant Evergreen Health & Living Center is a nursing facility located in Southfield, Michigan. At all relevant times, Evergreen provided post-acute nursing, rehabilitation, and related medical services to THELMA BELLE and is sued for wrongful death, medical negligence, and participation in the acts and omissions described herein.

24. Defendant Cheryl Moore, M.D., is a physician who certified the death certificate of THELMA BELLE. She is sued in her individual capacity for materially omitting the acute cardiac event documented in contemporaneous Beaumont records.

25. Defendant Ramin Rafie, M.D., is a physician who certified the death certificate of HUGH BELLE. He is sued in his individual capacity for materially omitting traumatic injury-related complications following HUGH BELLE's fall at the Wayne County Treasurer's Office.

**FACTUAL ALLEGATIONS**

26. Plaintiffs' father, HUGH BELLE, was a disabled United States Army Corporal and one of the last living descendants of the Buffalo Soldier legacy, the historic African American military regiments whose service has never been fully honored.

27. On or about November 4, 2019, HUGH BELLE suffered a catastrophic fall at the Wayne County Treasurer's Office located at 400 Monroe Street, 5th Floor, Detroit, Michigan. The fall resulted in a serious hip fracture requiring emergency medical treatment.

28. Independent medical records confirm that HUGH BELLE was transported by ambulance from the Wayne County Treasurer's Office and underwent emergency hip replacement surgery on November 5, 2019.

29. HUGH BELLE died on December 10, 2019 from complications arising after that traumatic fall and resulting medical decline. (See **Exhibit A**-Death Certificate of Hugh Belle.)

30. Following his death, a death certificate signed by Dr. Ramin Rafie listed prostate cancer as the cause of death while omitting the traumatic hip fracture, the fall at the Wayne County Treasurer's Office, and the resulting complications.

31. Plaintiffs allege that the omission of the traumatic injury from HUGH BELLE's death certification obstructed the visibility of a wrongful death claim against Wayne County and Eric Sabree's office.

32. On July 1, 2026, Plaintiff ANITA BELLE submitted a FOIA request to the Wayne County Medical Examiner's Office seeking investigative reports, medical records reviewed, correspondence with the certifying physician, and the basis for the determination that no autopsy was required for HUGH BELLE, WCMEO Case No. 19-14868. On July 7, 2026, the Wayne County Medical Examiner's Office responded, granting the request only to the extent of producing a Case Registration form and certifying that no further investigative records exist because HUGH BELLE was not examined in that office. The Case Registration form, reporting the circumstances of death as relayed by hospice personnel, states "No trauma in history." Plaintiffs allege that this notation directly contradicts Plaintiffs' medical records from Detroit Receiving Hospital confirming that HUGH BELLE underwent a right hip hemiarthroplasty on November 5, 2019 -- the day after his fall at the Wayne County Treasurer's Office -- and approximately five weeks before his death, and raises further questions regarding the completeness and accuracy of the medical history underlying the certification of a natural death without autopsy. (See **Exhibit L**-redacted Detroit Receiving Hospital Surgical Records, November 5, 2019.)

33. After HUGH BELLE died, Plaintiff ANITA BELLE continued to reside with and care for her mother, THELMA BELLE, in the family home. Plaintiff KAREN MUNTU was then residing in New York.

34. During the COVID-19 pandemic, both Plaintiff ANITA BELLE and THELMA BELLE were hospitalized. Plaintiff ANITA BELLE was herself too ill to continue serving as caregiver during that hospitalization.

35. On June 1, 2021, Beaumont Hospital transferred THELMA BELLE to Evergreen Health & Living Center because, according to Beaumont, she could not remain hospitalized for insurance purposes.

36. At the time of transfer, THELMA BELLE was medically fragile. She had recent COVID-19 hospitalization, stroke, and cardiovascular vulnerability requiring careful skilled nursing assessment and monitoring; however, Beaumont had to clear her as free of COVID-19 for THELMA BELLE to be admitted to Evergreen.

37. On the morning of June 2, 2021, while Plaintiff ANITA BELLE remained hospitalized and was expecting discharge later that day, a physical therapist at Evergreen telephoned Plaintiff ANITA BELLE at approximately 9:00 a.m. seeking THELMA BELLE's medical history, including her prior stroke.

38. Plaintiffs allege that this call demonstrates that critical historical and risk information had not been fully secured before rehabilitation activity was undertaken.

39. Shortly after physical therapy on June 2, 2021, THELMA BELLE suffered an acute cardiac event and coded at Evergreen.

40. THELMA BELLE was transported by ambulance back to Beaumont Hospital. Beaumont records documented that she had suffered a heart attack.

41. THELMA BELLE died later that same day, June 2, 2021, only hours before Plaintiff ANITA BELLE's discharge from Beaumont Hospital.

42. The death certificate for THELMA BELLE was signed by Dr. Cheryl Moore, a Sinai Hospital primary care physician who had not treated THELMA BELLE in approximately three years and who was not the treating physician during her final hospitalization at Beaumont.

43. Despite Beaumont records documenting a heart attack after physical therapy, the death certificate omitted the acute cardiac event and instead listed COVID-19 and atherosclerotic disease.

44. Plaintiffs allege that the omission of the acute heart attack from THELMA BELLE's death certificate materially obscured the immediate precipitating event that occurred after physical therapy at Evergreen.

45. Prior to her death, THELMA BELLE executed and recorded an Enhanced Life Estate Deed, commonly known as a Lady Bird Deed, conveying the subject property located at 18437 Pennington Dr., Detroit, Michigan 48221 to Plaintiffs as remaindermen. (See **Exhibit B**-The Lady Bird Deed.)

46. THELMA BELLE died on June 2, 2021. (See **Exhibit C**-Death certificate of THELMA BELLE.)

47. Upon THELMA BELLE's death, fee simple title to the subject property vested automatically and immediately in Plaintiffs by operation of Michigan law, without the need for probate or any further conveyance. The property was never an asset of THELMA BELLE's estate.

48. At all times following June 2, 2021, Plaintiffs were and remain the lawful record title holders of the subject property.

49. Notwithstanding Plaintiffs' vested title, foreclosure proceedings were initiated against HUGH AND THELMA BELLE, deceased individuals who held no legal title to the property after June 2, 2021 and no legal interest capable of being foreclosed.

50. No notice of foreclosure was provided to Plaintiffs as the actual vested title holders.

51. On March 13, 2025, a sheriff's sale of the subject property was conducted against parties with no legal title. Plaintiffs allege that the sale is void ab initio. (See **Exhibit D**-Sheriff Deed.)

52. Plaintiff ANITA BELLE is the President of the Reparations Labor Union and has been an outspoken public advocate for reparations for African Americans in the Detroit metropolitan area.

53. Plaintiff ANITA BELLE publicly and vocally opposed Defendant Keith Williams and the political leadership of the Detroit Reparations Task Force through organizing activities, public statements, and other First Amendment-protected advocacy.

54. Following Plaintiff ANITA BELLE's public opposition to Defendant Williams and the Task Force leadership in 2024, the foreclosure and eviction proceedings against Plaintiffs were accelerated and aggressively pursued.

55. Plaintiff ANITA BELLE's public advocacy protected by the First Amendment predates and extends beyond her reparations advocacy. On November 5, 2013, Plaintiff ANITA BELLE served as a credentialed NAACP challenger for the Michigan Democratic Party during the absentee ballot count for the Detroit mayoral election and personally witnessed Detroit voting machines registering more votes than ballots or voters reflected in the poll book. When Plaintiff raised this discrepancy, Detroit Police escorted her and approximately a dozen other credentialed observers from the premises. During the 2016 presidential recount, Plaintiff served as the only Green Party-hired challenger in Wayne County and observed a 257-ballot discrepancy in Detroit

Precinct 152, where the poll book and voting machines each reflected 307 votes but only 50 physical ballots were present. Defendant Cathy Garrett's own office subsequently confirmed that nearly sixty percent of Detroit's precincts could not be recounted due to ballot discrepancies, and no comprehensive audit has been conducted in the decade since. Plaintiff reported these irregularities to the Michigan Democratic Party, the NAACP, the Obama administration, and the U.S. Department of Justice.

56. On May 13, 2026, Plaintiff ANITA BELLE submitted a Michigan FOIA request to Defendant Janice Winfrey's office seeking voter registration records for the subject property and discovered that election mail continued to be delivered to that address on behalf of individuals no longer residing there. On May 14, 2026, Plaintiff filed a voting rights complaint with the U.S. Department of Justice, Record No. 771518-MCG, documenting this irregularity together with the 2013 and 2016 discrepancies described above. That complaint remains pending.

57. As of the filing of this Amended Complaint, Defendant Winfrey's office has not produced the voter registration and absentee ballot records requested on May 13, 2026, including records showing whether absentee ballots have been cast from the subject property on behalf of individuals no longer residing there. Plaintiffs allege that this continued non-response is part of the same pattern of governmental stonewalling of Plaintiff's public records requests described throughout this Complaint.

58. Plaintiffs allege that Defendant Winfrey's failure to correct or audit the voter registration irregularities at the subject property, surfacing contemporaneously with the accelerated foreclosure and eviction of Plaintiffs from that same property following Plaintiff ANITA BELLE's reparations advocacy, forms part of a broader pattern in which Detroit and Wayne County officials responded to Plaintiff's civic and political speech — spanning both election-

integrity whistleblowing since 2013 and reparations advocacy since 2024 — with adverse governmental action directed at Plaintiffs and the subject property.

59. Eviction proceedings arising from the void sheriff's sale were filed in the 36th District Court of Michigan under Case No. 25355709-LT.

60. The case was assigned to Defendant Adam Sabree, the son of Defendant Eric Sabree, whose office was directly implicated in the injury and death sequence involving HUGH BELLE.

61. On October 17, 2025, Plaintiffs filed a motion to disqualify Adam Sabree based on this irreconcilable conflict of interest.

62. On or about October 20, 2025, while the disqualification motion remained pending and unresolved, Defendant Adam Sabree presided over a hearing in the eviction matter.

63. No stenographic record was made of the October 20, 2025 hearing. Plaintiffs refer to this proceeding as the ghost hearing because its absence from the official record erased material due process violations and impaired appellate review. (See **Exhibit E**-Stenographer's Certificate.)

64. Plaintiffs acknowledge that Michigan Court of Appeals Case No. **381354** is currently pending, addressing the Judgment of Possession, judicial disqualification, and lack of subject matter jurisdiction in the underlying 36th District Court proceedings. That appellate matter does not and cannot address the federal civil rights violations alleged herein under 42 U.S.C. § 1983 and § 1985(3), the wrongful deaths of HUGH BELLE and THELMA BELLE, or the civil conspiracy among governmental, judicial, and medical actors to conceal liability and deprive Plaintiffs of their constitutional rights. The federal claims presented in this action are distinct, non-duplicative, and have no adequate remedy in the pending state appellate proceeding.

65. Plaintiffs observe ongoing, unauthorized alterations to the Register of Actions in 36th District Court Case No. 25355709-LT, suggesting an attempt to retroactively cure procedural defects and conceal the lack of a stenographic record for the October 20, 2025 hearing.

66. On November 26, 2025, Plaintiff downloaded the 36th District Court Register of Actions in Case No. 25355709-LT. That document contained no notation that Plaintiff's Motion to Disqualify Judge Adam Sabree had been granted. On April 24, 2026, Plaintiff downloaded the same Register of Actions. That document contained a notation stating that the disqualification motion had been granted. No court order documenting the granting of said motion has been produced or appears in the record available to Plaintiffs. The Register of Actions reflects that both the judge reassignment entry and the notation that the disqualification motion had been granted were made by a clerk identified by the initials 051. No court order has been produced authorizing either entry. Plaintiff alleges that these entries, made by the same clerk without documented judicial authorization, and the alteration of the official court record without any documented court order, constitute a violation of her due process rights and raise serious questions about the integrity of the proceedings below. (See **Exhibit F**-Register of Actions for November 26, 2025, and **Exhibit G**-Register of Actions for April 24, 2026.)

67. Plaintiffs further allege that Defendant Monique Sharpe accepted reassignment of Case No. 25355709-LT notwithstanding the absence of any court order authorizing the disqualification of Defendant Adam Sabree or her own assignment to the matter, in direct violation of Chief Judge McConico's Local Administrative Order governing judicial disqualification and case reassignment procedures within the 36th District Court. Plaintiffs allege that Defendant Sharpe knew or should have known that no such order existed and that her acceptance of the reassignment perpetuated the due process violations alleged herein. (See

**Exhibit M**-Chief Judge McConico's Local Administrative Order Governing Disqualification and Reassignment, 36th District Court.)

68. On October 17, 2025, Plaintiff ANITA BELLE submitted Michigan FOIA requests to Detroit Police Department/911 Communications, Detroit Fire Department EMS Records Unit, and Wayne County Corporation Counsel seeking records materially related to HUGH BELLE's fall, emergency response, transport, and aftermath. (See **Exhibit H**-FOIA Requests.)

69. The City of Detroit invoked an extension but failed to provide a substantive response by the final deadline. Plaintiff filed a written FOIA appeal on November 22, 2025, citing constructive denial. No substantive response has been received. (See **Exhibit I**-FOIA Response from the City of Detroit.)

70. Wayne County Corporation Counsel invoked an extension and later issued a denial asserting that no responsive records existed, despite independent medical evidence confirming ambulance transport and emergency treatment. (See **Exhibit J**-FOIA Responses from Wayne County Corporation Counsel.)

71. Plaintiffs further allege that the City of Detroit's Fire Department EMS Records Unit, in a belated response to Plaintiff's October 17, 2025 FOIA request referenced above, produced a Detroit EMS Event Report, Event ID 2019 308 01928, documenting a 911 call and ambulance dispatch to 400 Monroe Street, 5th Floor, Detroit, Michigan -- the office of the Wayne County Treasurer -- on November 4, 2019, the date of HUGH BELLE's fall, and confirming EMS dispatch and hospital transport. Plaintiffs allege that this report directly contradicts sworn affidavits submitted by three Wayne County officials denying the existence of any responsive records concerning the November 4, 2019 incident: Cynthia Golson, FOIA Officer for the Wayne County Sheriff's Office (affidavit dated May 19, 2026); Jean-Vierre Adams, Chief

Deputy Treasurer (affidavit dated May 19, 2026); and Kathryn Levasseur-Cousin, Assistant Corporation Counsel (affidavit dated May 26, 2026). (See **Exhibit K**-Detroit EMS Event Report No. 2019 308 01928.)

72. Plaintiffs allege that the denials, omissions, conflicting official records, and missing hearing transcript formed part of a continuing pattern of concealment and deprivation.

73. Plaintiffs further allege that on June 30, 2026, Plaintiff ANITA BELLE submitted an electronic praecipe in the related Wayne County Circuit Court FOIA appeal, Case No. 26-007668-AV, seeking a hearing date on Appellee Wayne County's Motion for Summary Disposition. Although the court's own automated confirmation advised that a hearing date would be confirmed within three business days, no such confirmation had been received for several days thereafter, and two telephone calls placed by Plaintiff to the courtroom of the Honorable Charlene M. Elder went unreturned. On July 7, 2026, the court issued a Summary Disposition Scheduling Order confirming the hearing for August 31, 2026, with Plaintiff's response due August 17, 2026, and any reply due August 24, 2026. Plaintiff's Response in Opposition to Wayne County's Motion for Summary Disposition, previously filed June 16, 2026, remains of record. Plaintiffs allege that the initial multi-day delay in confirming the hearing is consistent with the broader pattern of governmental non-responsiveness and concealment alleged throughout this Complaint, notwithstanding the hearing's eventual scheduling.

74. As direct and foreseeable consequences of the concealment of liability surrounding the deaths of HUGH BELLE and THELMA BELLE, Plaintiffs were deprived of potential legal recovery, financial stability, and the ability to protect the family estate from foreclosure and dispossession.

## COUNT I
## CONSPIRACY TO DEPRIVE CIVIL RIGHTS
## 42 U.S.C. § 1985(3)
## (Against All Individual Defendants)

75. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

76. Defendants, and each of them, conspired with one another for the purpose of depriving Plaintiffs of the equal protection of the laws and the equal privileges and immunities secured by law, in violation of 42 U.S.C. § 1985(3).

77. The conspiracy was motivated by racial animus against Plaintiffs as African American women and by animus against Plaintiff ANITA BELLE's political advocacy for reparations, including blockchain reparations, and her opposition to local political leadership regarding election irregularities.

78. In furtherance of the conspiracy, Defendants committed overt acts including but not limited to omitting material causes from death certifications, denying and obstructing access to public records, conducting a foreclosure against persons with no legal title, failing to notify the actual title holders, assigning the eviction matter to a conflicted judge, accepting an unauthorized judicial reassignment of the matter in violation of Chief Judge McConico's Local Administrative Order governing disqualification and reassignment, and conducting an unrecorded judicial proceeding while a disqualification motion was pending.

79. Plaintiffs have suffered damages as a direct and proximate result of this conspiracy, including emotional distress, deprivation of legal remedies, threatened loss of inherited property, defamation, tortious interference in business, and deprivation of constitutional rights.

**COUNT II**
**FIRST AMENDMENT RETALIATION**
**42 U.S.C. § 1983**
**(Against Defendants Williams, Garrett, Eric Sabree, Wayne County, and Winfrey)**

80. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

81. Plaintiff ANITA BELLE's advocacy as President of the Reparations Labor Union and her public opposition to Defendant Williams and the Detroit Reparations Task Force leadership constitute protected speech and expressive activity under the First Amendment.

82. Defendants Williams, Garrett, Eric Sabree, and Wayne County, acting under color of state law and in concert, took adverse action against Plaintiffs by facilitating, accelerating, and pursuing the illegal seizure of Plaintiffs' home through foreclosure and eviction proceedings.

83. Defendant Winfrey, acting under color of state law, took adverse action against Plaintiff ANITA BELLE by failing to correct or audit the voter registration irregularities at the subject property after Plaintiff's May 2026 FOIA request and DOJ complaint brought them to her attention, at the same time Plaintiff's reparations advocacy was met with an accelerated foreclosure and eviction of the same property, evidencing a coordinated governmental response to Plaintiff's protected speech across both the election-integrity and reparations advocacy contexts.

84. Plaintiff ANITA BELLE's protected speech was a substantial and motivating factor in Defendants' adverse actions.

85. Defendants' conduct would chill a person of ordinary firmness from continuing to engage in protected speech and expressive activity.

86. Plaintiffs have suffered damages as a direct and proximate result of this retaliation.

**COUNT III**
**DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS**
**FOURTEENTH AMENDMENT, 42 U.S.C. § 1983**
**(Against All Defendants)**

87. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

88. Plaintiffs have a protected property interest in the subject property, title to which vested automatically upon THELMA BELLE's death pursuant to the Lady Bird Deed.

89. Defendants, acting under color of state law, deprived Plaintiffs of this protected property interest without notice, without a meaningful opportunity to be heard, and without due process of law.

90. The ghost hearing of October 20, 2025, conducted without a stenographic record and while a disqualification motion remained pending, further deprived Plaintiffs of a meaningful judicial proceeding.

91. Defendant Sharpe's acceptance of an unauthorized reassignment of the eviction matter, without any court order authorizing either the disqualification of Defendant Adam Sabree or her own assignment, and in violation of Chief Judge McConico's Local Administrative Order governing disqualification and reassignment, independently deprived Plaintiffs of a proceeding before a lawfully assigned tribunal and further compounded the due process violations alleged herein.

92. Plaintiffs have suffered damages as a direct and proximate result of these due process violations.

**COUNT IV**
**DECLARATORY JUDGMENT**
**28 U.S.C. § 2201**

**(Against All Defendants)**

93. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

94. An actual and justiciable controversy exists between Plaintiffs and Defendants regarding the validity of the sheriff's sale of March 13, 2025, and the ownership of the subject property.

95. Plaintiffs are entitled to a declaration that title to the subject property vested in Plaintiffs upon the death of THELMA BELLE by operation of the Lady Bird Deed, that the property was not an asset of THELMA BELLE's estate, that the sheriff's sale is void ab initio, and that Plaintiffs are the lawful owners of the property in fee simple.

**COUNT V**
**VIOLATION OF MICHIGAN FREEDOM OF INFORMATION ACT**
**MCL 15.231 et seq.**
**(Against Defendants Wayne County and City of Detroit)**

96. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

97. Plaintiffs submitted Michigan FOIA requests seeking 911 records, EMS records, incident reports, transport information, and internal records concerning the November 4, 2019 fall and medical emergency involving HUGH BELLE.

98. The City of Detroit failed to provide timely substantive responses and failed to respond to Plaintiff's written FOIA appeal.

99. Wayne County issued a denial asserting that no responsive records existed, despite independent medical evidence establishing ambulance transport and emergency surgery.

100. The denials and withholding of records were arbitrary and capricious and materially obstructed Plaintiffs' ability to investigate HUGH BELLE's injury and death.

101. Plaintiffs are entitled to an order compelling disclosure of responsive non-exempt records, together with attorney fees, costs, and statutory damages where authorized by law.

## COUNT VI
## WRONGFUL DEATH, MEDICAL NEGLIGENCE, AND MATERIAL OMISSION OF IMMEDIATE CAUSE OF DEATH
**Michigan Wrongful Death Act, MCL 600.2922**
**(Against Evergreen Health & Living Center, Dr. Cheryl Moore, and John/Jane Doe Medical Personnel)**

102. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

103. On June 1, 2021, THELMA BELLE was transferred from Beaumont Hospital to Evergreen Health & Living Center following hospitalization for COVID-19 and related medical complications.

104. At the time of transfer, THELMA BELLE was medically fragile and required skilled nursing care, careful monitoring, and rehabilitation services consistent with her recent hospitalization and underlying cardiovascular vulnerability.

105. On the morning of June 2, 2021, a physical therapist employed by Evergreen contacted Plaintiff ANITA BELLE to obtain THELMA BELLE's medical history before therapy was undertaken.

106. Shortly after physical therapy on June 2, 2021, THELMA BELLE suffered an acute cardiac event and coded at Evergreen.

107. Emergency transport returned THELMA BELLE by ambulance to Beaumont Hospital, where contemporaneous records documented that she had suffered a heart attack.

108. THELMA BELLE died later that same day.

109. Plaintiffs allege that Evergreen, through its agents, servants, employees, therapists, nurses, and medical personnel, breached the applicable duty of care by failing to adequately assess cardiac risk, failing to ensure safe rehabilitation conditions, failing to secure complete medical history before initiating physical therapy, and failing to timely prevent or respond to signs of acute distress.

110. Plaintiffs further allege that Dr. Cheryl Moore signed a death certificate omitting the acute heart attack documented in Beaumont records and instead listing COVID-19 and atherosclerotic disease, despite not being the treating physician during THELMA BELLE's final hospitalization and not having treated her for approximately three years.

111. The omission of the acute cardiac event materially obscured the immediate precipitating circumstances of death occurring after physical therapy at Evergreen.

112. As a direct and proximate result of these acts and omissions, Plaintiffs suffered the wrongful death of their mother, emotional distress, loss of companionship, loss of familial support, and other damages recoverable under Michigan law.

## COUNT VII
## CIVIL CONSPIRACY TO CONCEAL WRONGFUL DEATHS, SUPPRESS LIABILITY, AND DEPRIVE PLAINTIFFS OF PROPERTY
## 42 U.S.C. § 1985(3) and Michigan Common Law
## (Against All Defendants and Additional John/Jane Doe Participants)

113. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

114. Defendants, acting individually and in concert with one another, engaged in a continuing pattern of coordinated conduct designed to suppress liability arising from the deaths of HUGH BELLE and THELMA BELLE and thereby weaken Plaintiffs' ability to preserve their inheritance and defend title to the family home.

115. Following the death of HUGH BELLE, official certification omitted the traumatic injury sequence stemming from the fall at the Wayne County Treasurer's Office, while public records requests for emergency response and incident records were denied, delayed, or certified as nonexistent despite contrary medical evidence.

116. Following the death of THELMA BELLE, Beaumont records documented an acute heart attack after physical therapy at Evergreen, yet the official death certificate omitted that acute event and was signed by a physician who was not involved in her final hospitalization.

117. Plaintiffs allege that these omissions, denials, inconsistencies, and procedural irregularities were not isolated events but formed part of a continuing pattern by which institutional and governmental actors avoided scrutiny, avoided liability exposure, and deprived Plaintiffs of resources necessary to stabilize the family estate.

118. As direct and foreseeable consequences of the concealment of liability surrounding both parental deaths, Plaintiffs were deprived of potential legal recovery, financial stability, and the ability to protect the subject property from subsequent foreclosure and forced dispossession.

119. Plaintiffs further allege that the suppression of liability relating to both deaths materially contributed to the chain of events culminating in foreclosure proceedings against parties lacking legal title, the sheriff's sale of March 13, 2025, and eviction proceedings pursued despite Plaintiffs' vested ownership rights.

120. In furtherance of this conspiracy, overt acts included but were not limited to omission of acute medical events from official death certifications, denial of material public records, issuance of conflicting governmental records, pursuit of foreclosure against deceased persons without title, and judicial proceedings conducted under unresolved conflict conditions.

121. Plaintiffs have suffered damages including wrongful loss of parental support, emotional distress, deprivation of potential legal remedies, threatened loss of inherited property, and continuing constitutional injury.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Issue emergency temporary restraining and preliminary injunctive relief immediately staying all eviction proceedings and any writ of possession arising from the sheriff's sale of March 13, 2025 pending resolution of this action;

B. Enter a declaratory judgment declaring the sheriff's sale void ab initio and quieting title to the subject property in Plaintiffs' names;

C. Award compensatory damages against Defendants, jointly and severally, in an amount to be determined at trial;

D. Award punitive damages against the individual Defendants for willful, wanton, and malicious conduct where permitted by law;

E. Compel disclosure of responsive non-exempt public records;

F. Award Plaintiffs their costs of suit; and

G. Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

**VERIFICATION**

I, ANITA BELLE, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified Amended Complaint and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on: 7/14/2026

ANITA BELLE
18437 Pennington Dr.
Detroit, MI 48221
313-740-4238
baraka.enterprises@gmail.com

Plaintiff, Pro Se

I, KAREN MUNTU, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified Amended Complaint and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on: July 14, 2026

KAREN MUNTU
18437 Pennington Dr.
Detroit, MI 48221
718-916-6194
kbmuntu@yahoo.com

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

ANITA BELLE and KAREN MUNTU, Plaintiffs, v. WAYNE COUNTY, et al., Defendants.

Case No. 2:26-cv-11509 — Hon. Mark A. Goldsmith

# INDEX OF EXHIBITS TO VERIFIED AMENDED COMPLAINT

| Exhibit | Description | Cited At |
|---|---|---|
| **A** | Death Certificate of Hugh Belle | ¶ 29 |
| **B** | The Lady Bird Deed (Enhanced Life Estate Deed), 18437 Pennington Dr. | ¶ 45 |
| **C** | Death Certificate of Thelma Belle | ¶ 46 |
| **D** | Sheriff's Deed, 18437 Pennington Dr. (March 13, 2025 sale) | ¶ 51 |
| **E** | Stenographer's Certificate confirming no record of the October 20, 2025 hearing | ¶ 63 |
| **F** | 36th District Court Register of Actions, Case No. 25355709-LT, as downloaded November 26, 2025 | ¶ 66 |
| **G** | 36th District Court Register of Actions, Case No. 25355709-LT, as downloaded April 24, 2026 | ¶ 66 |
| **H** | Michigan FOIA Requests submitted October 17, 2025 (Detroit Police/911, Detroit Fire EMS, Wayne County Corporation Counsel) | ¶ 68 |
| **I** | FOIA Response from the City of Detroit | ¶ 69 |
| **J** | FOIA Responses from Wayne County Corporation Counsel | ¶ 70 |

| Exhibit | Description | Cited At |
|---|---|---|
| **K** | Detroit EMS Event Report No. 2019 308 01928 | ¶ 71 |
| **L** | Redacted Detroit Receiving Hospital Surgical Records, November 5, 2019 | ¶ 32 |
| **M** | Chief Judge McConico's Local Administrative Order Governing Disqualification and Reassignment, 36th District Court | ¶ 67 |

# Exhibits A-G

# Exhibit A

STATE OF MICHIGAN
CERTIFICATION OF VITAL RECORD

# COUNTY OF WAYNE

LF 7743
CF

STATE OF MICHIGAN
DEPARTMENT OF HEALTH AND HUMAN SERVICES
CERTIFICATE OF DEATH

STATE FILE NUMBER 290816

**DECEDENT**

| Field | Entry |
|---|---|
| 1. Decedent's Name (First, Middle, Last) | Hugh Lee Belle |
| 2. Date of Birth | [redacted] |
| 3. Sex | Male |
| 4. Date of Death | December 10, 2019 |
| 5. Name at death or other name used for personal business | |
| 6a. Age - Last Birthday (Years) | 91 |
| 6b. Under 1 Year (Months / Days) | |
| 6c. Under 1 Day (Hours / Minutes) | |
| 7a. Location of Death | [redacted] |
| 7b. City, Village or Township of Death | [redacted] |
| 7c. County of Death | Wayne |
| 8a. Current Residence - State | Michigan |
| 8b. County | Wayne |
| 8c. Locality | Detroit |
| 8d. Street and Number | [redacted] |
| 8e. Zip Code | [redacted] |
| 9. Birth Place | [redacted] |
| 10. Social Security Number | [redacted] |
| 11. Decedent's Education | Some College |
| 12. Race | Black |
| 13a. Ancestry | African-American |
| 13b. Hispanic Origin | No |
| 14. Ever in the U.S. Armed Forces? | Yes |
| 15. Usual Occupation | Agent |
| 16. Kind of Business or Industry | Life Insurance |
| 17. Marital Status | Divorced |
| 18. Name of Surviving Spouse | |

**PARENTS**

| Field | Entry |
|---|---|
| 19. Father's Name (First, Middle, Last) | [redacted] |
| 20. Mother's Name Before First Married (First, Middle, Last) | [redacted] |

**INFORMANT**

| Field | Entry |
|---|---|
| 21a. Informant's Name | Anita Belle |
| 21b. Relationship to Decedent | Daughter |
| 21c. Mailing Address | 18437 Pennington, Detroit, Michigan 48221 |

**DISPOSITION**

| Field | Entry |
|---|---|
| 22. Method of Disposition | Burial |
| 23a. Place of Disposition | Great Lakes National Cemetery |
| 23b. Location - City/Village, State | Holly, Michigan |
| 24. Signature of Mortuary Science Licensee | India Ramsey |
| 25. License Number | 4501008160 |
| 26. Name and Address of Funeral Facility | James H. Cole Home for Funerals - Main Chapel, 2624 W. Grand Blvd., Detroit, Michigan 48208 |

**CERTIFICATION**

| Field | Entry |
|---|---|
| 27a. Certifier | ☒ Certifying Physician ☐ Medical Examiner |
| Signature | Ramin Rafie, MD |
| 27b. Date Signed | December 19, 2019 |
| 27c. License Number | 4301091481 |
| 28a. Actual or Presumed Time of Death | Unknown |
| 28b. Pronounced Dead On | December 10, 2019 |
| 28c. Time Pronounced Dead | 18:25 Military Time |
| 29. Medical Examiner Contacted | Yes |
| 30. Place of Death | Home |
| 31. If Hospital | |
| 32. Medical Examiner's Case Number | 19-14868 |
| 33. Name of Attending Physician if Other Than Certifier | |
| 34. Name and Address of Certifying Physician | Ramin Rafie, MD, 21540 W. 11 Mile Rd, Southfield, Michigan 48076 |
| 35a. Registrar's Signature | Cathy M. Garrett |
| 35b. Date Filed | December 23, 2019 |

**CAUSE OF DEATH**

36. PART I.

| | Cause | Approximate Interval Between Onset and Death |
|---|---|---|
| a. Immediate cause | Malignant Neoplasm Prostate | Months |
| b. Due to (or as a consequence of) | | |
| c. Due to (or as a consequence of) | | |
| d. Due to (or as a consequence of) | | |

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I:

37. Did tobacco use contribute to death? ☐ Yes ☐ Probably ☒ No ☐ Unknown

38. If female: ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past year

| Field | Entry |
|---|---|
| 39. Manner of Death | Natural |
| 40a. Was an Autopsy Performed? | No |
| 40b. Were Autopsy Findings Available Prior to Completion of Cause of Death? | Not Applicable |

**MEDICAL EXAMINER**

| 41a. Date of Injury | 41b. Time of Injury | 41c. Describe How Injury Occurred |
|---|---|---|
| | | |

| 41d. Injury at Work | 41e. Place of Injury | 41f. If Transportation Injury | 41g. Location |
|---|---|---|---|
| | | | |

334057

SEAL OF THE CHARTER COUNTY OF WAYNE MICHIGAN 1796

WARNING:
ANY REPRODUCTION IS PROHIBITED BY LAW. DO NOT ACCEPT UNLESS ON SECURITY PAPER WITH COLORED BACKGROUND AND TACTILE HOLOGRAPHIC SEAL IN BOTTOM RIGHT CORNER. NOT VALID IF PHOTOCOPIED.

DEC 23 2019
DATE

I, CATHY M. GARRETT, CLERK OF SAID COUNTY OF WAYNE DO HEREBY CERTIFY that the foregoing is a true and exact copy of the original document on file in my office.

Cathy M. Garrett
CATHY M. GARRETT
Wayne County Clerk

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# Exhibit B

# QUIT CLAIM DEED

(Enhanced Life Estate Deed)

**PREPARED BY:**
Anita E Belle
18437 Pennington Dr
Detroit, Michigan 48221

**RETURN RECORDED DEED TO:**
Anita E Belle
18437 Pennington Dr
Detroit, Michigan 48221

**REAL ESTATE TRANSFER TAX EXEMPTION STATEMENT:** This transfer is exempt from Michigan Real Estate Transfer Tax under the provisions of MCL § 207.526(j) for the following reason: This deed is a conveyance from an individual to that individual's child, stepchild, or adopted child. Also exempt under MCL § 207.505 (a): Instruments where the value of the consideration is less than $100.00.

FOR AND IN CONSIDERATION OF love and affection for the Remainder Beneficiaries described herein and no other consideration, Thelma L Belle, an unmarried woman, with an address of 18437 Pennington Dr, Detroit, Michigan 48221 (the "Grantor"), hereby quit claims unto Thelma L Belle, an unmarried woman, with an address of 18437 Pennington Dr, Detroit, Michigan 48221 (the "Life Tenant"), for her lifetime, and on the death of the Life Tenant, the remainder, if any, to Anita E Belle, an unmarried woman, with an address of 18437 Pennington Dr, Detroit, Michigan 48221 and Karen Belle Muntu, an unmarried woman, with an address of 4622 Ave. M, Brooklyn, New York 11234, each with equal interests as tenants in common (collectively, the "Remainder Beneficiaries"), all of Grantor's right, title, interest, and claim in or to the real property located in Wayne County, Michigan, described as follows (the "Property"):

Lot 737, and 1/2 vacated alley, Canterbury Gardens Number 2, as recorded in Liber 45, Page 86 of Plats Wayne County Records.

Property Tax Number: 16/026487

Property Address: 18437 Pennington Drive, Detroit, MI 48221-2143

TO HAVE AND TO HOLD, together with all and singular appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, lien, interest, and claim whatsoever of Grantor, either in law or equity, to the proper use, benefit, and behalf of the Remainder Beneficiaries and Remainder Beneficiaries' successors and assigns, forever.

Grantor reserves an unrestricted power to convey the Property during her lifetime. This power to convey creates a general inter vivos power of appointment, which includes the power to sell, gift, mortgage, and lease (or otherwise dispose of the Property) and to retain the proceeds from the conveyance. If not previously disposed of prior to her death, then the property is conveyed to the Remainder Beneficiaries. For purposes of determining whether the Property was previously disposed of as described in this paragraph, a subsequent mortgage by Grantor shall not be a conveyance, but only a grant of a security interest.

This conveyance is subject to the following:

1. All validly existing easements, rights-of-way, and prescriptive rights, whether or not of record;
2. All other presently recorded and validly existing restrictive covenants and reservations of oil, gas, and other minerals that affect the Property;
3. All other presently recorded and validly existing instruments that affect the Property;
4. Taxes and assessments for the current year and all subsequent years; and
5. Zoning and other governmental regulations.

By signing this Quit Claim Deed, Grantor quitclaims whatever interest Grantor may have in the Property to the Life Tenant, with the remainder, if any, to the Remainder Beneficiaries.

Grantor owned the Property with Hugh L Belle, deceased, as joint tenants with right of survivorship, as evidenced by the Warranty Deed signed on September 19, 2019, and recorded in the land records of Wayne County 55338/44. Hugh L Belle, deceased, died on December 10, 2019. ~~as evidenced by the attached death certificate issued by the State of Michigan.~~

This property may be located within the vicinity of farm land or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan right to farm act. The Grantor

grants to the Remainder Beneficiaries the right to make all division(s) under section 108 of the land division act, 1967 PA 288, MCL 560.108.

Signed by the Grantor, Thelma L Belle, on Jan. 28, ____, 2020.

Thelma L Belle
Thelma L Belle

STATE OF MICHIGAN
COUNTY OF Wayne

The foregoing instrument was acknowledged before me on January 28th, 2020 by Thelma L Belle.

Beverly Henderson
Notary Public
My Commission Expires: 1-19-2026
Acting in the County of Wayne

~~Attached: Death Certificate of Hugh Lee Belle~~

BEVERLY HENDERSON
Notary Public - State of Michigan
County of Macomb
My Commission Expires Jan 19, 2026
Acting in the County of Wayne

BEVERLY HENDERSON NOTARY PUBLIC MY COMMISSION EXPIRES JAN 19 2026

Wayne County Register of Deeds

Self Service

Home

Previous Result | Next Result

Image Not Available

Document Type

QUIT CLAIM DEED

General Data

**Document Number:** 2020030233

**Recording Date:** 02/05/2020 12:46:04 PM

**Entry Date:** 02/05/2020 12:00:00 AM

**Number Pages:** 3

**Dated Date:** 01/28/2020

**Consideration (Loan Amount):** $0.00

**Recording Fee:** $21.00

| Book | Page |
|---|---|
| 55562 | 774 |
| 55562 | 775 |
| 55562 | 776 |

**Total Fees:** $21.00

Return

**Return To:** ANITA E BELLE

**Mailback Date:** Wed Feb 05 00:00:00 EST 2020

Alternate Address

Names

**Grantor:** BELLE THELMA L SINGLE

**Grantee :** BELLE THELMA L SINGLE

Notary Name

BEVERLY HENDERSON

Cross Reference

**Book:** 55338 **Internal**

**Page:** 44

**Document Type:** WARRANTY DEED

Back to Search

# Exhibit C

LF E 0858
CF 2021-06653

**STATE OF MICHIGAN**
**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**CERTIFICATE OF DEATH**

STATE FILE NUMBER 048879

DECEDENT

1. DECEDENT'S NAME (First, Middle, Last): Thelma Leetta Belle
2. DATE OF BIRTH: [redacted]
3. SEX: Female
4. DATE OF DEATH: June 02, 2021
5. NAME AT BIRTH OR OTHER NAME USED FOR PERSONAL BUSINESS: Thelma Leetta Cook
6a. AGE - Last Birthday (Years): 93
6b. UNDER 1 YEAR: MONTHS / DAYS
6c. UNDER 1 DAY: HOURS / MINUTES
7a. LOCATION OF DEATH: Beaumont Hospital Royal Oak
7b. CITY, VILLAGE OR TOWNSHIP OF DEATH: Royal Oak
7c. COUNTY OF DEATH: Oakland
8a. CURRENT RESIDENCE - STATE: Michigan
8b. COUNTY: Wayne
8c. LOCALITY: Detroit
8d. STREET AND NUMBER: [redacted]
8e. ZIP CODE: [redacted]
9. BIRTH PLACE: [redacted]
10. SOCIAL SECURITY NUMBER: [redacted]
11. DECEDENT'S EDUCATION: Associate degree
12. RACE: Black
13a. ANCESTRY: African American
13b. HISPANIC ORIGIN: No
14. EVER IN THE U.S. ARMED FORCES?: No
15. USUAL OCCUPATION: Maintenance/Janitorial Worker
16. KIND OF BUSINESS OR INDUSTRY: Automotive
17. MARITAL STATUS: Divorced
18. NAME OF SURVIVING SPOUSE (If wife, give name before first married):

PARENTS

19. FATHER'S NAME (First, Middle, Last): [redacted]
20. MOTHER'S NAME BEFORE FIRST MARRIED (First, Middle, Last): [redacted]

INFORMANT

21a. INFORMANT'S NAME: Anita Belle
21b. RELATIONSHIP TO DECEDENT: Daughter
21c. MAILING ADDRESS: [redacted]

DISPOSITION

22. METHOD OF DISPOSITION: Cremation
23a. PLACE OF DISPOSITION: Southern Michigan Services
23b. LOCATION - City or Village, State: Livonia, Michigan
24. SIGNATURE OF MORTUARY SCIENCE LICENSEE: Alexis Akins
25. LICENSE NUMBER: 4501008214
26. NAME AND ADDRESS OF FUNERAL FACILITY: James H. Cole Home for Funerals - Main Chapel, 2624 W. Grand Blvd., Detroit, Michigan 48208

CERTIFICATION

27a. CERTIFIER
☒ Certifying Physician - To the best of my knowledge, death occured due to the (cause)s and manner stated.
☐ Medical Examiner - On the basis of examination, and/or investigation, in my opinion, death occured at the time, date, and place, and due to the cause(s) and manner stated.
Signature and Title: Cheryl Moore, MD
27b. DATE SIGNED: June 14, 2021
27c. LICENSE NUMBER: 4301048412
28a. ACTUAL OR PRESUMED TIME OF DEATH: 11:17 AM
28b. PRONOUNCED DEAD ON: June 02, 2021
28c. TIME PRONOUNCED DEAD: 11:17 AM
29. MEDICAL EXAMINER CONTACTED: Yes
30. PLACE OF DEATH: Hospital
31. IF HOSPITAL: Emergency room
32. MEDICAL EXAMINER'S CASE NUMBER: 21-3703
33. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER:
34. NAME AND ADDRESS OF CERTIFYING PHYSICIAN: Cheryl Moore, MD, 6001 W. Outer Dr. No. 205, Detroit, Michigan 48235
35a. REGISTRAR'S SIGNATURE: Melanie Halas
35b. DATE FILED: June 15, 2021

CAUSE OF DEATH

36. PART I. ENTER the chain of events- diseases, injuries or complications - that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest or ventricular fibrillation without showing the etiology. Enter only one cause on line.

If diabetes was an underlying or contributing cause of death be sure to record diabetes in either Part I or Part II of the cause of death section, as

IMMEDIATE CAUSE (Final disease or condition resulting in death)

Sequentially list IF ANY, leading to the listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting LAST

a. Coronary Arteriosclerosis — Approximate Interval Between Onset and Death: Years
b. DUE TO (OR AS A CONSEQUENCE OF)
c. DUE TO (OR AS A CONSEQUENCE OF)
d. DUE TO (OR AS A CONSEQUENCE OF)

PART II. OTHER SIGNIFICANT CONDITIONS contributing to death but not resulting in the underlying cause given in Part I: COVID Infection

37. DID TOBACCO USE CONTRIBUTE TO DEATH?
☐ Yes ☐ Probably
☒ No ☐ Unknown

38. IF FEMALE
☐ Not pregnant within past year
☐ Pregnant at time of death
☐ Not pregnant, but pregnant within 42 days of death
☐ Unknown if pregnant within the past year
☐ Not pregnant, but pregnant 43 days to 1 year before death

39. MANNER OF DEATH: Natural
40a. WAS AN AUTOPSY PERFORMED?: No
40b. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH?: Not Applicable

MEDICAL EXAMINER

41a. DATE OF INJURY
41b. TIME OF INJURY
41c. DESCRIBE HOW INJURY OCCURRED
41d. INJURY AT WORK
41e. PLACE OF INJURY
41f. IF TRANSPORTATION INJURY
41g. LOCATION

elanie Halas, Clerk of the City of Royal Oak, Oakland County, Michigan, do hereby certify that the foregoing is a true copy of the record now remaining in my office

668535

Melanie Halas
Melanie Ha
City of Royal Oak, Michig

This copy is not valid unless displaying embossed seal and registrar signature.
WARNING! It is illegal to duplicate this copy by Photostat or Photograph. VALID ONLY WITH EMBOSSED SEAL.

# Exhibit D

2025 MAY -8 AM 9:54

Bernard J. Youngblood
Wayne County Register of Deeds
2025164843 L: 59538 P: 196
05/08/2025 09:54 AM WD Total Pages: 2

## WARRANTY DEED

Nations Direct Mortgage, LLC whose address is c/o PHH Mortgage Corporation 1661 Worthington Road, Suite 100 West palm Beach, Florida 33409 (Grantor), conveys and warrants to Secretary Of Veterans Affairs, an Officer of the United States of America, successors and assigns, whose address is c/o Department of Veterans Affairs, Loan Guaranty Service, 3401 West End Avenue, Suite 760W, Nashville, TN 37203 (Grantee) real property situated in the City of Detroit, Wayne County, Michigan, commonly known as: 18437 Pennington Dr, Detroit, MI 48221-2143 and more particularly described in Exhibit A attached hereto for the sum of One Dollar ($1.00), subject to Sheriff's Deed recorded on March 26, 2025 in Liber 59439 on Page 657 in Instrument 2025107289 and to easements and building and use restrictions of record and the lien of taxes not yet due and payable.

Dated this 23rd day of April, 2025

Signed:

Nations Direct Mortgage, LLC, by its attorney-in-fact PHH Mortgage Corporation

Grantor

By ____________________

Printed Name: Oscar Giraldo

Its Contract Management Coordinator

STATE OF FLORIDA )
)SS.
COUNTY OF PALM BEACH )

This instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization in PALM BEACH County, State of FLORIDA, on this 23 day of April, 2025, by Oscar Giraldo as Contract Management Coordinator of PHH Mortgage Corporation as attorney-in-fact for Nations Direct Mortgage, LLC who is personally known to me or who has produced ——— as identification.

DIEGO FABIAN ROJAS
Notary Public - State of Florida
Commission # HH 503792
My Comm. Expires Apr 28, 2028
Bonded through National Notary Assn.

Diego Fabian Rojas Notary public
State of FLORIDA, County of PALM BEACH
My commission expires 4/28/2028
Acting in the County of PALM BEACH

EXEMPT UNDER: Sec 5(h)(iii) of Act 67, P.A. 1969 as amended; MCL 207.526(h)(iii); MCL 207.505(h)(iii)

| When Recorded Return To: | Send Subsequent Tax Bills To: | Drafted by: Kenneth E. Kurel |
|---|---|---|
| Trott Law, P.C.<br>31440 Northwestern Hwy., Ste. 145<br>Farmington Hills MI 48334-5422 | VRM<br>Attn: VA REO -- VA Title Dept.<br>4100 International Pkwy<br>Suite 1000<br>Carrollton, TX 75007 | Trott Law, P.C.<br>31440 Northwestern Hwy., Ste. 145<br>Farmington Hills MI 48334-5422 |

Tax Parcel #16 026487
Trott # 504874F05

Bello, Hugh L.

Revenue Stamps Exempt
VA# 29-29-6-0810707

EXHIBIT A - Property Legal Description

Lot 737, and 1/2 vacated alley, Canterbury Gardens Number 2, as recorded in Liber 45, Page 86 of Plats Wayne County Records.

Trott # 504874F05 Belle, Hugh L. VA# 29-29-6-0810707

This is to certify that there are no delinquent property taxes owed to our office for this property for five years prior to the date of this instrument. No representation is made as to the status of any tax liens or titles owed to any other entities

No: 5224 Not Examined

Date 4-20-2025 WAYNE COUNTY TREASURER Clerk

FILE DO NOT MAIL

2025 MAR 26 PM 3:04

Bernard J. Youngblood
Wayne County Register of Deeds
2025107289 L: 59439 P: 657
03/26/2025 03:04 PM SHD Total Pages: 6

MICHIGAN REAL ESTATE TRANSFER TAX
Wayne County Tax Stamp #
03/26/2025
Receipt# 25-101931 L: 59439 P: 657
State Tax: $0.00 County Tax: $0.00

## SHERIFF'S DEED ON MORTGAGE SALE

504874F05 Belle - FC H

This Indenture Made this 13th day of March, A.D. 2025, between, Monique Cobb, a Deputy Sheriff in and for Wayne County, Michigan, party of the first part, and Nations Direct Mortgage, LLC, whose address is 1 Mortgage Way, Mount Laurel, NJ 08054-4637, party of the second part (hereinafter called the grantee).

WITNESSETH, That Whereas a certain mortgage was granted by Hugh L. Belle and Thelma L. Belle, joint tenants, mortgagor(s), to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for lender and lender's successors and/or assigns, Mortgagee, dated September 19, 2019, and recorded on October 9, 2019 in Liber 55324 on Page 1479 in Instrument 2019285388, and assigned by said Mortgagee to Nations Direct Mortgage, LLC as assignee as documented by an assignment dated July 5, 2023 recorded on July 10, 2023 in Liber 58336 on Page 1312 in Instrument 2023186992, in Wayne County Records, Michigan, and

WHEREAS, said mortgage contained a power of sale which has become operative by reason of a default in the condition of said mortgage, and

WHEREAS, no suit or proceedings at law or in equity have been instituted to recover the debt secured by said mortgage or any part thereof, and

WHEREAS, by virtue of said power of sale, and pursuant to the statute of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in said mortgage, that the said premises, or some part of them, would be sold at 11:00 AM on the 13th day of March, A.D. 2025, at public vendue, that being the place of holding the Circuit Court for Wayne County where the premises are situated and

WHEREAS, pursuant to said notice I did, at on the day last aforesaid, expose for sale at public vendue the said lands and tenements hereinafter described, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of Two Hundred Eight Thousand Seven Hundred Five and 03/100 Dollars ($208,705.03), that being the highest bid therefore and the grantee being the highest bidder, and

WHEREAS, said lands and tenements are situated in the City of Detroit, Wayne County, Michigan, more particularly described in exhibit A, attached and commonly known as: 18437 Pennington Dr

Property Tax Parcel ID 16 026487

This property may be located within the vicinity of farmland or a farm operation. Generally, accepted agricultural and management practices, which may generate noise, dust, odors, and other associated conditions, may be used and are protected by the Michigan right to farm act.

Now, this Indenture Witnesseth, That I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain and sell unto the grantee, its successors and assigns, forever, all the estate, right, title and interest, which the said Mortgagor(s) had in said land and tenements and every part thereof, on the 19th day of September A.D. 2019, that being the date of said mortgage, or at any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoof forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could or ought to sell the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, the date and year first above written.

[signature] Monique Cobb

Deputy Sheriff in and for the County of Wayne

STATE OF MICHIGAN
COUNTY OF WAYNE

On 3/13/2025, before me, a Notary Public in and for said County of Wayne came Monique Cobb, a Deputy Sheriff of Wayne County, known to me to be the individual described in and who executed the above conveyance, and who acknowledged that she/he executed the same to be her/his free act and deed as such Deputy Sheriff.

[signature] Valerie Johnson

Notary Public, Wayne County, Michigan
My commission expires:
Acting in the county of Wayne

Valerie Johnson
Notary Public - State of Michigan
Wayne County
My Commission Expires March 21, 2029
Acting in the County of ________

THIS INSTRUMENT IS EXEMPT FROM MICHIGAN TRANSFER TAX UNDER MCL 207.526(v); MCL 207.505(h)(ii); and MCL 207.526(h)(ii).

Prepared By: Heide M. Myszak (P56449)
Trott Law, P.C. 31440 Northwestern Hwy., Ste. 145, Farmington Hills, MI 48334-5422

VA #29-29-6-0810707

**Exhibit A - Property Description**

Lot 737, and 1/2 vacated alley, Canterbury Gardens Number 2, as recorded in Liber 45, Page 86 of Plats Wayne County Records.

504874F05 Belle - FC H

VA #29-29-6-0810707

2025107289 Page 3 of 6

**Team H - Hugh L. Belle**

Notice of Foreclosure by Advertisement Notice is given under section 3212 of the revised judicature act of 1961, 1961 PA 236, MCL 600.3212, that the following mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at a public auction sale to the highest bidder for cash or cashier's check at the place of holding the circuit court in Wayne County, starting promptly at 11:00 AM, on March 13, 2025. The amount due on the mortgage may be greater on the day of sale. Placing the highest bid at the sale does not automatically entitle the purchaser to free and clear ownership of the property. A potential purchaser is encouraged to contact the county register of deeds office or a title insurance company, either of which may charge a fee for this information: Name(s) of the mortgagor(s): Hugh L. Belle and Thelma L. Belle, joint tenants Original Mortgagee: Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for lender and lender's successors and/or assigns Foreclosing Assignee (if any): Nations Direct Mortgage, LLC Date of Mortgage: September 19, 2019 Date of Mortgage Recording: October 9, 2019 Amount claimed due on date of notice: $207,003.23 Description of the mortgaged premises: Situated in City of Detroit, Wayne County, Michigan, and described as: Lot 737, and 1/2 vacated alley, Canterbury Gardens Number 2, as recorded in Liber 45, Page 86 of Plats Wayne County Records. Common street address (if any): 18437 Pennington Dr, Detroit, MI 48221-2143 The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCL 600.3241a; or, if the subject real property is used for agricultural purposes as defined by MCL 600.3240(16). If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period. Attention homeowner: If you are a military service member on active duty, if your period of active duty has concluded less than 90 days ago, or if you have been ordered to active duty, please contact the attorney for the party foreclosing the mortgage at the telephone number stated in this notice. This notice is from a debt collector. Date of notice: February 4, 2025 Trott Law, P.C. 31440 Northwestern Hwy, Suite 145 Farmington Hills, MI 48334 (248) 642-2515 1552303
(02-04)(02-25)

## AFFIDAVIT OF PUBLICATION

(Affidavit of Publisher)

STATE OF MICHIGAN,
ss.
COUNTY OF OAKLAND

The undersigned, an employee of the publisher of Detroit Legal News, having knowledge of the facts, being duly sworn deposes and says that a notice, a true copy of which is annexed hereto, was published in Detroit Legal News a newspaper circulated in Wayne County on February 4, February 11, February 18, February 25, 2025 A.D.

Anna Graham

Subscribed and sworn before me on this 25th day of February 2025 A.D.

P McKenzie

Notary Public Saint Clair County, Michigan. My commission expires: September 10, 2025 Acting in Oakland County, Michigan.

| | |
|---|---|
| Attorney: | Trott Law P.C. - Trott Law P.C. (team h) Wayne |
| AttorneyFile#: | 504874F05 |
| Notice#: | 1552303 |
| County: | Wayne |

**Team H - Hugh L. Belle**

Notice of Foreclosure by Advertisement Notice is given under section 3212 of the revised judicature act of 1961, 1961 PA 236, MCL 600.3212, that the following mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at a public auction sale to the highest bidder for cash or cashier's check at the place of holding the circuit court in Wayne County, starting promptly at 11:00 AM, on March 13, 2025. The amount due on the mortgage may be greater on the day of sale. Placing the highest bid at the sale does not automatically entitle the purchaser to free and clear ownership of the property. A potential purchaser is encouraged to contact the county register of deeds office or a title insurance company, either of which may charge a fee for this information: Name(s) of the mortgagor(s): Hugh L. Belle and Thelma L. Belle, joint tenants Original Mortgagee: Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for lender and lender's successors and/or assigns Foreclosing Assignee (if any): Nations Direct Mortgage, LLC Date of Mortgage: September 19, 2019 Date of Mortgage Recording: October 9, 2019 Amount claimed due on date of notice: $207,003.23 Description of the mortgaged premises: Situated in City of Detroit, Wayne County, Michigan, and described as: Lot 737, and 1/2 vacated alley, Canterbury Gardens Number 2, as recorded in Liber 45, Page 86 of Plats Wayne County Records. Common street address (if any): 18437 Pennington Dr, Detroit, MI 48221-2143 The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCL 600.3241a; or, if the subject real property is used for agricultural purposes as defined by MCL 600.3240(16). If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period. Attention homeowner: If you are a military service member on active duty, if your period of active duty has concluded less than 90 days ago, or if you have been ordered to active duty, please contact the attorney for the party foreclosing the mortgage at the telephone number stated in this notice. This notice is from a debt collector. Date of notice: February 4, 2025 Trott Law, P.C. 31440 Northwestern Hwy, Suite 145 Farmington Hills, MI 48334 (248) 642-2515 1552303
(02-04)(02-25)

**EVIDENCE OF SALE**

(Affidavit of Posting)

STATE OF MICHIGAN,
ss.
COUNTY OF OAKLAND

Mark Zobel being duly sworn, deposes that on the 14th day of February, 2025 A.D, he/she posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to 18437 Pennington Dr, Detroit, MI 48221.

_______________________
Mark Zobel

Subscribed and sworn before me on this 19th day of February 2025 A.D.

_______________________
Sheree B. Glynn

Notary Public Oakland County, Michigan. My commission expires: February 5, 2027 . Acting in Oakland County, Michigan.

CHECK IF
☐ Vacant
☐ Multi Unit ☐ Upper Unit ☐ Lower Unit
☐ Multi-Address ☐ Unit 1 ☐ Unit 2 ☐ Unit A ☐ Unit B
☐ Condo ☐ Mobile/Manufactured Home ☐ No Dwelling

Attorney Office: Trott Law P.C.
Attorney File #: 504874F05
Notice ID: 1552303

25-209

NON-MILITARY AFFIDAVIT
Belle, Hugh

Trott# 504874F05

ORIGINAL

STATE OF MICHIGAN
SS.
COUNTY OF OAKLAND

The undersigned, being first duly sworn, deposes and says that upon investigation she/he is informed and believes that no borrower(s) are currently in active military service of the United States.

Heide M. Myszak Attorney, Trott Law, PC

Signed and sworn to before me in OAKLAND County, MICHIGAN, on this 11th day of March, 2025 by Heide M. Myszak, Attorney, Trott Law, PC

Nicole Rickman, Notary public
State of Michigan, County of Macomb
My commission expires August 1, 2029
Acting in the County of Oakland

EVIDENCE OF SALE (Affidavit of Auctioneer)
STATE OF MICHIGAN
SS.
COUNTY OF WAYNE

Monique Cobb

, being duly sworn, deposes and says that she/he is a Deputy Sheriff of said Wayne; that she/he acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the annexed printed notice: that said sale was opened at 11:00 AM on the 13th day of March, A.D. 2025, at the Wayne County Circuit Court Building in the Coleman A. Young Municipal Center in Detroit, Michigan, that being the place of holding the Circuit Court in said Wayne County; that the highest bid for the lands and tenements therein described was Two Hundred Eight Thousand Seven Hundred Five and 03/100 Dollars dollars $208,705.03 made by Nations Direct Mortgage, LLC; that said sale was in all respects open and fair; and that she/he did strike off and sell lands and tenements to said bidders, which purchased the said lands and tenements fairly, and in good faith, as deponent verily believes.

I DO HEREBY CERTIFY that the last day to redeem is September 13, 2025, after which the within Sheriff's Deed will become operative, unless determined abandoned in accordance with MCLA 600.3241a, or unless redeemed according to the law, in such case made and provided.

Monique Cobb

Deputy Sheriff in and for Wayne County, Michigan

Signed and sworn to before me in Wayne County, Michigan, on 3/13/2025

Valerie Johnson
Notary Public, ____________ County, Michigan
My Commission Expires:
Acting in the county of Wayne

Prepared By:
Heide M. Myszak (P56449)
Trott Law, P.C.
31440 Northwestern Hwy., Ste. 145
Farmington Hills, MI 48334-5422
Trott # 504874F05

Valerie Johnson
Notary Public - State of Michigan
Wayne County
My Commission Expires March 21, 2029
Acting in the County of Wayne

**ATTN REGISTER OF DEEDS:** Please send all Redemption notifications and funds collected in your office to Nations Direct Mortgage, LLC c/o Trott Law, P.C., Post-Sale Unit, 31440 Northwestern Hwy., Ste. 145, Farmington Hills, MI 48334-5422.

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest. Please be advised that all 3rd party bidders are responsible for preparing and recording the Sheriff's Deed. TROTT LAW, P.C. Hereby expressly disclaims all liability relating to the foreclosure, preparation and recording of the Sheriff Deed.

## AFFIDAVIT OF PURCHASER

The Undersigned, being duly sworn, states as follows:

1. I am an employee of Trott Law, P.C. and am authorized as counsel to submit this Affidavit Of Purchaser. I have knowledge of the facts stated herein and am competent to testify concerning such facts regarding a foreclosure sale scheduled for March 13, 2025 with respect to certain real property (the "Property") commonly known as 18437 Pennington Dr.

2. **This affidavit may only be recorded and used by Nations Direct Mortgage, LLC in the event it is the successful purchaser of the property on March 13, 2025. No other purchaser may utilize this affidavit.**

3. The last date the Property may be redeemed is September 13, 2025. ANY REDEEMING PARTY SHOULD NOTE THAT THIS DATE MAY CHANGE AS SET FORTH IN SUBSEQUENT AFFIDAVITS OR AS PROVIDED BY APPLICABLE LAW.

4. The amount necessary to redeem the Property is $208,705.03 (Two Hundred Eight Thousand Seven Hundred Five and 03/100 Dollars), plus interest at a per diem rate of $30.02 from the date of sale to the date of redemption, plus any additional amounts that may be added pursuant to MCL 600.3240(4). ANY REDEEMING PARTY SHOULD NOTE THAT THIS AMOUNT MAY INCREASE to include amounts paid by Nations Direct Mortgage, LLC for taxes, amounts necessary to redeem senior liens, condominium assessments, homeowner association assessments, community association assessments, insurance premiums, or any other amounts as provided by MCL 600.3240(4), as well as interest thereon at the interest rate specified in the mortgage from the date of payment to the date of redemption.

5. Nations Direct Mortgage, LLC has designated Trott Law, P.C. as its designee responsible to assist an appropriate person redeeming the Property in computing the exact amount required to redeem the Property and to receive redemption funds. If you choose to utilize this assistance, contact Trott Law, P.C. at **RedemptionFigures@trottlaw.com** or by phone at (248) 593-1308. Pursuant to statute, Trott Law, P.C. will charge a fee of $250.00 (Two Hundred Fifty And 00/100 Dollars) if you opt to use this assistance.

FURTHER DEPONENT SAYETH NOT.

Dated 3/11/25

Heide M. Myszak(P56449)
Attorney For Nations Direct Mortgage, LLC
Trott Law, P.C.
31440 Northwestern Hwy., Ste. 145
Farmington Hills, MI 48334-5422

Signed and sworn to before me in Oakland County, Michigan, on 3/11/25 by Heide M. Myszak, Attorney for Nations Direct Mortgage, LLC.

Nicole Rickman, Notary public
State of Michigan, County of Macomb
My commission expires August 1, 2029
Acting in the County of Oakland

Prepared By:
Heide M. Myszak (P56449)
Trott Law, P.C.
31440 Northwestern Hwy., Ste. 145
Farmington Hills, MI 48334-5422

Trott #504874F05 Hugh L. Belle, Mortgagor(s).

# Exhibit E

JIS Code: RRC

| STATE OF MICHIGAN | REPORTER/RECORDER CERTIFICATE OF ORDERING TRANSCRIPT ON APPEAL | CASE NO. and JUDGE |
|---|---|---|
| 36th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>Wayne COUNTY | Appeal to: ☑ Court of Appeals ☐ Circuit | 379087 |

Court address: 421 Madison Ave, Detroit, MI 48226

Court telephone no.: (313) 965-2200

| Plaintiff's/Petitioner's name(s) and address(es) ☐ Appellant ☑ Appellee | v | Defendant's/Respondent's name(s) and address(es) ☑ Appellant ☐ Appellee |
|---|---|---|
| Secretary of Veterans Affairs | | All Occupants - Anita Belle (in pro per)<br>18437 Pennington Dr<br>Detroit, MI 48221 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Mirela Albu - P67035 (248) 594-5266<br>31440 Northwestern Hwy, Ste 145<br>Farmington Hills, MI 48334 | | Defendant's attorney, bar no., address, and telephone no.<br>N/A |

In the matter of Secretary of Veterans Affairs v All Occupants (Anita Belle - in pro per)

This certificate must be filed by the appellant or the reporter/recorder within 7 days after the transcript is ordered on appeals to the Court of Appeals. This certificate must be filed by the appellant within 7 days after the transcript is ordered on appeals to the circuit court.

I am a certified court reporter/recorder for the court designated above and I certify that:

1. On 10/20/25 (Date) ☐ a portion of the ☐ the complete transcript of proceedings, taken in this case before Hon. Judge Adam Ibn-Ramadan Sabree on ______ (Date(s)) ______ (Date(s)), was ordered by

   ☐ a. ______ (Attorney name (type or print)), attorney for ______ (Name (type or print)).

   ☑ b. the appellant, All Occupants (Anita Belle) (Name (type or print)).

   ☐ c. the appellee, ______ (Name (type or print)).

   ☐ d. the court.

2. Payment has been secured and the transcript will be furnished by me on or about N/A (Estimated date of completion).

   Estimated number of pages is N/A.

RECEIVED by MCOA 3/18/2026 12:28:34 PM



Distribute form to:
Appellate court
Trial court
Appellee/Attorney
Appellant/Attorney
Reporter/Recorder

SRA

**Reporter/Recorder Certificate of Ordering Transcript on Appeal** (8/24)
Page 2 of 2

**Case No.** 379087

☐ 3. The transcript has been filed with the court and furnished as requested. Date filed: ____________

☑ 4. There is no record to be transcribed for the following requested date(s): 10/20/25

03/18/2026
Date

Sharon E. Davis
Reporter/Recorder signature

Sharon E. Davis
Name (type or print)

CSMR 6609
Certification designation and number

421 Madison Ave
Business address

Detroit, MI 48226
City, state, zip

(313) 965-2200
Telephone no.

List names, certification designations and numbers, and dates of each proceeding of each reporter or recorder who reported or recorded or transcribed any part of the proceedings:

RECEIVED by MCOA 3/18/2026 12:28:34 PM

# Exhibit F

**The 36th District Court Case Search will currently only display case information for cases occurred within the last seven years.**

# 36TH DISTRICT COURT

## Register of Action

Return to Search

| | | |
|---|---|---|
| STATE OF MICHIGAN | | CASE NO: 25355709 LT |
| 36TH JUDICIAL DISTRICT | REGISTER OF ACTIONS | |

Court Address 421 MADISON AVENUE
DETROIT MI 48226

Court Telephone
313-965-5594

JUDGE OF RECORD: SHARPE,MONIQUE A., P-64630

P01 PLAINTIFF (CLSD)
SECRETARY OF VETERANS AFFAIRS//

Primary Attorney
P-67035
ALBU,MIRELA ,
31440 NORTHWESTERN HWY STE 145
FARMINGTON HILLS MI 48334
248-594-5266 0000

D01 DEFENDANT (CLSD)
ALL OCCUPANTS//
18437 PENNINGTON DR.
DETROIT MI 48221

| DATE | | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|---|
| 10/08/25 | | | |
| | P01 | SUMM & COMP TERMINATION OF TENANCY FILED | 878 |
| | D01 | SUMM & COMP BY PLAINTIFF ISSUED | 261 |
| | ALL | HEARING SCHEDULED 10/20/25 01:30P | 261 |
| | | FILING FEE PAID $55.00 RCPT # CH42712 | 261 |

Exhibit A

| | | | |
|---|---|---|---|
| | | LT 2ND MAIL PAID $13.00 RCPT # CH42712 | 261 |
| | P01 | SUMM & COMP 2ND MAILING MAILED REQUESTED | 261 |
| 10/09/25 | | | |
| | | D01 ADDRESS ADDED | 878 |
| | P01 | SUMM & COMP 2ND MAILING MAILED MAILED (D01 ) | 878 |
| 10/11/25 | | | |
| | D01 | SUMM & COMP PERSONALLY SERVED (JACKSON) | 811 |
| 10/17/25 | | | |
| | D01 | MOTION PAID | 814 |
| | | MOTN-REAL ES PAID $20.00 RCPT # CI75185 | 814 |
| | | CREDIT CARD TENDERED | 814 |
| | D01 | MOTION TO DISQUALIFY JUDGE FILED | 550 |
| | D01 | BRIEFS FILED | 550 |
| | D01 | AFFIDAVIT FILED | 550 |
| | D01 | NOTICE FILED | 550 |
| | D01 | PROOF FILED | 550 |
| 10/20/25 | | | |
| | D01 | MOTION PLEADING FOR CRT PICKUP REQUESTED | 550 |
| | | NOTICE OF MOTION, AND MOTION, BRIEF, AND | 550 |
| | | AFFIDAVIT TO DISQUALIFY JUDGE, PROOF OF | 550 |
| | | MAILING PLACED FOR COURTROOM PICK-UP. | 550 |
| | | JUDGE SABREE/CNEVELS/S.DAVIS#6609 | 051 |
| | | FILE IN COURTROOM 436 /COPIES MAILED OUT | 051 |
| | | PARTIES APPEARED/ | 051 |
| | D01 | NOTICE TO APPEAR ISSUED | 051 |
| | ALL | HEARING ADJOURNED 10/20/25 01:30P | 051 |
| | ALL | PRE-TRIAL SCHEDULED (IN PERS) | 051 |
| | | 11/06/25 09:30A | |

SECRETARY OF VETERANS v ALL OCCUPANTS// CASE#: 25355709 PAGE: 2

| DATE | | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|---|
| 10/21/25 | | | |
| | | DEFENDANT'S EVIDENCE/CORRESPONDENCE FILED. | 550 |
| 10/22/25 | | | |
| | | DEFENDANT'S EVIDENCE/CORRESPONDENCE PLACED FOR | 550 |
| | | COURTROOM PICK-UP. | 550 |
| 10/28/25 | | | |
| | | APPEARANCE FILED BY THE TROTT LAW, P.C. FILED. | 550 |
| 10/29/25 | | | |
| | D01 | JUDGE OF RECORD/MAGISTRATE CHANGED | 051 |
| | D01 | FROM: 77197 SABREE,ADAM IBN-RAMADAN, | 051 |
| | D01 | TO: 64630 SHARPE,MONIQUE A., | 051 |

| | | | |
|---|---|---|---|
| | ALL | NOTICE TO APPEAR ISSUED | 122 |
| | | APPEARANCE FILED BY THE TROOT LAW, P.C. PLACED | 550 |
| | | FOR COURTROOM PICK-UP. | 550 |
| 10/31/25 | | | |
| | D01 | MOTION PAID | 789 |
| | | MOTN-REAL ES PAID $20.00 RCPT # CC02026 | 789 |
| | | CREDIT CARD TENDERED | 789 |
| | D01 | MOTION TO ADJOURN FILED | 550 |
| | D01 | PROOF FILED | 550 |
| 11/04/25 | | | |
| | D01 | MOTION PLEADING FOR CRT PICKUP REQUESTED | 550 |
| | | DEFENDANT'S MOTION FOR FIRST ADJOURNMENT AND | 550 |
| | | PROOF OF MAILING PLACED FOR COURTROOM PICK-UP. | 550 |
| 11/05/25 | | | |
| | ALL | NOTICE TO APPEAR ISSUED | 122 |
| 11/06/25 | | | |
| | ALL | PRE-TRIAL ADJOURNED 11/06/25 09:30A | 122 |
| | ALL | PRE-TRIAL SCHEDULED (IN PERS) | 122 |
| | | 11/18/25 09:00A | |
| | | CASE CALLED;JUDGE SHARPE | 122 |
| | | VIDEO REPORTER | 122 |
| | | COPIES MAILED;FILE IN 535 | 122 |
| | | ALL PARTIES APPEARED | 122 |
| | | TO ALLOW DEFENDANT'S TO OBTAIN COUNSEL | 122 |
| | ALL | NOTICE TO APPEAR ISSUED | 122 |
| | ALL | COMMENTS: | 122 |
| | ALL | MUST APPEAR IN PERSON | 122 |
| 11/18/25 | | | |
| | D01 | JUDGMENT WITHOUT JURY ENTERED | 122 |
| | | CASE CALLED;JUDGE SHARPE | 122 |
| | | VIDEO REPORTER | 122 |
| | | COPIES MAILED;FILE SENT TO FILE ROOM | 122 |
| | | ALL PARTIES APPEARED | 122 |
| 11/20/25 | | | |
| | D01 | FEE TO APPEAL DECISION PAID | 657 |
| | | APPEAL REAL PAID $25.00 RCPT # CE52321 | 657 |
| | | CREDIT CARD TENDERED | 657 |
| | D01 | MOTION TO STAY PROCEEDINGS FILED | 780 |
| | D01 | MOTION FILED | 780 |
| | | TO RECONSIDER DENIAL OF DISQUALIFICATION | 780 |
| | | WALKING MOTIONS TO THE COURTROOM FOR REVIEW | 780 |
| | D01 | MOTION FILED (COMPEL ) | 550 |
| | D01 | MOTION TO CORRECT/STRIKE PLEAD FILED | 550 |
| | | MOTION TO COMPEL PRODUCTION OF MISSING | 550 |

SECRETARY OF VETERANS v ALL OCCUPANTS// CASE#: 25355709 PAGE: 3

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | | INITIALS |
|---|---|---|---|
| 11/20/25 | | | |
| | REASSINGMENT ORDER MOTION TO CORRECT OR | | 550 |
| | COMPLETE REGISTER OF ACTIONS, MOTION TO STRIKE | | 550 |
| | OR INVALIDATE JUDGE REASSINGMENT AND | | 550 |
| | CONSOLIDATED STRUCTUAL ERRORS BRIEF. | | 550 |
| D01 | CLAIMS TO APPEAL DECISION FILED | | 863 |
| D01 | ORDER TO APPEAL DECISION ENTERED | | 863 |
| 11/21/25 | | | |
| | CASE 25-018523-AA PLACED ON APPEALS LISTING | | 863 |
| | NO ORDER ENTERED. | | 863 |
| | FILE/MOTION/APPEALS PACKET TAKEN TO COURTROOM | | 863 |
| D01 | MOTION TO STAY PROCEEDINGS DENIED | | 122 |
| D01 | ORDER ENTERED (STAY ) | | 122 |
| | ORDER DENYING DEFENDANT'S MOTION TO STAY | | 122 |
| | PROCESSDINGS | | 122 |
| | THIS MATTER HAVING COME BEFORE THE COURT AND | | 122 |
| | THE COURT BEING FULLY ADVISED IN THE PREMISES; | | 122 |
| | IT IS HEREBY ORDERED THAT THERE HAS BEEN NO | | 122 |
| | ORDER OF EVICTION ENTERED.THEREFORE, | | 122 |
| | DEFENDAN'TS MOTION TO STAY PROCEEDINGS IS | | 122 |
| | DENIED. | | 122 |
| D01 | BOND TO APPEAL DECISION ORDERED | $500.00 | 122 |
| D01 | ORDER ENTERED (RECONSI) | | 122 |
| | ORDER DENYING MOTION BRIEF FOR RECONSIDERATION | | 122 |
| | OF THE DENIAL OF THE JUDICIAL DISQUALIFACTION | | 122 |
| | AND TO REQUIRE DISCLOSURE OF THE JUDGE | | 122 |
| | SHARPE'S SORRORITY AFFILATION | | 122 |
| | THIS MATTER HAVING COME BEFORE THE COURT ON | | 122 |
| | DEFENDANT'S MOTION FILED ON OCTOBER 17,2025, | | 122 |
| | AND ASSIGNED TO THE HON. JUDGE SABREE AND THE | | 122 |
| | COURT BEING FULLY ADVISED IN THE PREMISES; | | 122 |
| | IT IS HEREBY ORDERED THAT DEFENDANT'S MOTION | | 122 |
| | IS DENIED. | | 122 |
| | IT IS FURTHER ODERED THE COURT CANNOT RULE ON | | 122 |
| | OR RECONSIDER A MOTION THAT IS NOT PROPERLY | | 122 |
| | BEFORE IT.DEFENDANT'S MOTION WAS SPECIFICALLY | | 122 |
| | ADDRESSED TO THE HON. JUDGE SABREE.FURTHER, | | 122 |
| | THE JUDGE'S SORRORITY AFFILIATION IS NOT | | 122 |
| | RELEVANT AND IMMATERIAL. | | 122 |

| | | | |
|---|---|---|---|
| | IT IS SO ORDERED | | 122 |
| | JUDGE SHARPE | | 122 |
| | COPIES MAILED;FILE RETURNED TO APPEAL CLERK | | 122 |
| 11/25/25 | | | |
| D01 | BOND TO APPEAL DECISION POSTED | $500.00 | 657 |
| | RE APPEAL BD PAID $500.00 RCPT # CE52570 | | 657 |
| | CREDIT CARD TENDERED | | 657 |

***** END OF REGISTER OF ACTIONS ***** 11/26/25 09:45

Return to Search

# Exhibit G

**The 36th District Court Case Search will currently only display case information for cases occurred within the last seven years.**

# 36TH DISTRICT COURT

## Register of Action

Return to Search

|STATE OF MICHIGAN | | CASE NO: 25355709 LT |
|36TH JUDICIAL DISTRICT| REGISTER OF ACTIONS | |

Court Address 421 MADISON AVENUE
DETROIT MI 48226

Court Telephone
313-965-5594

JUDGE OF RECORD: SHARPE,MONIQUE A., P-64630

P01 PLAINTIFF (CLSD)
SECRETARY OF VETERANS AFFAIRS//

Primary Attorney
P-67035
ALBU,MIRELA ,
31440 NORTHWESTERN HWY STE 145
FARMINGTON HILLS MI 48334
248-594-5266 0000

D01 DEFENDANT (CLSD)
ALL OCCUPANTS//
18437 PENNINGTON DR.
DETROIT MI 48221

| DATE | | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|---|
| 10/08/25 | | | |
| | P01 | SUMM & COMP TERMINATION OF TENANCY FILED | 878 |
| | D01 | SUMM & COMP BY PLAINTIFF ISSUED | 261 |
| | ALL | HEARING SCHEDULED 10/20/25 01:30P | 261 |
| | | FILING FEE PAID $55.00 RCPT # CH42712 | 261 |

| | | |
|---|---|---|
| | LT 2ND MAIL PAID $13.00 RCPT # CH42712 | 261 |
| P01 | SUMM & COMP 2ND MAILING MAILED REQUESTED | 261 |
| 10/09/25 | | |
| | D01 ADDRESS ADDED | 878 |
| P01 | SUMM & COMP 2ND MAILING MAILED MAILED (D01 ) | 878 |
| 10/11/25 | | |
| D01 | SUMM & COMP PERSONALLY SERVED (JACKSON) | 811 |
| 10/17/25 | | |
| D01 | MOTION PAID | 814 |
| | MOTN-REAL ES PAID $20.00 RCPT # CI75185 | 814 |
| | CREDIT CARD TENDERED | 814 |
| D01 | MOTION TO DISQUALIFY JUDGE FILED | 550 |
| D01 | BRIEFS FILED | 550 |
| D01 | AFFIDAVIT FILED | 550 |
| D01 | NOTICE FILED | 550 |
| D01 | PROOF FILED | 550 |
| 10/20/25 | | |
| D01 | MOTION PLEADING FOR CRT PICKUP REQUESTED | 550 |
| | NOTICE OF MOTION, AND MOTION, BRIEF, AND | 550 |
| | AFFIDAVIT TO DISQUALIFY JUDGE, PROOF OF | 550 |
| | MAILING PLACED FOR COURTROOM PICK-UP. | 550 |
| | JUDGE SABREE/CNEVELS/S.DAVIS#6609 | 051 |
| | FILE IN COURTROOM 436 /COPIES MAILED OUT | 051 |
| | PARTIES APPEARED/ | 051 |
| D01 | NOTICE TO APPEAR ISSUED | 051 |
| ALL | HEARING ADJOURNED 10/20/25 01:30P | 051 |
| ALL | PRE-TRIAL SCHEDULED (IN PERS) | 051 |
| | 11/06/25 09:30A | |
| D01 | MOTION GRANTED | 051 |
| D01 | MOTION TO DISQUALIFY JUDGE GRANTED | 051 |



| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|
| 10/21/25 | | |
| | DEFENDANT'S EVIDENCE/CORRESPONDENCE FILED. | 550 |
| 10/22/25 | | |
| | DEFENDANT'S EVIDENCE/CORRESPONDENCE PLACED FOR | 550 |
| | COURTROOM PICK-UP. | 550 |
| 10/28/25 | | |
| | APPEARANCE FILED BY THE TROTT LAW, P.C. FILED. | 550 |
| 10/29/25 | | |
| D01 | JUDGE OF RECORD/MAGISTRATE CHANGED | 051 |

| | | |
|---|---|---|
| D01 | FROM: 77197 SABREE,ADAM IBN-RAMADAN, | 051 |
| D01 | TO: 64630 SHARPE,MONIQUE A., | 051 |
| ALL | NOTICE TO APPEAR ISSUED | 122 |
| | APPEARANCE FILED BY THE TROOT LAW, P.C. PLACED | 550 |
| | FOR COURTROOM PICK-UP. | 550 |
| 10/31/25 | | |
| D01 | MOTION PAID | 789 |
| | MOTN-REAL ES PAID $20.00 RCPT # CC02026 | 789 |
| | CREDIT CARD TENDERED | 789 |
| D01 | MOTION TO ADJOURN FILED | 550 |
| D01 | PROOF FILED | 550 |
| 11/04/25 | | |
| D01 | MOTION PLEADING FOR CRT PICKUP REQUESTED | 550 |
| | DEFENDANT'S MOTION FOR FIRST ADJOURNMENT AND | 550 |
| | PROOF OF MAILING PLACED FOR COURTROOM PICK-UP. | 550 |
| 11/05/25 | | |
| ALL | NOTICE TO APPEAR ISSUED | 122 |
| 11/06/25 | | |
| ALL | PRE-TRIAL ADJOURNED 11/06/25 09:30A | 122 |
| ALL | PRE-TRIAL SCHEDULED (IN PERS) | 122 |
| | 11/18/25 09:00A | |
| | CASE CALLED;JUDGE SHARPE | 122 |
| | VIDEO REPORTER | 122 |
| | COPIES MAILED;FILE IN 535 | 122 |
| | ALL PARTIES APPEARED | 122 |
| | TO ALLOW DEFENDANT'S TO OBTAIN COUNSEL | 122 |
| ALL | NOTICE TO APPEAR ISSUED | 122 |
| ALL | COMMENTS: | 122 |
| ALL | MUST APPEAR IN PERSON | 122 |
| 11/18/25 | | |
| D01 | JUDGMENT WITHOUT JURY ENTERED | 122 |
| | CASE CALLED;JUDGE SHARPE | 122 |
| | VIDEO REPORTER | 122 |
| | COPIES MAILED;FILE SENT TO FILE ROOM | 122 |
| | ALL PARTIES APPEARED | 122 |
| 11/20/25 | | |
| D01 | FEE TO APPEAL DECISION PAID | 657 |
| | APPEAL REAL PAID $25.00 RCPT # CE52321 | 657 |
| | CREDIT CARD TENDERED | 657 |
| D01 | MOTION TO STAY PROCEEDINGS FILED | 780 |
| D01 | MOTION FILED | 780 |
| | TO RECONSIDER DENIAL OF DISQUALIFICATION | 780 |
| | WALKING MOTIONS TO THE COURTROOM FOR REVIEW | 780 |
| D01 | MOTION FILED (COMPEL ) | 550 |

| | | | |
|---|---|---|---|
| D01 | MOTION TO CORRECT/STRIKE PLEAD FILED | | 550 |
| | MOTION TO COMPEL PRODUCTION OF MISSING | | 550 |

SECRETARY OF VETERANS v ALL OCCUPANTS// CASE#: 25355709 PAGE: 3

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | | INITIALS |
|---|---|---|---|
| 11/20/25 | | | |
| | REASSINGMENT ORDER MOTION TO CORRECT OR | | 550 |
| | COMPLETE REGISTER OF ACTIONS, MOTION TO STRIKE | | 550 |
| | OR INVALIDATE JUDGE REASSINGMENT AND | | 550 |
| | CONSOLIDATED STRUCTUAL ERRORS BRIEF. | | 550 |
| D01 | CLAIMS TO APPEAL DECISION FILED | | 863 |
| D01 | ORDER TO APPEAL DECISION ENTERED | | 863 |
| 11/21/25 | | | |
| | CASE 25-018523-AA PLACED ON APPEALS LISTING | | 863 |
| | NO ORDER ENTERED. | | 863 |
| | FILE/MOTION/APPEALS PACKET TAKEN TO COURTROOM | | 863 |
| D01 | MOTION TO STAY PROCEEDINGS DENIED | | 122 |
| D01 | ORDER ENTERED (STAY ) | | 122 |
| | ORDER DENYING DEFENDANT'S MOTION TO STAY | | 122 |
| | PROCESSDINGS | | 122 |
| | THIS MATTER HAVING COME BEFORE THE COURT AND | | 122 |
| | THE COURT BEING FULLY ADVISED IN THE PREMISES; | | 122 |
| | IT IS HEREBY ORDERED THAT THERE HAS BEEN NO | | 122 |
| | ORDER OF EVICTION ENTERED.THEREFORE, | | 122 |
| | DEFENDAN'TS MOTION TO STAY PROCEEDINGS IS | | 122 |
| | DENIED. | | 122 |
| D01 | BOND TO APPEAL DECISION ORDERED | $500.00 | 122 |
| D01 | ORDER ENTERED (RECONSI) | | 122 |
| | ORDER DENYING MOTION BRIEF FOR RECONSIDERATION | | 122 |
| | OF THE DENIAL OF THE JUDICIAL DISQUALIFACTION | | 122 |
| | AND TO REQUIRE DISCLOSURE OF THE JUDGE | | 122 |
| | SHARPE'S SORRORITY AFFILATION | | 122 |
| | THIS MATTER HAVING COME BEFORE THE COURT ON | | 122 |
| | DEFENDANT'S MOTION FILED ON OCTOBER 17,2025, | | 122 |
| | AND ASSIGNED TO THE HON. JUDGE SABREE AND THE | | 122 |
| | COURT BEING FULLY ADVISED IN THE PREMISES; | | 122 |
| | IT IS HEREBY ORDERED THAT DEFENDANT'S MOTION | | 122 |
| | IS DENIED. | | 122 |
| | IT IS FURTHER ODERED THE COURT CANNOT RULE ON | | 122 |
| | OR RECONSIDER A MOTION THAT IS NOT PROPERLY | | 122 |
| | BEFORE IT.DEFENDANT'S MOTION WAS SPECIFICALLY | | 122 |
| | ADDRESSED TO THE HON. JUDGE SABREE.FURTHER, | | 122 |

| | | | | |
|---|---|---|---|---|
| | | THE JUDGE'S SORRORITY AFFILIATION IS NOT | | 122 |
| | | RELEVANT AND IMMATERIAL. | | 122 |
| | | IT IS SO ORDERED | | 122 |
| | | JUDGE SHARPE | | 122 |
| | | COPIES MAILED;FILE RETURNED TO APPEAL CLERK | | 122 |
| 11/25/25 | | | | |
| | D01 | BOND TO APPEAL DECISION POSTED | $500.00 | 657 |
| | | RE APPEAL BD PAID $500.00 RCPT # CE52570 | | 657 |
| | | CREDIT CARD TENDERED | | 657 |
| | P01 | PROOF FILED (MAILING) | | 874 |
| 11/26/25 | | | | |
| | | NOTICE OF BOND POSTING AND AUTOMATIC STAY | | 874 |
| | | PENDING APPEAL FILE FILED 11/25/25 | | 874 |

***** END OF REGISTER OF ACTIONS ***** 04/24/26 13:35

Return to Search

# Exhibits H-M

# Exhibit H

# FOIA Request regarding Hugh Belle

**From:** info@reparationsworld.com
**To:** dpdfoia@detroitmi.gov
**Date:** 2025-10-17 10:40

Good Morning,

Please see the attached FOIA request dated today.

Sincerely,

Anita Belle

--

Sent via Hostinger Email

**1 attachment**

911 FOIA Request.pdf (415 KB)

Anita Belle

18437 Pennington Dr.

Detroit, MI 48221

313-740-4644 | info@reparationsworld.com

Date: October 17, 2025

**FOIA Coordinator**

Detroit Police Department – 911 Communications / Records

City of Detroit Law Department FOIA Division
Coleman A. Young Municipal Building
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226

DPDFOIA@detroitmi.gov

**Re: Michigan FOIA Request – 911 Records for Incident on November 4, 2019 at Wayne County Tax Assessor's Office, 400 Monroe St., 5th Floor, Detroit, MI**

Dear FOIA Coordinator:

This is a request under the Michigan Freedom of Information Act (FOIA), MCL 15.231 et seq.

Records Requested: Please provide all 911-related records for any calls originating from or concerning the Wayne County Tax Assessor's Office located at 400 Monroe St., 5th Floor, Detroit, Michigan, on November 4, 2019. This includes, but is not limited to:

• 911 call audio recordings and transcripts (including originating phone numbers and ANI/ALI data to the extent not exempt),

• CAD logs, call-for-service logs, incident numbers, and dispatch notes,

• Unit assignment and response times, arrival/clear times, dispatcher and call-taker IDs (badge/ID numbers).

If precise time is required for retrieval, please search the full date (00:00–23:59) and/or any narrower timeframe your system reveals.

Format & Delivery: Please provide electronic copies via email or secure download link. If fees apply, please send a detailed itemization pursuant to MCL 15.234(4).

Fee Waiver/Reduction: I request a waiver or reduction of fees because the requested records concern a matter of public concern involving potential government liability and public safety on government premises, MCL 15.234(1).

Response Time: Please respond within five business days as required by MCL 15.235(2), with any permitted extension not to exceed ten business days.

Preservation Notice: Please preserve all responsive records, including backups and logs, pending fulfillment of this request.

Redactions: If you claim any exemption, please cite each exemption specifically and provide a redacted version of the record to the maximum extent possible, MCL 15.244.

Appeal Rights: If denied in whole or part, I intend to appeal administratively pursuant to MCL 15.240(1)(a) and/or seek judicial review as permitted by law.

Please contact me if clarification would expedite processing. Thank you for your prompt attention.

Sincerely,

Anita E. Belle

Anita Belle

18437 Pennington Dr.

Detroit, MI 48221

313-740-4644 | info@reparationsworld.com

Date: October 17, 2025

**FOIA Coordinator**

Detroit Fire Department – EMS Records Unit

City of Detroit Law Department FOIA Division
Coleman A. Young Municipal Building
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226

FOIA@detroitmi.gov

**Re: Michigan FOIA Request – EMS/Run Reports for Incident on November 4, 2019 at Wayne County Tax Assessor's Office, 400 Monroe St., 5th Floor, Detroit, MI**

Dear FOIA Coordinator:

This is a request under the Michigan Freedom of Information Act (FOIA), MCL 15.231 et seq.

Records Requested: Please provide all emergency medical services records related to responses to 400 Monroe St., 5th Floor, Detroit, Michigan, on November 4, 2019, including any response to the Wayne County Tax Assessor's Office. Specifically:

- EMS run reports and patient care reports (PCRs),
- Dispatch and response logs, unit numbers, arrival/transport times, destination hospital, and crew identifiers,
- Any incident narratives, ePCR data extracts, and radio traffic logs,
- Any associated incident numbers linking EMS to 911 calls or police incidents for the same event.

If the patient name is required for retrieval, please contact me to arrange secure provision of identifiers. If necessary, please produce a version with redactions limited to PHI under HIPAA and state privacy law, providing all non-exempt fields, MCL 15.244.

Format & Delivery: Electronic copies via email/secure link are preferred. Please provide a cost itemization per MCL 15.234(4).

Fee Waiver/Reduction: I request a waiver or reduction under MCL 15.234(1) for the same public-interest reasons stated above.

Response Time, Preservation, Redactions, and Appeal Rights: As set forth in my 911 request, and incorporated here by reference.

Thank you for your assistance.

Sincerely,

Anita Belle

Please see attached affidavit.

**EMS Division**
**Detroit Fire Department**
**Authorization to Use and Disclose**
**Specific Protected Health Information**

By signing this Authorization, I hereby direct the use or disclosure by EMS Division of certain medical information pertaining to my health, my health care, or me.

This Authorization concerns the following medical information about me:

My father, Hugh Belle, was transported via ambulance from the Wayne County Treasurer's Office to Detroit Receiving Hospital on November 4, 2019...

This information may be disclosed by EMS Division to and used by:

I am next of kin and executor of estate seeking to use this information in lawsuits.

**[LIST NAME OR SPECIFIC IDENTIFICATION OF THE PERSON(S) OR CLASS OF PERSONS TO WHOM YOU WANT EMS TO MAKE THE REQUESTED USE/DISCLOSURE]**

I understand that I have the right to revoke this Authorization at any time except to the extent that EMS Division has already acted in reliance on the Authorization. To revoke this Authorization, I understand that I must do so by written request to: EMS Division Privacy Officer, 250 W. Larned, Detroit, Michigan 48223. Telephone: (313) 596-5191.

I understand that information used or disclosed pursuant to this Authorization may be subject to redisclosure by the recipient and no longer subject to privacy protections provided by law.

I understand that my written authorization is not required for EMS Division to use my protected health information for treatment, payment and health care operations.

I understand that I have the right to inspect and copy the information that is to be used or disclosed as part of this Authorization. The Authorization is being requested from the EMS Division for the following purpose(s):

( ) at my request
(X) other purpose. Please state: legal

I understand that the EMS Division will not condition its treatment on whether I sign this authorization. I acknowledge that I have read the provisions in the Authorization and that I have the right to refuse to sign this Authorization. I understand and agree to its terms.

[signature] 10/17/2025
[Signature] [Date]

______________________ [Print Name/ If applicable, description of the legal authority*]

***If patient is a minor, describe the legal relationship of the minor with the person signing the authorization. If personal representative or legal guardian, please attach a copy of the Letters of Authority.**

This authorization expires on: NA [Date or event].

**Subscribed and sworn to before me on this 17TH day of OCTOBER, 2025**

[signature]
**Notary Public**
**County of** WAYNE
**My commission expires on:** 10/27/2026

**MARIO D HALL**
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My commission expires: October 27, 2026
Acting in the County of WAYNE

Anita Belle

18437 Pennington Dr.

Detroit, MI 48221

313-740-4644 | info@reparationsworld.com

Date: October 17, 2025

**FOIA Coordinator**

Wayne County – [Tax Assessor / Treasurer / Risk Management / Corporation Counsel]

WAYNE COUNTY TREASURER'S OFFICE FOIA DEPARTMENT

400 MONROE, 5th FLOOR

DETROIT, MI 48226

WCTFOIA@waynecounty.com

**Re: Michigan FOIA Request – Internal Incident Records re November 4, 2019 Fall at 400 Monroe St., 5th Floor (Wayne County Tax Assessor's Office)**

Dear FOIA Coordinator:

This is a request under the Michigan Freedom of Information Act (FOIA), MCL 15.231 et seq.

Records Requested: Please produce all records concerning a visitor fall and/or medical emergency on November 4, 2019 at 400 Monroe St., 5th Floor, Detroit, Michigan, including but not limited to:

- Incident/accident reports, internal emails, memos, and correspondence;
- Security logs, visitor logs, and any CCTV video (all angles) covering corridors, elevators, stairwells, and the specific area of the incident;
- Maintenance/work orders, inspection logs, cleaning schedules, and hazard reports for the area within 90 days before and after Nov. 4, 2019;
- Communications with 911, EMS, Detroit Police, building management, insurers, and risk management;
- Any notice-of-claim files or communications with third parties regarding the incident.

Format & Delivery: Please provide electronic copies (PDF/MP4 or native format). For video, please preserve original format and provide via secure download or physical media if size requires.

Preservation: Please preserve all responsive records, including CCTV backups, pending fulfillment of this request. If retention policies threaten deletion, please immediately segregate and retain.

Fees/Itemization, Deadlines, Redactions, and Appeal Rights: As stated in the prior letters.

Please contact me if you need clarification or a narrowed time window for CCTV retrieval.

Please see attached form.

Thank you.

Sincerely,

Anita Belle

# ERIC R. SABREE
## Wayne County Treasurer

JEAN-VIERRE ADAMS
Chief Deputy Treasurer

| FOIA REQUEST FORM | |
|---|---|
| Today's Date: | Name of Requestor: Anita Belle |
| Mailing Address | 18437 Pennington Dr. Detroit, MI 48221 |
| E-mail Address | info@reparationsworld.com |
| Contact Numbers | Telephone Number: 313 740-4644 Fax Number: |
| Parcel ID Number(s) | |
| Property Address | |
| Foreclosure Packet (Check Box) ☐ | Proof of Notice, Personal Visit, Tax Statement & Delinquent Property Tax History |
| ***Foreclosure Year(s)** | *** If you are requesting a Judgment of Foreclosure Packet please specify the foreclosure year(s) needed or only the most recent foreclosure records will be provided** |
| Other Special Requests | See attached request form. |

**PLEASE SUBMIT THIS FORM TO:**
WAYNE COUNTY TREASURER'S OFFICE
FOIA DEPARTMENT
400 MONROE, 5th FLOOR
DETROIT, MI 48226
FAX: (313) 967-3081

REQUESTS CAN BE SUBMITTED VIA EMAIL TO: WCTFOIA@waynecounty.com

Please refer to our website http://www.waynecounty.com/treasurer/faq.htm#foia for links to Register of Deeds (regarding ownership information) and the United States Post Office (for verification of delivery of notice where available).

IF YOU HAVE QUESTIONS REGARDING THE PROCESS OF PLACING A (FOIA) REQUEST PLEASE CONTACT THE WAYNE COUNTY TREASURER'S FOIA DEPARTMENT AT-- TELEPHONE: (313) 224-2327, (313) 224-6649 & (313) 224-8237

THERE IS A FEE ASSOCIATED WITH A FOIA RESPONSE. PAYMENT MUST BE MADE WITH CERTIFIED FUNDS, CASH, OR A CREDIT CARD. NO PERSONAL CHECKS WILL BE ACCEPTED.

THE STANDARD TURNAROUND TIME FRAME FOR RESPONSE IS BETWEEN FIVE (5) TO FIFTEEN (15) BUSINESS DAYS.

# Exhibit I

# Fw: [EXTERNAL] FOIA Request regarding Hugh Belle

**From FOIA** <FOIA@detroitmi.gov> Oct 20

to me, Kimberly.Hurley@detroitmi.gov

This email serves as the City of Detroit's response to the above-referenced matter. Your request was received at the City of Detroit Law Department Freedom of Information Act Section via facsimile or email, on **October 17, 2025.** Because your request was received by electronic transmission, pursuant to Section 5(1) of the Michigan Freedom of Information Act (the "Act"), MCL 15.235(1); it is deemed to have been received at the Law Department on the next business day, **October 20, 2025.**

Pursuant to Section 5(2) of the Act, MCL 15.235(2), the City's response is due within five (5) business days. However, due to the nature and the scope of your request and the volume of the requests received by the City, we are extending the City's response deadline by ten (10) additional business days in accordance with Section 5(2)(d) of the Act, MCL 15.235(2) (d). Therefore, your request will be granted, denied, or granted in part and denied in part on or before **November 10, 2025.**

Your request is being handled by **Kimberly Hurley.** If you have questions regarding your request, or if you did not provide an email address in your request, please forward it to **Kimberly Hurley** at kimberly.hurley@detroitmi.gov to provide you a response more readily than by regular mail or fax. Mail and fax are not preferred at this time since they both require in-office support. We thank you in advance for your understanding.

Reply Reply all

# Fw: [EXTERNAL] FOIA Request regarding Hugh Belle

**From DPDFOIA DPDFOIA** <DPDFOIA@detroitmi.gov> Oct 20

to me, Deborah.Drook@detroitmi.gov

This email serves as the City of Detroit's response to the above-referenced matter. Your request was received at the City of Detroit Law Department Freedom of Information Act Section via facsimile or email, on **October 17, 2025.** Because your request was received by electronic transmission, pursuant to Section 5(1) of the Michigan Freedom of Information Act (the "Act"), MCL 15.235(1); it is deemed to have been received at the Law Department on the next business day, **October 20, 2025.**

Pursuant to Section 5(2) of the Act, MCL 15.235(2), the City's response is due within five (5) business days. However, due to the nature and the scope of your request and the volume of the requests received by the City, we are extending the City's response deadline by ten (10) additional business days in accordance with Section 5(2)(d) of the Act, MCL 15.235(2) (d). Therefore, your request will be granted, denied, or granted in part and denied in part on or before **November 10, 2025.**

Your request is being handled by **Deborah Ann Drook.** If you have questions regarding your request, or if you did not provide an email address in your request, please forward it to **Deborah Ann Drook** at Deborah.drook@detroitmi.gov to provide you a response more readily than by regular mail or fax. Mail and fax are not preferred at this time since they both require in-office support. We thank you in advance for your understanding.

Reply Reply all

CITY OF DETROIT

LAW DEPARTMENT

Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226-3437

Phone 313•224•4550
Fax 313•224•5505
www.detroitmi.gov

May 18, 2026

Anita Belle
18437 Pennington Drive
Detroit, MI 48221
By email: info@reparationsworld.com

**RE: Freedom of Information Act Request No. 25DPD-11921, Dated October 17, 2025, Concerning City of Detroit Records Relating to Incident Date: 11/4/2019; Police Record(s)**

Dear Ms. Belle:

This letter serves as the City of Detroit's response to the above-referenced matter. Your request was received at the City of Detroit Law Department Freedom of Information Act Section via facsimile or email, on **October 17, 2025.** Because your request was received by electronic transmission, pursuant to Section 5(1) of the Michigan Freedom of Information Act (the "Act"), MCL 15.235(1); it is deemed to have been received at the Law Department on the next business day, **October 20, 2025.** Thank you for your patience in this matter.

Your request seeks:

"

**Re: Michigan FOIA Request – 911 Records for Incident on November 4, 2019 at Wayne County Tax Assessor's Office, 400 Monroe St., 5th Floor, Detroit, MI**

Records Requested: Please provide all 911-related records for any calls originating from or concerning the Wayne County Tax Assessor's Office located at 400 Monroe St., 5th Floor, Detroit, Michigan, on November 4, 2019. This includes, but is not limited to:

• 911 call audio recordings and transcripts (including originating phone numbers and ANI/ALI data to the extent not exempt),

• CAD logs, call-for-service logs, incident numbers, and dispatch notes,

• Unit assignment and response times, arrival/clear times, dispatcher and call-taker IDs (badge/ID numbers).

If precise time is required for retrieval, please search the full date (00:00–23:59) and/or any narrower timeframe your system reveals.

"

CITY OF DETROIT



This request was submitted to the Detroit Police Department (DPD) to conduct a search for the requested record(s). DPD submitted the below referenced record and after review by the Law Department, your request is granted in part and denied in part. Pursuant to MCL 15.243(1), certain information has been redacted from the record(s) as follows:

| | |
|---|---|
| MCL 15.243(1)(a) and (1)(b)(iii) | Individual's phone numbers and addresses are exempt from disclosure. |
| MCL 15.243(1)(a), 1(b)(iii), and (l) | Medical information is exempt from disclosure. |

The records from DPD consists of three (3) pages. Enclosed please find one (1) copy of same. Because the enclosed record is being sent via email, no copying costs have been assessed.

When contacting our office regarding this request, please include the request number listed in the subject line above. For your information, please note that a public summary of the City of Detroit Freedom of Information Act procedures and guidelines are at www.detroitmi.gov and specifically at https://detroitmi.gov/document/foia-procedures-and-guidelines.

Please note that pursuant to Section 10 and 10a of the Act, MCL 15.240 and 15.240a, a person receiving a written denial of a request or receiving a letter to submit the labor costs may do one of the following:

1) Submit a written appeal to the head of the public body denying the request. Such appeal, if submitted, should specifically state the word "appeal" and identify the reason or reasons for reversal of the disclosure denial. MCL 15.240(1)(a) and MCL 15.240a(1)(a); or

2) Commence an action in the circuit court to compel the disclosure of the public records within 180 days after the public body's denial of the request, MCL 15.240(1)(b), or 45 days after the public body's request for labor costs, MCL 15.240a(1)(b). If a court finds that the information withheld by a public body is not exempt from disclosure, or that the labor costs requested by the public body exceeds the amount permitted, the requesting party may receive the requested record and, at the discretion of the court, reasonable attorney fees and /or cost. MCL 15.240(6) and (7), and MCL 15.240a(6) and (7).

Very truly yours,

Deborah Drook

Deborah Drook, Legal Assistant
City of Detroit Law Department
Freedom of Information Section
(313) 237-3006

DD/ **25DPD-11921**

| User: LIGGINST334 | **DETROIT EMS** | 11/24/2025 07:08:16 |
|---|---|---|

# Event Report

Event ID: **2019 308 01928** Call Ref #: 665 Date/Time Received: 11/04/2019 12:43:05

Rept #: 19-1104-0178 Call Source : W911 Prime Unit : M54H *HART

Service Involved: | | | EMS | | |

Location: **400 MONROE ST** 5TH FLR

X-ST: *BRUSH ST* / *BEAUBIEN ST*

Jur: CAD Service: EMS Agency: DEMS

St/Beat: M52 District: 3 RA:

Business: 400 MONROE & ASSOCIATES Phone:

Nature: **NON RECENT FALL** Alarm Lvl: 1 Priority: 3 Medical Priority: 17A02

Caller: PO GRAY Alarm: Call Taker: MCADORYT126

Addr: [redacted] Phone: [redacted] Alarm Type: Console: CT17D

Vehicle: St: Report Only: No Race: Sex: Age:

Geo-Verified Addr: Yes Nature Summary Code: Disposition: 21 Close Comments:

Notes: F CLR SEZ M FELL ...HIT HIS HEAD AND KNEE [11/04/19 12:44:02 MCADORYT126]<br/>[PROQA] 93-year-old, Male, Conscious, Breathing. Falls Caller Statement: FALL. [11/04/19 12:44:22 MCADORYT126] br/ [PROQA] Code: 17-A-2: NOT DANGEROUS body area 1. This happened now (less than 6hrs ago). 2. It`s reported that he fell at ground level. 3. The reason for the fall is not known. 4. There is no bleeding now. 5. No special concerns have been reported. 6. He is completely alert (responding appropriately). 7. The injury is to a NOT DANGEROUS area. 8. He is no longer on the floor/ground. [11/04/19 12:45:35 MCADORYT126] br/ GREENLIGHT ...NOTIFED PO NEWELL [11/04/19 12:47:20 MCADORYT126] br/ T/T SOLTMAN OF RTCC NOTFYD [11/04/19 12:48:15 NEWELLL468]<br/>{M54H} DLYD AT MONROE/ RANDOLPH, FLAGGED DOWN BY MALE WITH CHEST PAIN [11/04/19 13:07:22 GAUTD670] br/ [M54H-TRANSPORT] {M54H} 3 [11/04/19 13:26:27 GILMORED313]<br/>UDTS: {M54H} TRANSPORT CODE 3 [11/04/19 13:26:39 GILMORED313]<br/>UDTS: {M54H} DELAYED MED DOCUMENTATION [11/04/19 14:11:20 COOPERP070] br/ UDTS: {M54H} DELAYED MED DOCUMENTATION [11/04/19 14:11:20 GILMORED313]<br/>

## Times

| | | Time From Call Received | | |
|---|---|---|---|---|
| Call Received: | 11/04/2019 12:43:05 | | | |
| Call Routed: | 11/04/2019 12:45:35 | 000:02:30 | Unit Reaction: 000:25:09 | *(1st Dispatch to 1st Arrive)* |
| Call Take Finished: | 11/04/2019 12:45:35 | 000:02:30 | En-Route: 000:00:48 | *(1st Dispatch to 1st En Route)* |
| 1st Dispatch: | 11/04/2019 12:45:47 | 000:02:42 *(Time Held):* | On-Scene: 001:12:18 | *(1st Arrive to Last Clear)* |
| 1st En-Route: | 11/04/2019 12:46:35 | 000:03:30 | | |
| 1st Arrive: | 11/04/2019 13:10:56 | 000:27:51 *(Reaction Time):* | | |
| Last Clear: | 11/04/2019 14:23:14 | 001:40:09 | | |

| Radio Log | | | | | | | |
|---|---|---|---|---|---|---|---|
| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
| M06B | | D | Dispatched | 11/04/2019 12:45:47 | Stat/Beat: SQ02 | | COOPERP070 |
| M06B | | DXY | DispatchXY | 11/04/2019 12:45:47 | 13475571.00,311873.75 | | COOPERP070 |
| M06B | | E | En-Route | 11/04/2019 12:46:35 | | | COOPERP070 |
| M54H | -9999 | D | Dispatched | 11/04/2019 12:47:16 | Stat/Beat: MQ54 | | GAUTD670 |
| M06B | | X | Canceled | 11/04/2019 12:47:16 | Cancelled by Exchange Command | | GAUTD670 |
| M54H | -9999 | E | En-Route | 11/04/2019 12:48:37 | | | COOPERP070 |
| M54H | -9999 | A | Arrived | 11/04/2019 13:10:56 | | | COOKM123 |
| M54H | -9999 | T | Transport | 11/04/2019 13:26:27 | To: [redacted] 3 | | GILMORED313 |
| M54H | -9999 | TRN3 | {M54H} TRANSPORT CODE 3 | 11/04/2019 13:26:39 | | | GILMORED313 |
| M54H | -9999 | H | At Hospital | 11/04/2019 13:46:42 | | | COOKM123 |
| M54H | -9999 | DOCU | {M54H} DELAYED MED DOCUME | 11/04/2019 14:11:20 | | | GILMORED313 |
| M54H | -9999 | DOCU | {M54H} DELAYED MED DOCUME | 11/04/2019 14:11:20 | | | COOPERP070 |
| M54H | -9999 | C | Cleared | 11/04/2019 14:23:14 | [21] | 21 | GILMORED313 |

## Event Log

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| | | TR | Time Received | 11/04/2019 12:43:05 | By: E911 | | MCADORYT126 |
| | | ENT | Entered Street | 11/04/2019 12:43:05 | 65 CADILLAC SQUARE - N SECTOR | | MCADORYT126 |
| | | DLS | Duplicate List | 11/04/2019 12:43:10 | Potential Duplicate Events Listed (2 | | MCADORYT126 |
| | | CHG | Changed Street | 11/04/2019 12:43:14 | 54 CADILLAC SQ -- 400 MONROE ST | | MCADORYT126 |
| | | CHG | Changed AddSt | 11/04/2019 12:43:20 | DIST: .31 FT -- 5TH FLR | | MCADORYT126 |
| | | CHG | Changed CallerName CallIn | 11/04/2019 12:43:43 | SPRINT -- PO GRAY | | MCADORYT126 |
| | | ENT | Entered Remarks | 11/04/2019 12:44:02 | | | MCADORYT126 |
| | | MPS | Med. Pri. Started | 11/04/2019 12:44:04 | Case Started | | MCADORYT126 |
| | | ENT | Entered Nature | 11/04/2019 12:44:04 | LAUNCH PROQA | | MCADORYT126 |
| | | ARM | Added Remarks | 11/04/2019 12:44:22 | | | MCADORYT126 |
| | | ENT | Entered CallerName CallIn | 11/04/2019 12:44:22 | PO GRAY | | MCADORYT126 |
| | | MPF | Med. Pri. CE Finished | 11/04/2019 12:44:22 | Case Entry Finished | | MCADORYT126 |
| | | CHG | Changed Nature Code | 11/04/2019 12:45:35 | MED-- 17A02 | | MCADORYT126 |
| | | FIN | Finished Call Taking | 11/04/2019 12:45:35 | | | MCADORYT126 |
| | | ARM | Added Remarks | 11/04/2019 12:45:35 | | | MCADORYT126 |
| | | MPD | Med. Pri. Dispatch | 11/04/2019 12:45:35 | Case Dispatched | | MCADORYT126 |
| | | PAGE | Auto Premise Range Page | 11/04/2019 12:45:36 | Paged 3RDPCTGL | | PAGESRV |
| | | RPT | Requested Report# | 11/04/2019 12:45:47 | DEMS Report #19-1104-0178 | | COOPERP070 |
| | | MPC | Med. Pri. Complete | 11/04/2019 12:46:50 | Case Completed | | MCADORYT126 |
| | | VPRM | Viewed Premise | 11/04/2019 12:46:55 | Location Information | | MCADORYT126 |
| | | ARM | Added Remarks | 11/04/2019 12:47:20 | | | MCADORYT126 |
| | | ARM | Added Remarks | 11/04/2019 12:48:15 | | | NEWELLL468 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 12:57:42 | Units: M54H 8Min. | | COOKM123 |
| | | ARM | Added Remarks | 11/04/2019 13:07:22 | | | GAUTD670 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 13:07:55 | Units: M54H 8Min. | | GAUTD670 |
| | | ARM | Added Remarks | 11/04/2019 13:26:27 | | | GILMORED313 |
| | | ARM | Added Remarks | 11/04/2019 13:26:39 | | | GILMORED313 |
| | | ARM | Added Remarks | 11/04/2019 14:11:20 | | | GILMORED313 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 14:11:20 | Units: M54H 30Min. | | GILMORED313 |
| | | ARM | Added Remarks | 11/04/2019 14:11:20 | | | COOPERP070 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 14:11:20 | Units: M54H 30Min. | | COOPERP070 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 14:11:28 | Units: M54H 20Min. | | COOPERP070 |

## Related Names

| Last, First MI Suffix | Type | Race | Sex | HT | WT | Eyes | DOB | Age | Home Ph | Mobile Ph | Work Ph |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PO, GRAY | CALLER | | | | 0 | | | | [redacted] | | |

Address: [redacted] DETROIT MI 48226

CITY OF DETROIT

LAW DEPARTMENT

Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226-3437

Phone 313•224•4550
Fax 313•224•5505
www.detroitmi.gov

May 21, 2026

Anita Belle
18437 Pennington Drive
Detroit, MI 48221
By email: info@reparationsworld.com

**RE: Freedom of Information Act Request No. 25DPD-11921, Dated October 17, 2025, Concerning City of Detroit Records Relating to Incident Date: 11/4/2019; Police Record(s)**

Dear Ms. Belle:

This letter serves as the City of Detroit's response to the above-referenced matter. Your request was received at the City of Detroit Law Department Freedom of Information Act Section via facsimile or email, on **October 17, 2025.** Because your request was received by electronic transmission, pursuant to Section 5(1) of the Michigan Freedom of Information Act (the "Act"), MCL 15.235(1); it is deemed to have been received at the Law Department on the next business day, **October 20, 2025.** Thank you for your patience in this matter.

Your request seeks:

"

**Re: Michigan FOIA Request – 911 Records for Incident on November 4, 2019 at Wayne County Tax Assessor's Office, 400 Monroe St., 5th Floor, Detroit, MI**

Records Requested: Please provide all 911-related records for any calls originating from or concerning the Wayne County Tax Assessor's Office located at 400 Monroe St., 5th Floor, Detroit, Michigan, on November 4, 2019. This includes, but is not limited to:

• 911 call audio recordings and transcripts (including originating phone numbers and ANI/ALI data to the extent not exempt),

• CAD logs, call-for-service logs, incident numbers, and dispatch notes,

• Unit assignment and response times, arrival/clear times, dispatcher and call-taker IDs (badge/ID numbers).

If precise time is required for retrieval, please search the full date (00:00–23:59) and/or any narrower timeframe your system reveals.

"

CITY OF DETROIT



Your request for "911 call audio recordings" is denied pursuant to MCL 15.235(5)(b). Based on information provided by the Detroit Police Department (DPD) personnel, it is our understanding that they do not possess any record which corresponds with the description of this portion of your request.

As to the remainder of your request, DPD submitted the below referenced record and after review by the Law Department, your request is granted in part and denied in part. Pursuant to MCL 15.243(1), certain information has been redacted from the record as follows:

| | |
|---|---|
| MCL 15.243(1)(a) and (1)(b)(iii) | Individual's phone numbers and addresses are exempt from disclosure. |
| MCL 15.243(1)(a), 1(b)(iii), and (l) | Medical information is exempt from disclosure. |

The records from DPD consists of three (3) pages. Enclosed please find one (1) copy of same. Because the enclosed record is being sent via email, no copying costs have been assessed.

When contacting our office regarding this request, please include the request number listed in the subject line above. For your information, please note that a public summary of the City of Detroit Freedom of Information Act procedures and guidelines are at www.detroitmi.gov and specifically at https://detroitmi.gov/document/foia-procedures-and-guidelines.

Please note that pursuant to Section 10 and 10a of the Act, MCL 15.240 and 15.240a, a person receiving a written denial of a request or receiving a letter to submit the labor costs may do one of the following:

1) Submit a written appeal to the head of the public body denying the request. Such appeal, if submitted, should specifically state the word "appeal" and identify the reason or reasons for reversal of the disclosure denial. MCL 15.240(1)(a) and MCL 15.240a(1)(a); or

2) Commence an action in the circuit court to compel the disclosure of the public records within 180 days after the public body's denial of the request, MCL 15.240(1)(b), or 45 days after the public body's request for labor costs, MCL 15.240a(1)(b). If a court finds that the information withheld by a public body is not exempt from disclosure, or that the labor costs requested by the public body exceeds the amount permitted, the requesting party may receive the requested record and, at the discretion of the court,

reasonable attorney fees and /or cost. MCL 15.240(6) and (7), and MCL 15.240a(6) and (7).

Very truly yours,

Deborah Drook

Deborah Drook, Legal Assistant
City of Detroit Law Department
Freedom of Information Section
(313) 237-3006

DD/ **25DPD-11921**

# Exhibit J

# DEPARTMENT OF CORPORATION COUNSEL

November 11, 2025

Anita Belle
18437 Pennington Dr.
Detroit, MI 48221

Re: **Freedom of Information Act Request # 25-304 re Incident on November 4, 2019, at 400 Monroe St. 5th Floor.**

Dear Ms. Belle:

The Wayne County Corporation Counsel received your request on October 22, 2025, via email. You requested the following information:

> **Re: Michigan FOIA Request - Internal Incident Records re November 4, 2019 Fall at 400 Monroe St., 5th Floor (Wayne County Tax Assessor's Office) Records Requested: Please produce all records concerning a visitor fall and/or medical emergency on November 4, 2019 at 400 Monroe St., 5th Floor, Detroit, Michigan, including but not limited to:**
> **• Incident/accident reports, internal emails, memos, and correspondence;**
> **• Security logs, visitor logs, and any CCTV video (all angles) covering corridors, elevators, stairwells, and the specific area of the incident;**
> **• Maintenance/work orders, inspection logs, cleaning schedules, and hazard reports for the area within 90 days before and after Nov. 4, 2019;**
> **• Communications with 911, EMS, Detroit Police, building management, insurers, and risk management;**
> **• Any notice-of-claim files or communications with third parties regarding the incident.**

Your request is denied pursuant to MCL 15.235(5)(b). After a diligent search for the requested records, we determined and now certify the records described in your request do not exist.

Please note that if the records you request are contained within other departments within Wayne County, you will receive a separate response from each department.

You have the right to do either of the following with regard to the denial of your request:

(1) Submit a written appeal to the County Executive, which specifically states the word "appeal" and states the reason or reasons the denial should be reversed.

# DEPARTMENT OF CORPORATION COUNSEL

OR

(2) Commence an action in the circuit court to compel disclosure. Should you prevail, you will be entitled to have reasonable attorneys' fees, costs and disbursements assessed against the County by the court. If you or the County prevails in part, the court may, in its discretion, award you all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. If the court determines that the County has been arbitrary and capricious in its denial, you will also be entitled to punitive damages in the amount of $1,000.00.

Sincerely,

*Kathryn Levasseur-Cousin*

FOIA Officer
Department of Corporation Counsel

cc FOIA Coordinator

* The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

*Raphael Washington*
*Wayne County Sheriff*

November 4, 2025

Anita Belle
18437 Pennington Dr
Detroit, MI 48221
*info@reparationsworld.com*

***Re: FOIA Request** of October 22, 2025, seeking records regarding visitor fall, and/or emergency on November 4, 2019, 400 Monroe St, 5th Floor (Wayne County Tax Assessor's Office)*[1]

Dear Ms. Belle:

The Wayne County Sheriff's Office received the following request by email on October 30, 2025.

**Your request seeks:**

> *Michigan FOIA Request – Internal Incident Records re November 4, 2019, fall at 400 Monroe St., 5th floor (Wayne County Tax Assessor's Office) Records Requested: Please produce all records concerning a visitor fall and/or medical emergency on November 4, 2019, at 400 Monroe St., 5th floor, Detroit, Michigan, including but not limited to:*

---

[1] The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

- *Incident/accident reports, internal emails, memos, and correspondence,*
- *Security logs, visitor logs, and any CCTV video (all angles) covering corridors, elevators, stairwells, and the specific area of the incident,*
- *Maintenance/work orders, inspection logs, cleaning schedules and hazard reports for the area within 90 days before and after Nov. 4, 2019,*
- *Communications with 911 EMS, Detroit Police, building management, insurers, and risk management,*
- *Any notice-of-claim files or communications with third parties regarding the incident.*

Your request is denied pursuant to MCL 15.235(5)(b). After a diligent search, we have determined and now certify the records described in your request do not exist within the Wayne County Sheriff's Office.

This response is from the Wayne County Sheriff's Office only. If the records you seek are in multiple County departments, you will receive a separate response from each department.

To further your request, reaching out to the Wayne County Prosecutor's Office, Jail Medical Department, and City of Hamtramck Police Department is recommended.

You have the right to do either of the following regarding the denial of your request:

(1) Submit a written appeal to the County Executive, which specifically states the word "appeal" and states the reason or reasons the denial should be reversed.

OR

(2) Commence an action in the circuit court to compel disclosure. Should you prevail, you will be entitled to have reasonable attorneys' fees, costs and disbursements assessed against the County by the court. If you or the County prevails in part, the

[1] The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

court may, in its discretion, award you all or an appropriate portion of reasonable attorneys' fees, costs and disbursements. If the court determines that the County has been arbitrary and capricious in its denial, you will also be entitled to punitive damages in the amount of $1,000.00.

Best Regards,

*Cynthia D. Golson*

Cynthia D. Golson
Department Manager/FOIA Officer
Wayne County Sheriff's Office
cgolson@waynecountymi.gov
www.sheriffconnect.com

Denial approved:

*Kathryn Levasseur-Cousin*

Kathryn Levasseur-Cousin
Office of Corporation Counsel
Date: 11/4/25

CDG/KLC

cc: FOIA Coordinator
File_ 25-989-304

[1] The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

# ERIC R. SABREE
## Wayne County Treasurer

**JEAN-VIERRE ADAMS**
Chief Deputy Treasurer


November 5, 2025

Anita Belle
18437 Pennington Dr.
Detroit, MI 48221

Re: Freedom of Information Act Request 2025-2680 of October 20, 2025, for the reports, emails, memos, maintenance or work orders, inspection logs, cleaning schedules, correspondence with third parties, building management or risk management and notice of claim on Hugh Belle, regarding a fall on November 4, 2019, [1]

Dear Anita Belle:

Wayne County Treasurer's FOIA Division received the following request on October 20, 2025, by email:

> This is a request under the Michigan Freedom of Information Act (FOIA), MCL 15.231 et seq.
>
> Records Requested: Please produce all records concerning a visitor fall and/or medical emergency on November 4, 2019 at 400 Monroe St., 5th Floor, Detroit, Michigan, including but not limited to:
>
> - Incident/accident reports, internal emails, memos, and correspondence;
> - Security logs, visitor logs, and any CCTV video (all angles) covering corridors, elevators, stairwells, and the specific area of the incident;
> - Maintenance/work orders, inspection logs, cleaning schedules, and hazard reports for the area within 90 days before and after Nov. 4, 2019;
> - Communications with 911, EMS, Detroit Police, building management, insurers, and risk management;
> - Any notice-of-claim or communications with third parties regarding the incident.

Your request is denied. After a diligent search of the requested records, we have determined and certify the records do not exist within the Wayne County Treasurer's Office.

If you can provide more specific information, your request will be reviewed to determine whether the desired records exist.

You have the right to do either of the following with regard to the denial of your request:

(1) Submit a written appeal to the County Executive, which specifically states the word "appeal" and states the reason or reasons the denial should be reversed.

**OR**

(2) Commence an action in the circuit court to compel disclosure. Should you prevail, you will be entitled to have reasonable attorneys' fees, costs and disbursements assessed against the County by the court. If you or the County prevails in part, the court may, in its discretion, award you all or an

---

1 The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

appropriate portion of reasonable attorneys' fees, costs, and disbursements. If the court determines that the County has been arbitrary and capricious in its denial, you will also be entitled to punitive damages in the amount of $1,000.00.

Sincerely,

/s/ Dawn S. Lee-Cotton
Dawn S. Lee-Cotton, Esq.
Deputy Treasurer Forfeiture and Foreclosure

Denial approved:

/s/ Mayada P. Saroki
Office of Corporation Counsel

cc: FOIA Coordinator

Date: November 5, 2025

**STATE OF MICHIGAN**
**IN THE THIRD CIRCUIT COURT**

ANITA E. BELLE,

Appellant,

v.

Case No. 26-007668-AV
Hon. Charlene M. Elder

COUNTY OF WAYNE, and
CITY OF DETROIT,

Appellees.

_____________________________________________/

**Anita E. Belle**
Pro Se for Appellant
18437 Pennington Dr.
Detroit, MI 48221
(313)740-4238
baraka.entrprises@gmail.com

**Kathryn Levasseur-Cousin (P79903)**
Assistant Corporation Counsel
**Rebecca A. Camargo (P66013)**
Principal Attorney Corporation Counsel
Attorneys for Wayne County Appellee
500 Griswold, 21st Floor
Detroit, MI 48226
(313)967-6417
(313)224-6733; (313)224-7667(Fax)
klcousin@waynecountymi.gov
rcamargo@waynecounty.com

_____________________________________________/

**DEFENDANTS' MOTION FOR SUMMARY DISPOSTION PURSUANT TO MCR 2.116(C)(10) FILED IN LIEU OF AN ANSWER**

NOW COMES Defendant Wayne County, through its undersigned counsel, and pursuant to MCR 2.116(C)(10), states the following in support of its Motion for Summary Disposition:

1. On or about October 17, 2025, Plaintiff, an individual, made a Freedom of Information Act ("FOIA") request to the County via email requesting public records, including security video and incident reports of the Wayne County Treasurer's Office located at 400 Monroe St. 5th Floor, Detroit, MI 48226 (Exhibit 1).
2. On November 4, 2025, Wayne County Sheriff's Office (WCSO) responded to Plaintiff's request. (Exhibit 2).
3. On November 5, 2025, the Wayne County Treasurer's Office (WCT) responded to Plaintiff's request. (Exhibit 3).

4. On November 11, 2025, Wayne County Corporation Counsel responded to Plaintiff's request (Exhibit 4).
5. The Plaintiff's complaint does not present a genuine issue of material fact and therefore, summary disposition is proper pursuant to MCR 2.116 (C)(10).

WHEREFORE, Defendant Wayne County FOIA Department respectfully requests this Honorable Court grant Defendant's Motion for Summary Disposition and dismiss this Plaintiff's Complaint.

Respectfully submitted,

BY: *<u>/s/ Kathryn Levasseur-Cousin</u>*
Assistant Corporation Counsel
Attorneys for Defendant Wayne County
500 Griswold Street, 21st Floor
Detroit, MI 48226
(313)967-6417
(313)224-7667(Fax)
klcousin@waynecountymi.gov

**STATE OF MICHIGAN**
**IN THE THIRD CIRCUIT COURT**

ANITA E. BELLE,

Appellant,

v.

Case No. 26-007668-AV
Hon. Charlene M. Elder

COUNTY OF WAYNE, and
CITY OF DETROIT,

Appellees.

______________________________________________/

**Anita E. Belle**
Pro Se for Appellant
18437 Pennington Dr.
Detroit, MI 48221
(313)740-4238
baraka.entrprises@gmail.com

**Kathryn Levasseur-Cousin (P79903)**
Assistant Corporation Counsel
**Rebecca A. Camargo (P66013)**
Principal Attorney Corporation Counsel
Attorneys for Wayne County Appellee
500 Griswold, 21st Floor
Detroit, MI 48226
(313)967-6417
(313)224-6733; (313)224-7667(Fax)
klcousin@waynecountymi.gov
rcamargo@waynecounty.com

______________________________________________/

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY DISPOSITION

### Introduction

On or about May 6, 2026, Plaintiff, Anita Belle, an individual filed a Complaint against Wayne County ("the County"), alleging that the County violated the Michigan Freedom of Information Act ("FOIA") by improperly denying her request pursuant to MCL 15.235(5)(b).

Plaintiff submitted her initial request on October 17, 2025. (Exhibit 1). Defendant responded accordingly with response letters from Corporation Counsel, Wayne County Sheriff's Office and Wayne County Treasurer's Office all timely denying Plaintiff's request pursuant to MCL 15.235(5)(b) because, after a diligent search no records were located. (Exhibits 2-4).

For the reasons set forth herein, Plaintiff's Complaint should be dismissed pursuant to MCR 2.116(C)(10).

### Standard of Review

MCR 2.116(C)(10) provides that the moving party is entitled to judgment or partial judgment as a matter of law where, except as to the amount of damages, there is no genuine issue as to any material fact. MCR 2.116(C)(10). "A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim," and granting the motion is appropriate when there is no genuine issue concerning any material fact. *Universal Underwriters Group v. Allstate Ins. Co.*, 246 Mich. App. 713, 720 (2001). When deciding a motion for summary disposition under MCR 2.116(C)(10), this Court must consider all pleadings, affidavits, depositions, and other documentary evidence in the light most favorable to the nonmoving party. *Cowles v. Bank West*, 476 Mich. 1, 32 (2006).

### Legal Argument

### THE COUNTY PROPERLY RESPONDED TO PLAINTIFF'S FOIA REQUESTS AND WAYNE COUNTY IS THEREFORE ENTITLED TO SUMMARY DISPOSITION AS A MATTER OF LAW.

Despite Plaintiff's adamant assertion that the County is willfully denying her ability to view public records, this is just simply untrue. The County has responded to Plaintiff's request under the Freedom of Information Act (FOIA). There are simply no responsive records to Plaintiff's request as evidenced by affidavits signed by personnel within the Corporation Counsel, Wayne County Sheriff's Office and the Treasurer's Office. (Exhibits 5-7).

**I. Plaintiff cannot receive records that do not exist**

The Plaintiff alleges in her lawsuit that the response from the Wayne County Clerk's Office violates FOIA because she believes records do exist. However, this is fundamentally untrue. There are no responsive records within Wayne County. The Departments identified in Plaintiff's request have all conducted a diligent search and have not located any records. (Exhibits 2-4).

It is well settled that "[i]f a record does not exist, it cannot be produced." Coblentz v Novi, 475 Mich 558, 569; 719 NW2d 73 (2006). Mere speculation that records exist is insufficient to defeat a motion for summary disposition. *Id.* It is also worth noting that the alleged incident involving Plaintiff's father occurred in 2019. Plaintiff did not make her request until nearly 6 years later. Unfortunately, even if records had existed in 2019, the records that Plaintiff requested from Wayne County would have long since been purged pursuant to state retention schedules. For instance, the Wayne County Treasurer's office does not maintain video footage beyond 6 months after it was

recorded. (Exhibit 5). Therefore, Plaintiff's complaint must be dismissed pursuant to MCR 2.116(C)(10).

**CONCLUSION**

For the reasons set forth herein, Defendant Wayne County is entitled to summary disposition pursuant to MCR 2.116(c)(10).

WHEREFORE, Defendant Wayne County respectfully requests this Court enter an order granting Wayne County's Motion for Summary Disposition and dismiss Plaintiff's Complaint.

Respectfully submitted,

BY: */s/ Kathryn Levasseur-Cousin*
Assistant Corporation Counsel
Attorneys for Defendant Wayne County
500 Griswold Street, 21st Floor
Detroit, MI 48226
(313)967-6417
(313)224-7667(Fax)
klcousin@waynecountymi.gov

Dated: May 26, 2026

**PROOF OF SERVICE**

I certify that on May 26, 2026, I filed the *foregoing*, along with this *Proof of Service* with the Clerk of the Court via the court's electronic filing system which will send notice to all parties.

*/s/Susan Sweetman*

# Exhibit 1

Anita Belle

18437 Pennington Dr.

Detroit, MI 48221

313-740-4644 | info@reparationsworld.com

Date: October 17, 2025

**FOIA Coordinator**

Wayne County – [Tax Assessor / Treasurer / Risk Management / Corporation Counsel]

WAYNE COUNTY TREASURER'S OFFICE FOIA DEPARTMENT

400 MONROE, 5th FLOOR

DETROIT, MI 48226

WCTFOIA@waynecounty.com

**Re: Michigan FOIA Request – Internal Incident Records re November 4, 2019 Fall at 400 Monroe St., 5th Floor (Wayne County Tax Assessor's Office)**

Dear FOIA Coordinator:

This is a request under the Michigan Freedom of Information Act (FOIA), MCL 15.231 et seq.

Records Requested: Please produce all records concerning a visitor fall and/or medical emergency on November 4, 2019 at 400 Monroe St., 5th Floor, Detroit, Michigan, including but not limited to:

- Incident/accident reports, internal emails, memos, and correspondence;
- Security logs, visitor logs, and any CCTV video (all angles) covering corridors, elevators, stairwells, and the specific area of the incident;
- Maintenance/work orders, inspection logs, cleaning schedules, and hazard reports for the area within 90 days before and after Nov. 4, 2019;
- Communications with 911, EMS, Detroit Police, building management, insurers, and risk management;
- Any notice-of-claim files or communications with third parties regarding the incident.

Format & Delivery: Please provide electronic copies (PDF/MP4 or native format). For video, please preserve original format and provide via secure download or physical media if size requires.

Preservation: Please preserve all responsive records, including CCTV backups, pending fulfillment of this request. If retention policies threaten deletion, please immediately segregate and retain.

Fees/Itemization, Deadlines, Redactions, and Appeal Rights: As stated in the prior letters.

Please contact me if you need clarification or a narrowed time window for CCTV retrieval.

Please see attached form.

Thank you.

Sincerely,

Anita Belle

# Exhibit 2

# ERIC R. SABREE
## Wayne County Treasurer

**JEAN-VIERRE ADAMS**
Chief Deputy Treasurer


November 5, 2025

Anita Belle
18437 Pennington Dr.
Detroit, MI 48221

Re: Freedom of Information Act Request 2025-2680 of October 20, 2025, for the reports, emails, memos, maintenance or work orders, inspection logs, cleaning schedules, correspondence with third parties, building management or risk management and notice of claim on Hugh Belle, regarding a fall on November 4, 2019, [1]

Dear Anita Belle:

Wayne County Treasurer's FOIA Division received the following request on October 20, 2025, by email:

> This is a request under the Michigan Freedom of Information Act (FOIA), MCL 15.231 et seq.
>
> Records Requested: Please produce all records concerning a visitor fall and/or medical emergency on November 4, 2019 at 400 Monroe St., 5th Floor, Detroit, Michigan, including but not limited to:
>
> - Incident/accident reports, internal emails, memos, and correspondence;
> - Security logs, visitor logs, and any CCTV video (all angles) covering corridors, elevators, stairwells, and the specific area of the incident;
> - Maintenance/work orders, inspection logs, cleaning schedules, and hazard reports for the area within 90 days before and after Nov. 4, 2019;
> - Communications with 911, EMS, Detroit Police, building management, insurers, and risk management;
> - Any notice-of-claim or communications with third parties regarding the incident.

Your request is denied. After a diligent search of the requested records, we have determined and certify the records do not exist within the Wayne County Treasurer's Office.

If you can provide more specific information, your request will be reviewed to determine whether the desired records exist.

You have the right to do either of the following with regard to the denial of your request:

(1) Submit a written appeal to the County Executive, which specifically states the word "appeal" and states the reason or reasons the denial should be reversed.

**OR**

(2) Commence an action in the circuit court to compel disclosure. Should you prevail, you will be entitled to have reasonable attorneys' fees, costs and disbursements assessed against the County by the court. If you or the County prevails in part, the court may, in its discretion, award you all or an

[1] The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

appropriate portion of reasonable attorneys' fees, costs, and disbursements. If the court determines that the County has been arbitrary and capricious in its denial, you will also be entitled to punitive damages in the amount of $1,000.00.

Sincerely,

/s/ Dawn S. Lee-Cotton
Dawn S. Lee-Cotton, Esq.
Deputy Treasurer Forfeiture and Foreclosure

Denial approved:

/s/ Mayada P. Saroki
Office of Corporation Counsel

cc: FOIA Coordinator

Date: November 5, 2025

# Exhibit 3

# DEPARTMENT OF CORPORATION COUNSEL

November 11, 2025

Anita Belle
18437 Pennington Dr.
Detroit, MI 48221

Re: **Freedom of Information Act Request # 25-304 re Incident on November 4, 2019, at 400 Monroe St. 5th Floor.**

Dear Ms. Belle:

The Wayne County Corporation Counsel received your request on October 22, 2025, via email. You requested the following information:

> **Re: Michigan FOIA Request - Internal Incident Records re November 4, 2019 Fall at 400 Monroe St., 5th Floor (Wayne County Tax Assessor's Office) Records Requested: Please produce all records concerning a visitor fall and/or medical emergency on November 4, 2019 at 400 Monroe St., 5th Floor, Detroit, Michigan, including but not limited to:**
> **• Incident/accident reports, internal emails, memos, and correspondence;**
> **• Security logs, visitor logs, and any CCTV video (all angles) covering corridors, elevators, stairwells, and the specific area of the incident;**
> **• Maintenance/work orders, inspection logs, cleaning schedules, and hazard reports for the area within 90 days before and after Nov. 4, 2019;**
> **• Communications with 911, EMS, Detroit Police, building management, insurers, and risk management;**
> **• Any notice-of-claim files or communications with third parties regarding the incident.**

Your request is denied pursuant to MCL 15.235(5)(b). After a diligent search for the requested records, we determined and now certify the records described in your request do not exist.

Please note that if the records you request are contained within other departments within Wayne County, you will receive a separate response from each department.

You have the right to do either of the following with regard to the denial of your request:

(1) Submit a written appeal to the County Executive, which specifically states the word "appeal" and states the reason or reasons the denial should be reversed.

**DEPARTMENT OF CORPORATION COUNSEL**

OR

(2) Commence an action in the circuit court to compel disclosure. Should you prevail, you will be entitled to have reasonable attorneys' fees, costs and disbursements assessed against the County by the court. If you or the County prevails in part, the court may, in its discretion, award you all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. If the court determines that the County has been arbitrary and capricious in its denial, you will also be entitled to punitive damages in the amount of $1,000.00.

Sincerely,

*Kathryn Levasseur-Cousin*

________________________

FOIA Officer
Department of Corporation Counsel

cc FOIA Coordinator

* The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

# Exhibit 4

*Raphael Washington*
*Wayne County Sheriff*

November 4, 2025

Anita Belle
18437 Pennington Dr
Detroit, MI 48221
info@reparationsworld.com

***Re:*** ***FOIA Request*** *of October 22, 2025, seeking records regarding visitor fall, and/or emergency on November 4, 2019, 400 Monroe St, 5th Floor (Wayne County Tax Assessor's Office)*[1]

Dear Ms. Belle:

The Wayne County Sheriff's Office received the following request by email on October 30, 2025.

**Your request seeks:**

> *Michigan FOIA Request – Internal Incident Records re November 4, 2019, fall at 400 Monroe St., 5th floor (Wayne County Tax Assessor's Office) Records Requested: Please produce all records concerning a visitor fall and/or medical emergency on November 4, 2019, at 400 Monroe St., 5th floor, Detroit, Michigan, including but not limited to:*

---

[1] The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

- *Incident/accident reports, internal emails, memos, and correspondence,*
- *Security logs, visitor logs, and any CCTV video (all angles) covering corridors, elevators, stairwells, and the specific area of the incident,*
- *Maintenance/work orders, inspection logs, cleaning schedules and hazard reports for the area within 90 days before and after Nov. 4, 2019,*
- *Communications with 911 EMS, Detroit Police, building management, insurers, and risk management,*
- *Any notice-of-claim files or communications with third parties regarding the incident.*

Your request is denied pursuant to MCL 15.235(5)(b). After a diligent search, we have determined and now certify the records described in your request do not exist within the Wayne County Sheriff's Office.

This response is from the Wayne County Sheriff's Office only. If the records you seek are in multiple County departments, you will receive a separate response from each department.

To further your request, reaching out to the Wayne County Prosecutor's Office, Jail Medical Department, and City of Hamtramck Police Department is recommended.

You have the right to do either of the following regarding the denial of your request:

(1) Submit a written appeal to the County Executive, which specifically states the word "appeal" and states the reason or reasons the denial should be reversed.

OR

(2) Commence an action in the circuit court to compel disclosure. Should you prevail, you will be entitled to have reasonable attorneys' fees, costs and disbursements assessed against the County by the court. If you or the County prevails in part, the

[1] The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

court may, in its discretion, award you all or an appropriate portion of reasonable attorneys' fees, costs and disbursements. If the court determines that the County has been arbitrary and capricious in its denial, you will also be entitled to punitive damages in the amount of $1,000.00.

Best Regards,

*Cynthia D. Golson*

Cynthia D. Golson
Department Manager/FOIA Officer
Wayne County Sheriff's Office
cgolson@waynecountymi.gov
www.sheriffconnect.com

Denial approved:

*Kathryn Levasseur-Cousin*

Kathryn Levasseur-Cousin
Office of Corporation Counsel
Date: 11/4/25

CDG/KLC

cc: FOIA Coordinator
File_ 25-989-304

[1] The legally required posting of the "Wayne County Freedom of Information Act Procedures & Guidelines," as well as the "Wayne County Summary of FOIA Procedures & Guidelines," are available for viewing under the "Public Records" section of the County's website at the following web address: http://waynecounty.com/county/foia.htm

# Exhibit 5

**AFFIDAVIT OF CYNTHIA GOLSON**

STATE OF MICHIGAN )
) ss.
COUNTY OF WAYNE )

Cynthia Golson, being first duly sworn, deposes and states as follows:

1. I work for Wayne County in the Wayne County Sheriff's Office. My current role is FOIA Officer. I have personal knowledge of the matters discussed here, and if called to testify, could competently do so.

2. I have worked for Wayne County Sheriff's Office for 16 **years**

3. I conducted a search of Wayne County Sheriff's records and did not locate any responsive records concerning a 2019 incident.

Dated: May 19, 2026 Cynthia D. Golson

Subscribed and sworn to before me

this 19th day of May, 2026

Regenia L. Stokes

Notary Public

Oakland County, Michigan

My Commission Expires: 1-15-2029

Acting in Wayne County, Michigan

REGENIA LYNN STOKES
NOTARY PUBLIC – STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires January 15, 2029
Acting in the County of Wayne

# Exhibit 6

# AFFIDAVIT OF JEAN-VIERRE ADAMS

STATE OF MICHIGAN )
) ss.
COUNTY OF WAYNE )

Jean-Vierre Adams, being first duly sworn, deposes and states as follows:

1. I work for Wayne County in the Wayne County Treasurer's Office. My current role is Chief Deputy Treasurer. I have personal knowledge of the matters discussed here, and if called to testify, could competently do so.

2. I have worked for Wayne Treasurer's Office for 8 years.

3. I conducted a search of Wayne County Treasurer's records and did not locate any responsive records concerning a 2019 incident involving Hugh Belle.

4. I have personal knowledge that video camera footage is not maintained beyond a 12-month timeframe.

Dated: May 19, 2026 ______________________

Subscribed and sworn to before me

this 22nd day of May, 2026

______________________

Notary Public

Wayne County, Michigan

My Commission Expires: June 06, 2030

Acting in Wayne County, Michigan

SAMANTHA STEWART
NOTARY PUBLIC, STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires 06-Jun-2030
Acting in the County of Wayne

# Exhibit 7

# AFFIDAVIT OF KATHRYN LEVASSEUR-COUSIN

STATE OF MICHIGAN )
) ss.
COUNTY OF WAYNE )

Kathryn Levasseur-Cousin, being first duly sworn, deposes and states as follows:

1. I work for Wayne County in the Department of Corporation Counsel (the "Department"). My current title is Assistant Corporation Counsel and I presently serve as the FOIA Officer for the Department. I have personal knowledge of the matters discussed here, and if called to testify, could competently do so.

2. I have worked for Wayne County for 1.5 years and I have worked as a FOIA attorney for nine years.

3. In my role as Assistant Corporation Counsel, my general duties include advising departments and offices in their handling of FOIA issues as well as responding to FOIA requests concerning the Department's records.

4. I completed a search within my department, and I did not locate any records concerning an incident at the Wayne County Treasurer's Office involving Hugh Belle in 2019.

Dated: May ~~19~~ 26, 2026 ______________________________

Subscribed and sworn to before me

this ___ day of _______________, 2026

______________________________

Notary Public

_____________ County, Michigan

My Commission Expires:__________

Acting in _________ County, Michigan

SARAH K. COLEMAN
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Jan 19, 2032
ACTING IN COUNTY OF Wayne

# Exhibit K

User: LIGGINST334 **DETROIT EMS** 11/24/2025 07:08:16

# Event Report

Event ID: **2019 308 01928** Call Ref #: 665 Date/Time Received: 11/04/2019 12:43:05

Rept #: 19-1104-0178 Call Source : W911 Prime Unit : M54H *HART

Service Involved: **EMS**

Location: **400 MONROE ST** 5TH FLR

X-ST: *BRUSH ST* / *BEAUBIEN ST*

Jur: CAD Service: EMS Agency: DEMS

St/Beat: M52 District: 3 RA:

Business: 400 MONROE & ASSOCIATES Phone:

Nature: **NON RECENT FALL** Alarm Lvl: 1 Priority: 3 Medical Priority: 17A02

Caller: PO GRAY Alarm: Call Taker: MCADORYT126

Addr: [redacted] Phone: [redacted] Alarm Type: Console: CT17D

Vehicle: St: Report Only: No Race: Sex: Age:

Geo-Verified Addr: Yes Nature Summary Code: Disposition: 21 Close Comments:

Notes: F CLR SEZ M FELL ...HIT HIS HEAD AND KNEE [11/04/19 12:44:02 MCADORYT126]<br/>[PROQA] 93-year-old, Male, Conscious, Breathing. Falls Caller Statement: FALL. [11/04/19 12:44:22 MCADORYT126] br/ [PROQA] Code: 17-A-2: NOT DANGEROUS body area 1. This happened now (less than 6hrs ago). 2. It's reported that he fell at ground level. 3. The reason for the fall is not known. 4. There is no bleeding now. 5. No special concerns have been reported. 6. He is completely alert (responding appropriately). 7. The injury is to a NOT DANGEROUS area. 8. He is no longer on the floor/ground. [11/04/19 12:45:35 MCADORYT126] br/ GREENLIGHT ...NOTIFED PO NEWELL [11/04/19 12:47:20 MCADORYT126] br/ T/T SOLTMAN OF RTCC NOTFYD [11/04/19 12:48:15 NEWELLL468]<br/>{M54H} DLYD AT MONROE/ RANDOLPH, FLAGGED DOWN BY MALE WITH CHEST PAIN [11/04/19 13:07:22 GAUTD670] br/ [M54H-TRANSPORT] {M54H} 3 [11/04/19 13:26:27 GILMORED313]<br/>UDTS: {M54H} TRANSPORT CODE 3 [11/04/19 13:26:39 GILMORED313]<br/>UDTS: {M54H} DELAYED MED DOCUMENTATION [11/04/19 14:11:20 COOPERP070] br/ UDTS: {M54H} DELAYED MED DOCUMENTATION [11/04/19 14:11:20 GILMORED313]<br/>

## Times

| | | Time From Call Received | | | |
|---|---|---|---|---|---|
| Call Received: | 11/04/2019 12:43:05 | | | | |
| Call Routed: | 11/04/2019 12:45:35 | 000:02:30 | Unit Reaction: | 000:25:09 | *(1st Dispatch to 1st Arrive)* |
| Call Take Finished: | 11/04/2019 12:45:35 | 000:02:30 | En-Route: | 000:00:48 | *(1st Dispatch to 1st En Route)* |
| 1st Dispatch: | 11/04/2019 12:45:47 | 000:02:42 *(Time Held):* | On-Scene: | 001:12:18 | *(1st Arrive to Last Clear)* |
| 1st En-Route: | 11/04/2019 12:46:35 | 000:03:30 | | | |
| 1st Arrive: | 11/04/2019 13:10:56 | 000:27:51 *(Reaction Time):* | | | |
| Last Clear: | 11/04/2019 14:23:14 | 001:40:09 | | | |

## Radio Log

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| M06B | | D | Dispatched | 11/04/2019 12:45:47 | Stat/Beat: SQ02 | | COOPERP070 |
| M06B | | DXY | DispatchXY | 11/04/2019 12:45:47 | 13475571.00.311873.75 | | COOPERP070 |
| M06B | | E | En-Route | 11/04/2019 12:46:35 | | | COOPERP070 |
| M54H | -9999 | D | Dispatched | 11/04/2019 12:47:16 | Stat/Beat: MQ54 | | GAUTD670 |
| M06B | | X | Canceled | 11/04/2019 12:47:16 | Cancelled by Exchange Command | | GAUTD670 |
| M54H | -9999 | E | En-Route | 11/04/2019 12:48:37 | | | COOPERP070 |
| M54H | -9999 | A | Arrived | 11/04/2019 13:10:56 | | | COOKM123 |
| M54H | -9999 | T | Transport | 11/04/2019 13:26:27 | To: [redacted] 3 | | GILMORED313 |
| M54H | -9999 | TRN3 | {M54H} TRANSPORT CODE 3 | 11/04/2019 13:26:39 | | | GILMORED313 |
| M54H | -9999 | H | At Hospital | 11/04/2019 13:46:42 | | | COOKM123 |
| M54H | -9999 | DOCU | {M54H} DELAYED MED DOCUME | 11/04/2019 14:11:20 | | | GILMORED313 |
| M54H | -9999 | DOCU | {M54H} DELAYED MED DOCUME | 11/04/2019 14:11:20 | | | COOPERP070 |
| M54H | -9999 | C | Cleared | 11/04/2019 14:23:14 | [21] | 21 | GILMORED313 |

## Event Log

| Unit | Empl ID | Type | Description | Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| | | TR | Time Received | 11/04/2019 12:43:05 | By: E911 | | MCADORYT126 |
| | | ENT | Entered Street | 11/04/2019 12:43:05 | 65 CADILLAC SQUARE - N SECTOR | | MCADORYT126 |
| | | DLS | Duplicate List | 11/04/2019 12:43:10 | Potential Duplicate Events Listed (2 | | MCADORYT126 |
| | | CHG | Changed Street | 11/04/2019 12:43:14 | 54 CADILLAC SQ -- 400 MONROE ST | | MCADORYT126 |
| | | CHG | Changed AddSt | 11/04/2019 12:43:20 | DIST: .31 FT -- 5TH FLR | | MCADORYT126 |
| | | CHG | Changed CallerName CallIn | 11/04/2019 12:43:43 | SPRINT -- PO GRAY | | MCADORYT126 |
| | | ENT | Entered Remarks | 11/04/2019 12:44:02 | | | MCADORYT126 |
| | | MPS | Med. Pri. Started | 11/04/2019 12:44:04 | Case Started | | MCADORYT126 |
| | | ENT | Entered Nature | 11/04/2019 12:44:04 | LAUNCH PROQA | | MCADORYT126 |
| | | ARM | Added Remarks | 11/04/2019 12:44:22 | | | MCADORYT126 |
| | | ENT | Entered CallerName CallIn | 11/04/2019 12:44:22 | PO GRAY | | MCADORYT126 |
| | | MPF | Med. Pri. CE Finished | 11/04/2019 12:44:22 | Case Entry Finished | | MCADORYT126 |
| | | CHG | Changed Nature Code | 11/04/2019 12:45:35 | MED-- 17A02 | | MCADORYT126 |
| | | FIN | Finished Call Taking | 11/04/2019 12:45:35 | | | MCADORYT126 |
| | | ARM | Added Remarks | 11/04/2019 12:45:35 | | | MCADORYT126 |
| | | MPD | Med. Pri. Dispatch | 11/04/2019 12:45:35 | Case Dispatched | | MCADORYT126 |
| | | PAGE | Auto Premise Range Page | 11/04/2019 12:45:36 | Paged 3RDPCTGL | | PAGESRV |
| | | RPT | Requested Report# | 11/04/2019 12:45:47 | DEMS Report #19-1104-0178 | | COOPERP070 |
| | | MPC | Med. Pri. Complete | 11/04/2019 12:46:50 | Case Completed | | MCADORYT126 |
| | | VPRM | Viewed Premise | 11/04/2019 12:46:55 | Location Information | | MCADORYT126 |
| | | ARM | Added Remarks | 11/04/2019 12:47:20 | | | MCADORYT126 |
| | | ARM | Added Remarks | 11/04/2019 12:48:15 | | | NEWELLL468 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 12:57:42 | Units: M54H 8Min. | | COOKM123 |
| | | ARM | Added Remarks | 11/04/2019 13:07:22 | | | GAUTD670 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 13:07:55 | Units: M54H 8Min. | | GAUTD670 |
| | | ARM | Added Remarks | 11/04/2019 13:26:27 | | | GILMORED313 |
| | | ARM | Added Remarks | 11/04/2019 13:26:39 | | | GILMORED313 |
| | | ARM | Added Remarks | 11/04/2019 14:11:20 | | | GILMORED313 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 14:11:20 | Units: M54H 30Min. | | GILMORED313 |
| | | ARM | Added Remarks | 11/04/2019 14:11:20 | | | COOPERP070 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 14:11:20 | Units: M54H 30Min. | | COOPERP070 |
| | | RSW | Reset Watchdog Timer | 11/04/2019 14:11:28 | Units: M54H 20Min. | | COOPERP070 |

## Related Names

| Last, First MI Suffix | Type | Race | Sex | HT | WT | Eyes | DOB | Age | Home Ph | Mobile Ph | Work Ph |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PO, GRAY | CALLER | | | | 0 | | | | [redacted] | | |

Address: [redacted] DETROIT MI 48226

# Exhibit L

Patient Name: BELLE, HUGH
FIN: [redacted]

Admit Date: 11/4/2019

*Ed Documents*

| | |
|---|---|
| DOCUMENT NAME: | Emergency Treatment Note |
| SERVICE DATE/TIME: | 11/4/2019 13:37 EST |
| RESULT STATUS: | Auth (Verified) |
| PERFORM INFO ORMATION: | ROUSSEAU MD-Resident.JENNA (11/4/2019 14:48 EST) |
| SIGN INFORMATION: | MESSMAN MD,ANNE M (11/4/2019 17:26 EST); ROUSSEAU MD-Resident.JENNA (11/4/2019 17:19 EST) |
| AUTHENTICATED BY: | MESSMAN MD,ANNE M (11/4/2019 17:26 EST); ROUSSEAU MD-Resident.JENNA (11/4/2019 17:19 EST); ROUSSEAU MD-Resident.JENNA (11/4/2019 14:53 EST) |

**DMC Emergency Department Visit**
**"If completed by a medical trainee this document will be reviewed and amended by a supervisor. *** This document should not be used for physician billing if completed by a MLP unless employed by/or under a shared services agreement with that physician" * ***

**Patient: BELLE, HUGH** **MRN:** [redacted] **FIN:** [redacted]
**Age: 93 years Sex: Male** **DOB:** [redacted]
**Associated Diagnoses: None**
**Author: ROUSSEAU MD-Resident, JENNA**

EMERGENCY DEPARTMENT TREATMENT NOTE

THE EVALUATION, MANAGEMENT SERVICES AND PROCEDURES, AS WELL AS THE KEY COMPONENTS OF THE PATIENT'S CARE DESCRIBED HEREIN WERE PERFORMED IN THE PRESENCE OF: Dr. Messman

CHIEF COMPLAINT(S): "My right leg hurts"

HISTORY OF PRESENT ILLNESS: Patient is a 93-year-old male with history of hypertension, osteoarthritis of the right knee, prostate cancer in remission who presents after a fall at the assessors office. Patient states he walks to the window to be seen, turned to get papers out of his pocket, and the next thing he knew he had hit his head and was on the ground. He did not lose consciousness. He denies any prodromal symptoms such as lightheadedness, dizziness, nausea, diaphoresis. Patient states his right leg has been messed up since he was 2 years old, and he felt like it gave out on him. He hit his head against the wall. He is just complaining of pain in his right leg from his hip down to his right big toe. He was not able to ambulate after falling secondary to pain. He denies taking any blood thinners, including aspirin or Plavix. He denies any chest pain, shortness of breath, blurry vision, weakness or numbness. Patient usually goes to the VA for all of his care, but the ambulance said they could not take him there.

REVIEW OF SYSTEMS:
Constitutional symptoms: Denies fevers
Eyes: Denies blurry vision
Ears, Nose, Mouth, Throat: Denies sore throat
Cardiovascular: Denies chest pain
Respiratory: Denies shortness of breath
Gastrointestinal: Denies abdominal pain
Genitourinary: Denies blood in urine
Musculoskeletal: Denies swelling
Skin: Denies rash
Hematologic/Lymphatic: Denies easy bruising
Neurologic: Denies numbness

Patient Name: BELLE, HUGH
FIN: [redacted]

Admit Date: 11/4/2019

## *Ed Documents*

PAST MEDICAL HISTORY: Hypertension, osteoarthritis, prostate cancer
SURGICAL HISTORY: Multiple right leg surgeries
MEDICATIONS: Patient cannot provide a medication list, but states he occasionally takes Tylenol
ALLERGIES: None
SOCIAL HISTORY: Occasional beer

EXAMINATION OF ORGAN SYSTEMS/BODY AREAS:
Constitutional: Very pleasant talkative older man lying comfortably on the stretcher
Vital signs were: blood pressure 136/90, heart rate 90, respiratory rate 16, temperature 36.8, saturating 99% on room air
Psychiatric: Cooperative, appropriate mood and affect
Eyes: Pupils equal and reactive, no scleral icterus
ENMT Dentition intact, good oral hygiene
Cardiovascular: Regular rate and rhythm, S1 S2 auscultated, no peripheral edema, 2+ distal pulses in all extremities
Respiratory: Lungs are clear bilaterally
Gastrointestinal: Abdomen soft, non-tender, non-distended
Musculoskeletal: Right leg externally rotated, passive range of motion at the knee and hip of right leg limited by pain, no tenderness to palpation of any bony processes of the entire right lower extremity, no CT or L-spine tenderness
Skin: 3 cm area of swelling on the right anterior forehead with a horizontal 1.5 cm linear red abrasion
Neurological: Patient ANO x4, cranial nerves intact, 5/5 strength in bilateral upper extremities, 4/5 strength in bilateral lower extremities secondary to pain, finger-to-nose test normal, heel-to-shin normal in the left
Hematologic / Lymphatic /Immunologic: No bruising, or conjunctival pallor

MEDICAL DECISION MAKING AND COURSE IN THE ED WITH INTERPRETATION/REVIEW OF DIAGNOSTIC STUDIES: Mr. Bell is a 93-year-old man with history of right knee osteoarthritis who is presenting after a fall and hitting his head he is complaining of right lower extremity pain. I am concerned for right hip fracture, but I think this is unlikely given patient's fairly normal exam. I am also concerned for intracranial hemorrhage, as patient has obvious external trauma.

Patient was given 1 g of Tylenol for pain.

X-ray of the right hip was read as: Right femoral basicervical fracture.

Patient was refusing CT of the head and C-spine, as he was in significant pain when they were attempting to lie him flat.

Trauma and orthopedic surgery were consulted.

An IV was started and blood was drawn for labs. Patient given 15 mg of IV Toradol for additional pain relief

DISPOSITION: Patient will be admitted to the trauma surgery service under Dr. Tarras and will likely undergo right hip arthroplasty sometime this evening.

FINAL IMPRESSIONISYDIAGNOSES
1. Acute right femoral fracture
2. Acute forehead contusion

Jenna Rousseau MD, PGY-1 Emergency Medicine

*Ed Documents*

| | |
|---|---|
| DOCUMENT NAME: | Emergency Teaching Physician |
| SERVICE DATE/TIME: | 11/4/2019 17:19 EST |
| RESULT STATUS: | Auth (Verified) |
| PERFORM INFORMATION: | MESSMAN MD,ANNE M (11/4/2019 17:19 EST) |
| SIGN INFORMATION: | MESSMAN MD,ANNE M (11/4/2019 17:19 EST) |
| AUTHENTICATED BY: | MESSMAN MD,ANNE M (11/4/2019 17:19 EST) |

**DMC Emergency Department Visit**
**"If completed by a medical trainee this document will be reviewed and amended by a supervisor. *** This document should not be used for physician billing if completed by a MLP unless employed by/or under a shared services agreement with that physician" ****

**Patient: BELLE, HUGH** **MRN:** [redacted] **FIN:** [redacted]
**Age: 93 years Sex: Male** **DOB:** [redacted]
**Associated Diagnoses: None**
**Author: MESSMAN MD, ANNE M**

TEACHING PHYSICIAN ADDENDUM

EVALUATION AND MANAGEMENT SERVICES:
I have personally seen, evaluated, and participated in the services rendered to this patient. I would add the following statement to the history, physical exam, and medical decision making documented by the resident:

This patient is seen with: Dr. Rousseau

This patient presented to the emergency department in the care of his wife and daughter after he fell while at the tax assessor's office. The patient has problems with his right leg and his right leg gave out on him, causing him to fall down and strike his head. Did obtain imaging and found that the patient has an acute right hip fracture. We did consult trauma surgery as well as orthopedics and the patient will likely require operative repair He will be admitted to trauma surgery for further management. I did review the patient's prior medical record but he has no prior visits in our system.

I participated in determining the final impression(s), treatment and disposition documented by the resident.

PROCEDURE(S):

I was personally present for, observed, and participated in the decision making of the following procedure(s): None

INTERPRETATION(S):

I personally interpreted the EKG(s) and/or diagnostic radiograph(s) documented by the resident and add the following: Chest x-ray, right hip x-ray, CT head, CT cervical spine, pulse oximetry is within normal limits

MESSMAN, M.D., ANNE.

Patient Name: BELLE, HUGH
FIN: [redacted]

Admit Date: 11/4/2019

*Surgical Documents*

OPERATI VE REPORT

PATI ENT: BELLE, HUGH

PTID #: [redacted]

*LOCATION: 4L*

ACCT #: [redacted]

ROOM/ BED: 4L02/B

DOB: [redacted]

DATE OF SURGERY: 11/05/2019

SURGEON: Kerellos A Nasr, MD

ASSISTANT: Emily J Ren, MD

OTHER ASSISTANT: Nathaniel Thomas, DO-Res: sidnet, PGY-4.

PREOPI ERATI VE DI AGNOSIS: Right femoral neck fracture.

POSTOPERATI VE DI AGNOS ES: Right femoral neck fracture, dis placed, comminuted.

PROCEDURE: Open treatment of femoral neck fracture with Right hip hemiarthroplasty. 27236

For hardware, we used a Stryker bi polar a hemi hip system. The femoral component was 127 degree cemented hip stem. The bi polar component was a 53 mm outer shell and a 28 mm inner shell. The universal distal cement S] pacer was 12 mm and then the femoral head was 28 mm inside dimens sion with a +8 mm offset from the neck.

ANESTHESIA: Done under general in the lateral position.

ESTI MATED BLOOD LOSS: 500 mL.

COMP LI CATIONS: None.

START TI ME: 1313 hours.

STOP TIME: 1604 hours.

URI NE OUTPUT: 575 mL.

LITERS: 1500 mL of normal saline.

I NDI CATIONS FOR PROCEDURE: Mr. Belle is a 93-year-old male who is very active at baseline. He reported his leg gave wa y and he fell onto his right side. He could not a mbulate after his ground level fall. He has never fallen before and he denies any tha t he hit his head. He has pain in the groin area and is una ble to bear weight. X-rays were obtained and demonst trated a femoral neck fracture, which was fully displaced and required surgery due to incomplete blood supply to the femoral head after the fall.

*Surgical Documents*

PROCEDURE IN DETAIL: The patient was met in the preoperative area at that time. All risks and benefits and potential complications were discussed at length with the patient. The patient gave written consent for the procedure. The pa tient' s operative extremity was marked. After this, the patient was taken to the operating suite where he was given anesthesia. Once asleep, he was positioned appropriately in lateral decubitus position. All bony prominences are being padded. He was prepped and draped using sterile fashion. After this, a time-out was performed. After timeout, all relevant anatomy was marked using the marker. A skin incision was marked out. 5 cm proximal to the greater trochanter of the right hip and then 5 cm distal to the tip of the grea ter trochanter of the right hip. The skin was then incised down to the subcutaneous layer. Bovie was then used to further incise down to the tensor fascia lata. The tensor fascia lata was then split and then cut using Metz lengthwise. This exposed the bursal tissue as well as the gluteal muscles. A Charnley retractor was then placed. After this, the anatomy was palpated and an a bductor pillow was then performed cutting down and making the arthrotomy onto the neck and down on to the lateral as pect of the great ter trochanter. The leg was externally rotated as the capsule and abductors were peeled off. Stay sutures were placed into the medius and minimus as well as the caps ule. Once the peel had been performed and the femoral neck fracture was identified. The next step was to meas ure out our femoral neck cut. A saw was used to cut 1 cm proximal to the lesser trochanter. After this, attention was then directed to the acetal bulum where the femoral head was still impacted using a shoe horn as well as a corkscrew. The soft tiss ue attachments were stripped off of the femoral head and this was eventually removed. This was then sent for pathology since the patient had a history of prostate cancer. A box osteotome was then used to start the broaching sequence on the femur. A canal finder was then passed into the femur. Starting in succession, broaches were then placed into the femur. I will wait until 6. At 6, we trialled the hip with a size 53 bi polar trial and component. This was found to be stable. All components were then removed and the hip was irrigated. After irrigation, the hip was prepared for cementing. Due to the patient's age and quality of bone, the canal was then scrubbed and dried. A 12 mm universal distal cement spacer was then placed into the canal. After this, cement was injected down to the S pacer. A size 6 cemented hip stem was then placed into the cement and this was held with the proper 5 degrees of anteversion and held against t the lateral cortex to ens ure we were not in varus. Once this was completely dried, another trialing was performed. At this time, it was found that a 53 mm bi polar component head with a 28 mm inside head was stable in the hip with the addition of a #6 size neck. The final component was 127 degree cemented hip stem, size #6, and then there was a #8-mm offset neck that was placed. A 2.0 drill was then used to burr tunnels after the leg was thoroughly irrigated. These were used with a Hewson suture passer to repair the capsi ule and then the abductors. There was a small defect in the IT band and this was likely due to sharp dissection. This was able to be repaired using Ethil bond suture. The abductors were further strengthened using a running suture technique with Ethibond and then the patient's IT band and tensor fascia lata was repaired using Ethi bond. Next 2-0 Vicryl was used to close the subcutaneous layers and then staples were used to close the skin on top. A Prevena wound VAC was then placed over the incision site. The patient was then transferred to the recovery room where he was a wa kened.

All sponge, sharp and instrument counts were correct. Dr. Nasr was present for all key portions of the procedure.

DISPOSITION: The pa tient will be weight bearing as tolerated the right lower extremi ty. He is to a void active a bduction. He will receive postoperative antibiotics for 24 hours.

He will also receive postoperative x-rays. He will be given recommenda tions for Lovenox 40 daily for DVT prophylaxis for at least 4 weeks. He will be seen on a daily basis for dressing changes. His femoral head was sent to pathology and this will be followed for report. Postoperative x-rays were obtained in the PACU and these were visualized and found to be stable. He was then admitted to the hos pital in stable condition. His daughter was informed of the surgery and all questions were answered.

If the report has been electronically signed, see completed action list below.

Kerellos A Nasr, MD
Signature/Date

D: 11/05/2019 17:40:27
T: 11/06/2019 04:00:34
JOB #126109/DID #4006658
Edited By:

Dictated By: Na thaniel Thomas, DO- Res i dent
I Kerellos Nasr MD, personally saw, examined, and operated on this patient on 11/5/19; I was present for all key portions of the procedure.

---

| | |
|---|---|
| DOCUMENT NAME: | Post Op Note |
| SERVICE DATE/TIME: | 11/5/2019 16:28 EST |
| RESULT STATUS: | Auth (Verified) |
| PERFORM INFORMATION: | THOMAS DO-ResidentNATHANIEL (11/5/2019 16:38 EST) |
| SIGN INFORMATION: | NASR MD,KERELLO DS A (11/18/2019 10:14 EST); THOMAS DO-ResidentNATHANIEL (11/5/2019 16:38 EST) |
| AUTHENTICATED BY: | [NASR MD,KERELLOS A; NASR MD,KERELLOS A (11/18/2019 10:14 EST)] |

**DMC Immediate Post Operative Note**

**"If completed by a medical trainee this document will be reviewed and amended by a supervisor. ** * This document should not be used for physician billing if completed by a MLP unless employed by/or under a shared services agreement with that physician" * ***

**Patient: BELLE, HUGH MRN: [redacted] FIN: [redacted]**
**Age: 93 years Sex: Male DOB: [redacted]**
**Associated Diagnoses: Closed basicervical fracture of neck of right femur; Closed basicervical fracture of neck of right femur**
**Author: THOMAS DO-Resident, NATHANIEL**

# Exhibit M

State of Michigan
36th District Court
421 Madison
Suite 528
Detroit, Michigan 48226-2358

William C. McConico
Chief Judge

(313) 965-8736
FAX: (313) 965-3951
William.McConico@36thDC.org

**LOCAL ADMINISTRATIVE ORDER 2021-07**

**STATE OF MICHIGAN**
**THIRTY-SIXTH DISTRICT COURT**

**SUBJECT: CASE ASSIGNMENTS**

This Local Administrative Order rescinds and replaces Local Administrative Order 2018-04.

This Local Administrative Order, issued in accordance with Michigan Court Rules 8.110 and 8.111, sets forth the method to be used for assigning cases within the 36th District Court.

**IT IS SO ORDERED:**

1. All cases in which a 36th District Court Judge is a party shall be assigned to the Chief Judge for reassignment by the State Court Administrative Office.

**CIVIL DIVISION**

**GENERAL CIVIL**

1. General Civil (GC) and Miscellaneous Civil (GZ) cases shall be assigned sequentially at case initiation to the judges assigned to the Civil Division.

2. If one of two or more actions arising out of the same transaction or occurrence has been assigned to a judge, the other action or actions must be assigned to that judge.

3. If an action arises out of the same transaction or occurrence as a civil action previously dismissed or transferred, the action must be assigned to the judge to whom the earlier action was assigned.

4. General Civil (GC) cases involving Property Tax or Income Tax with the City of Detroit as the Plaintiff shall be assigned to judge(s) assigned to hear this docket.

**LANDLORD-TENANT**

1. Landlord-Tenant (LT) and Land Contract Summary Proceedings (SP) cases shall be assigned sequentially at case initiation to the judges assigned to the Landlord-Tenant Division.

2. If two or more actions are filed during a single transaction, the first case will be assigned sequentially at case initiation and the other actions must be assigned manually to that same judge.

3. For the purpose of administrative efficiency, Landlord-Tenant (LT) filings are not to exceed fifty (50) filings by the same law firm during a single transaction. If the same law firm has additional Landlord-Tenant (LT) filings that exceed (50) filings, the law firm may file the additional Landlord-Tenant filings in a new single transaction on the same day, and may continue to do so throughout the day, but as a new transaction.

**SMALL CLAIMS**

1. Small Claims (SC) cases shall be assigned to the magistrate assigned to the small claims docket at case initiation and are subject to mediation prior to the proceeding.

2. Cases that cannot be resolved through mediation shall proceed directly to the magistrate's docket on the same day.

3. All Demand and Orders for Removal from Small Claims shall be assigned sequentially to the judges assigned to the Civil Division.

4. Small Claims appeals from the magistrate shall be assigned to the judge(s) assigned to hear this docket.

**TRAFFIC/CRIMINAL DIVISION**

**FELONY**

The following sets forth the method used for assignment of Extradition/Detainer (EX), Felony Criminal (FY), Felony Traffic (FT), and Felony Drunk (FD) cases.

1. Felony cases excluding Pre-Exam, Homicide, Domestic Violence, Child Abuse, Elder Abuse, Human Trafficking, and Criminal Sexual Conduct cases (as designated by the Prosecutor's Office) will be assigned sequentially at case initiation to the judges assigned to the Criminal Division.

2. The same judge must preside over all pending felony cases of a defendant. A pending case is one in which the judge has not signed an order binding the defendant over to the Circuit Court.

3. The same judge shall be assigned a new case when the defendant has an outstanding bench warrant from a preliminary examination.

4. The same judge shall be assigned all pending cases when there are multiple defendants.

5. A reissued warrant on a previously dismissed case shall be manually assigned to the judge who dismissed the earlier case.

6. The Felony Non-Support cases (MCL 750.161 and 750.165), will be assigned at case initiation to judges in the Criminal Division assigned to hear each of these dockets.

7. Pre-Exam, Homicide, Domestic Violence, Child Abuse, Elder Abuse, Human Trafficking, and Criminal Sexual Conduct cases will be assigned at case initiation to the judge(s) assigned in the Criminal Division assigned to hear these cases.

**MISDEMEANOR**

1. Ordinance Misdemeanor Drunk Driving (OD), Ordinance Misdemeanor Criminal (OM), Ordinance Misdemeanor Traffic (OT) and Statute Misdemeanor Traffic (ST) cases shall be assigned at case initiation to the judges assigned to the Traffic/Criminal Division based on the defendant's last name, excluding those cases designated in 2, 3 ,4, and 5.

2. For the purpose of administrative efficiency, all Statute Misdemeanor Drunk Driving (SD) shall be assigned at case initiation to judges assigned to the Traffic/Criminal Division to hear this docket.

3. For the purpose of administrative efficiency, all (SM) cases shall be assigned at case initiation to judges assigned to the Traffic/Criminal Division to hear this docket, excluding the cases designated in 4.

4. For the purpose of administrative efficiency, all (SM) domestic violence cases shall be assigned at case initiation to the judge in the Traffic/Criminal Division assigned to hear this docket.

5. For the purpose of administrative efficiency, all violations issued by the Southwest Detroit Police Department precinct, shall be assigned at case initiation to the judge assigned to the Traffic/Criminal Division assigned to Community Court.

**CIVIL INFRACTION – TRAFFIC, NON-TRAFFIC and PARKING**

1. For contested Ordinance Civil Infraction Traffic (OI), Statute Civil Infraction Traffic (SI), Ordinance Civil Infraction Non-Traffic (ON), Statute Civil Infraction Non-Traffic (SN), Statute Parking (SK) and Ordinance Parking (OK) violations, (excluding Parking Violation Bureau violations), issued by law enforcement agencies that are not participating in Online Plea Hearings or the Pre-Hearing Conference Docket shall be assigned to the magistrate designated to hear informal hearings.

2. For contested Ordinance Civil Infraction Traffic (OI), Statute Civil Infraction Traffic (SI), Ordinance Civil Infraction Non-Traffic (ON), Statute Civil Infraction Non-Traffic (SN), Statute Parking (SK) and Ordinance Parking (OK) violations (excluding Parking Violation Bureau violations) issued by participating law enforcement agencies where the driver indicates a desire to participate in the Online Plea Program, the case shall be assigned to the magistrate assigned to hear that docket. For a driver that does not wish to participate in the Online Plea Program or for violations not disposed of at the Online Plea Hearing, the case shall be assigned to the magistrate designated to hear informal hearings.

3. For contested Ordinance Civil Infraction Traffic (OI), Statute Civil Infraction Traffic (SI), Ordinance Civil Infraction Non-Traffic (ON), Statute Civil Infraction Non-Traffic (SN), Statute Parking (SK) and Ordinance Parking (OK) violations (excluding Parking Violation Bureau violations) issued by participating Law Enforcement Agencies where the driver indicates a desire to participate in a pre-hearing conference, the case shall be placed on

the Pre-Hearing Conference Docket, but not assigned to a judge. For a driver that does not wish to participate in the pre-hearing conference or for violations not disposed of at the pre-hearing conference, the case shall be assigned to the magistrate designated to hear informal hearings.

4. All contested Violation Bureau Ordinance Parking (OK) violations shall be assigned to the magistrate assigned to hear that docket.

5. All requests for formal hearings on (OI, SI, ON, SN, OK, and SK) shall be assigned to judges assigned to the Traffic/Criminal Division to hear this docket.

6. All civil infraction appeals from the district court magistrate shall be assigned to the judges assigned to the Traffic/Criminal Division to hear this docket.

## DISQUALIFICATION, TRANSFER OR REASSIGNMENT OF CASES

If a judge is disqualified or for other good cause cannot undertake an assigned case, a written Order of Disqualification stating the reason shall be submitted to the Chief Judge for approval and internal reassignment sequentially among the judges in the respective division unless otherwise specified, or for assignment by the State Court Administrative Office, if all judges are disqualified.

**Effective Date:** Upon approval of the State Court Administrative Office.

Dated: 8-11-2021

William C. McConico
William C. McConico
Chief Judge

Date Approved by SCAO: 08-17-2021